UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAN BURGESS, et al.,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

Civil No. 4:17-cv-11218

Hon. Linda V. Parker
Mag. Judge R. Steven Whalen

**Defendant United States of America's Response to
Plaintiffs' Notice of Supplemental Authority**

Plaintiffs filed a Notice of Supplemental Authority for *Guertin v. State of Michigan*, 912 F.3d 907 (6th Cir. 2019) on February 15, 2019, for the United States' pending Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction under the Federal Tort Claims Act (FTCA). Pursuant to the Court's February 8, 2019 order, the United States provides its response to Plaintiffs' filing in the accompanying Memorandum in Support of its Response to Plaintiffs' Notice of Supplemental Authority.

Respectfully submitted,

        Joseph H. Hunt
        Assistant Attorney General, Civil Division

        Thomas G. Ward
        Deputy Assistant Attorney General, Torts Branch

        J. Patrick Glynn
        Director, Torts Branch

        Christina M. Falk
        Assistant Director, Torts Branch

        Michael L. Williams (DC Bar #471618)
        Eric A. Rey (DC Bar # 988615)
        Trial Attorneys, Torts Branch

        *s/ Michael L. Williams*
        MICHAEL L. WILLIAMS
        DC Bar #471618
        Trial Attorney, Torts Branch
        Environmental Tort Litigation
        175 N Street, N.E.
        Washington, DC 20002
        e-mail: michael.l.williams@usdoj.gov
        phone: 202-307-3839

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2019, the United States' Response to Plaintiffs' Notice of Supplemental Authority and accompanying Memorandum in Support were filed *via* the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon all counsel of record.

*s/ Michael L. Williams*
MICHAEL L. WILLIAMS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAN BURGESS, et al.,

       Plaintiffs,

v.

UNITED STATES OF AMERICA,

       Defendant.

Civil No. 4:17-cv-11218

Hon. Linda V. Parker
Mag. Judge R. Steven Whalen

**Defendant United States of America's Memorandum in Support of its Response to Plaintiffs' Notice of Supplemental Authority**

# INTRODUCTION

*Guertin v. State of Michigan,* 912 F.3d 907 (6th Cir. 2019) is a significant ruling for Section 1983 claims against three City of Flint and four Michigan Department of Environmental Quality (MDEQ) defendants who decided to switch Flint's public water source from the Detroit Water and Sewerage Department (DWSD) to the Flint River on April 25, 2014, and subsequently attempted to mislead the public about problems with the drinking water. But it is not significant for this case. EPA's decisions at issue in *Burgess v. United States* under the Federal Tort Claims Act (FTCA) about how to respond to the Flint Water Crisis are categorically different from the decisions of these seven Flint and MDEQ officials. More importantly, Plaintiffs' attempt to shoehorn *Guertin*'s Section 1983 analysis into prong two of the test for the FTCA's discretionary function exception invites the Court to disregard a body of controlling FTCA precedent on prong two analysis.

# ARGUMENT

**A. The decisions and legal standard in *Guertin* under Section 1983 are categorically different from those at issue in *Burgess* and the FTCA.**

Plaintiffs in *Guertin* were permitted to proceed with Section 1983 claims based on a plausible Fourteenth Amendment Due Process violation of their right to bodily integrity against three Flint and four MDEQ government officials who

allegedly made the decision to switch Flint's water source from the DWSD to the Flint River on April 25, 2014, and subsequently "attempted to cover-up their grievous decision by falsely assuring the public that the water was safe to drink." *Guertin*, 912 F.3d at 928.[1] In contrast, EPA indisputably was not involved in the ill-fated decision to switch the City of Flint's water source from the DWSD to the Flint River or falsely assure the public that the water was safe to drink. MDEQ implements a statewide program for public water systems because Michigan has primacy under the Safe Drinking Water Act (SDWA). MDEQ and Flint did not, and were not required to, notify EPA of the source water switch. *Ex. C*, 37:10-18. MDEQ officials misrepresented to EPA on February 27, 2015, that Flint had an optimized corrosion control program, *Ex. 1*, p.1, and did not inform EPA that Flint in fact was not practicing corrosion control treatment until April 24, 2015. *Ex. 2*, p.3; *Ex. 32*, p.3, ¶10. Accordingly, the decisions at issue in *Guertin* are inapposite

---

[1] Specifically, all three of the claims against the "Flint Defendants" (Earley, Ambrose, and Croft) were adequate because "(t)hese individuals were among the chief architects of Flint's decision to switch water sources and then use a plant they knew was not ready to safely process the water" and "made numerous statements to the public proclaiming that the water was safe to drink." *Guertin*, 912 F.3d at 926-27. Similarly, four of the five "MDEQ Defendants" (Busch, Shekter-Smith, Prysby, and Wurfel) allegedly played "a pivotal role in authorizing Flint to use its ill-prepared water treatment plant to distribute drinking water from a river they knew was rife with public-health-compromising complications" and "falsely assured the public that the water was safe." *Id.* at 927.

to those presented in *Burgess*. If anything, EPA's decisions in *Burgess* are more akin to those made by defendants who were dismissed in *Guertin*.[2]

*Guertin* also offers no guidance about the FTCA's legal standard for subject-matter jurisdiction. *Guertin* did not involve any FTCA claims. *Guertin*'s liability analysis under Section 1983 for alleged Due Process violations of plaintiffs' right to bodily integrity focused on whether decisions of state and local government officials involved "something more than negligence but less than intentional conduct, such a recklessness or gross negligence." *Guertin*, 912 F.3d at 923, *quoting City of Sacramento v. Lewis*, 523 U.S. 833, 849 (1988). The nature and level of alleged negligence, in contrast, are irrelevant to resolution of the FTCA's discretionary function exception. *Dalehite v. United States*, 346 U.S. 15, 32-33 (1953)(potential negligence associated with an explosion of fertilizer that caused hundreds of personal injuries and damages in excess of $200 million in 1952 was irrelevant to discretionary function exception); *A.O. Smith Corp. v. United States*, No. 3:12-0429, 2013 WL 771919,*1 (M.D. Tenn. Feb. 28, 2013)(no subject matter

---

[2] The *Guertin* plaintiffs' allegations against the final "MDEQ Defendant" (Wyant), both "MDHHS Executives" (Lyon and Wells), and both "MDHHS Employees" (Peeler and Scott) failed because they were not allegedly involved in deciding to switch the water source from the DWSD to the Flint River. *Guertin*, 912 F.3d at 929-32. Similarly, defendants (Snyder, Glasgow, and Cook) who were dismissed at the District Court level and not cross-appealed to the Sixth Circuit in *Guertin* either were not involved in the decision to switch to the Flint River or in subsequent efforts to mislead the public. *Guertin v. State of Michigan*, No. 16-cv-12412, 2017 WL 2418007, *24 (E.D. Mich. June 5, 2017).

3

jurisdiction under the discretionary function exception for alleged gross negligence connected to operation of dam and hundreds of millions of dollars in flood damages), *aff'd* 774 F.3d 359 (6th Cir. 2014). The Court needs to frame EPA's conduct in terms of the scope of administrative authority provided to EPA under the SDWA. *See Kohl v. United States*, 699 F.3d 935, 940-41 (6th Cir. 2012).

### B. EPA's decisions about how to respond to drinking water quality issues in Flint are susceptible to policy analysis.

In their Notice of Supplemental authority for *Guertin*, Plaintiffs recycle their prior prong two argument that EPA's decisions were not grounded in a legitimate public policy analysis. *Compare Burgess Notice*, *Burgess Docket* no. 71, p.3 *with Burgess Opp.*, *Burgess Docket* no. 53, p.3.[3] Plaintiffs focus upon *Guertin*'s observation that simply guarding the "public's purse" cannot excuse a constitutional violation. *Burgess Notice,* p.3. EPA's decisions, however, about how to respond to the Flint Water Crisis indisputably involved a broad array of competing considerations.

---

[3] For good reason, Plaintiffs do not argue that *Guertin* affects the separate jurisdictional bar under the FTCA raised by the United States due to a lack of analogous private liability. A constitutional tort claim—such as a Section 1983 claim—cannot be "the source of substantive liability under the FTCA." *FDIC v. Meyer*, 510 U.S. 471, 478 (1994) ("the United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims").

4

EPA balanced difficult policy, public health, and environmental issues and made judgment calls about how best to protect public safety in Flint in light of SDWA's "model of cooperative federalism." *Mays v. City of Flint, Mich.*, 871 F.3d 437, 447 (6th Cir. 2017). Prong two of the discretionary function test merely requires that the Court determine whether the actions of the government are "susceptible to policy analysis," and there is a "strong presumption" that prong two of the test is satisfied where prong one has been established. *A.O. Smith Corp.*, 774 F.3d 365; *Gaubert v. United States*, 499 U.S. 315, 324 (1991). The Sixth Circuit repeatedly has held that federal agency decisions that pertain to safety are susceptible to policy analysis. *A.O. Smith Corp.*, 774 F.3d at 369-70; *Rosebush v. United States*, 119 F.3d 438, 443-44 (6th Cir. 1997); *Sharp v. United States*, 401 F.3d 440, 445 (6th Cir. 2005); *Kohl*, 699 F.3d at 943; *Locket v. United States*, 938 F.2d 630, 639 (6th. Cir. 1991). This Court should not accept Plaintiffs' invitation to ignore long-standing, controlling FTCA precedent and cut from whole cloth a new standard for applying the discretionary function exception by borrowing from *Guertin*.

Respectfully submitted,

Joseph H. Hunt
Assistant Attorney General, Civil Division

Thomas G. Ward
Deputy Assistant Attorney General, Torts Branch

J. Patrick Glynn
Director, Torts Branch

Christina M. Falk
Assistant Director, Torts Branch

Michael L. Williams (DC Bar #471618)
Eric A. Rey (DC Bar # 988615)
Trial Attorneys, Torts Branch

*s/ Michael L. Williams*
MICHAEL L. WILLIAMS
DC Bar #471618
Trial Attorney, Torts Branch
Environmental Tort Litigation
175 N Street, N.E.
Washington, DC 20002
e-mail: michael.l.williams@usdoj.gov
phone: 202-307-3839