UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAN BURGESS, and all 2,959 individuals
identified in the Burgess FTCA administrative
Complaint,

        Plaintiffs,        Civil Case No. 17-11218
                                Honorable Linda V. Parker

v.

UNITED STATES OF AMERICA,

        Defendant.
_____/

WILLIAM THOMAS, and all 1,923 individuals
identified in the Thomas FTCA administrative
Complaint,

        Plaintiffs,

                                Civil Case No. 18-10243
v.                                Honorable Linda V. Parker

UNITED STATES OF AMERICA,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR CERTIFICATION OF INTERLOCUTORY
APPEAL UNDER 28 U.S.C. § 1292(b)**

On April 18, 2019, this Court decided that the discretionary function exception found in 28 U.S.C. § 2680(a) does not shield Defendant, the United States of America, from immunity under the Federal Tort Claims Act ("FTCA").

(ECF No. 38.) The Court also decided that Plaintiffs plead state-law liability to proceed under the FTCA. The United States seeks to immediately appeal that decision to the Sixth Circuit Court of Appeals and, therefore, has filed a Motion for Certification of Interlocutory Appeal under 28 U.S.C. § 1292(b). The motion has been fully briefed. For the reasons set forth below, the Court is denying the motion.

Under § 1292(b), a district court may certify an order for immediate appeal upon finding that it "involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal … may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1929. The Sixth Circuit has warned that "[r]eview under § 1292(b) should be sparingly granted and then only in exceptional cases." *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993) (citation omitted).

"A legal issue is controlling if it could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002) (citing *In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992)). Interpreting the meaning of this requirement, the Seventh Circuit Court of Appeals has explained:

> We think [the framers of § 1292] used "question of law" in much the same way a lay person might, as referring to a "pure" question of law rather than merely to an issue that might be free from a factual contest. The idea was that if a case turned on a pure question of law,

2

> something the court of appeals could decide quickly and cleanly
> without having to study the record, the court should be enabled to do
> so without having to wait until the end of the case.

*Ahrenholz v. Bd. of Trustees. of the Univ. of* Illinois, 219 F.3d 674, 676-77 (7th Cir. 2000). " '[Q]uestion of law' as used in § 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine …." *Id*. at 676. "The term . . . does not mean the application of settled law to fact." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004) (citing *Ahrenholz*, 219 F.3d at 676).

The Court's holdings with respect to the government's motion to dismiss was too fact-intensive an inquiry for interlocutory review. It required the Court to dig deeply into a substantial factual record. Moreover, at this stage of the proceedings, the facts remain to be developed and future discovery may impact the Court's analysis.

Additionally, the Court does not believe that an immediate appeal will expedite the resolution of this case. Litigation of this matter already has been substantially delayed to address the issues raised in the United States' motion to dismiss. Allowing an interlocutory appeal would only further delay its progression. As well, there is an ongoing mediation concerning the Flint Water Crisis involving the parties to this case, as well as officials from the State of Michigan and the City of Flint. The United States has been unwilling to fully

engage in those discussion while its motion to dismiss was pending.  Denying the government's request for interlocutory appeal may advance those discussions and an ultimate resolution of, not only this case, but the numerous additional lawsuits arising from this tragic crisis.

Accordingly, the Court is **DENYING** the United States' Motion for Certification of Interlocutory Appeal under 28 U.S.C. § 1292(b) in the above-captioned cases.  The Court also is **DENYING WITHOUT PREJUDICE** the Motion to Strike, which is pending in *Thomas*.[1]  (ECF No. 8.)

**IT IS SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: September 27, 2019

---

[1] The Court intends to schedule a conference with counsel in the related FTCA cases to discuss how these matters should proceed.  The Court will likely consolidate the cases.  In that instance, it seems that the question of which lawsuit should include certain plaintiffs will no longer be relevant.