UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re FTCA Flint Water Cases

_____/

Civil No. 4:17-cv-11218
(Consolidated)

Linda V. Parker
United States District Judge

This Filing Relates to:

*Meeks v. United States*, 19-13359

**Motion to Consolidate and Extend Deadline to Respond to Complaint**

The United States moves, pursuant to Federal Rule of Civil Procedure 42(a) and Local Rule 42.1, to consolidate *Meeks v. United States*, 19-13359, currently pending before Judge Judith E. Levy with the consolidated *In re FTCA Flint Water Cases*, 17-cv-11218, for the reasons discussed in the accompanying Memorandum of Support, including that the *Meeks* Complaint is identical in all material respects to the complaints in the *In re FTCA Flint Water Cases*.

If *Meeks* is consolidated, the United States also moves this Court to extend the United States' deadline to respond to the *Meeks* complaint to thirty days after a ruling is issued on the United States' motion to consolidate.

Pursuant to Local Rule 7.1(a), counsel for the United States conferred with Plaintiffs' counsel for *Meeks* regarding this motion, including in a December 20,

2019 teleconference and by emailing a draft of the motion on January 15, 2020, and counsel for *Meeks* responded that he opposes this motion. The United States also conferred with Plaintiffs' counsel in the *In re FTCA Flint Water Cases* regarding this motion by email on January 16, 2020. Counsel for the *Abraham*, *Adams*, *Anderson*, *Berry*, and *Thomas* constituent cases responded that they take no position on this motion and *Burgess* counsel did not respond before this filing.

Dated: January 17, 2020

        Respectfully submitted,

        Joseph H. Hunt
        Assistant Attorney General, Civil Division

        Thomas G. Ward
        Deputy Assistant Attorney General, Torts Branch

        J. Patrick Glynn
        Director, Torts Branch

        Christina M. Falk
        Assistant Director, Torts Branch

        *s/ Eric Rey*
        Eric Rey (DC Bar # 988615)
        Michael L. Williams (DC Bar #471618)
        Trial Attorneys, Tort Branch
        Environmental Tort Litigation
        P.O. Box 340
        Ben Franklin Station
        Washington, DC 20004
        Phone: 202-616-4224
        eric.a.rey@usdoj.gov
        michael.l.williams@usdoj.gov

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re FTCA Flint Water Cases          Civil No. 4:17-cv-11218
                                                         (Consolidated)

                                                                Linda V. Parker
_____/     United States District Judge

This Filing Relates to:

*Meeks v. United States*, 19-13359

**Memorandum In Support of Motion to Consolidate and Extend Deadline to Respond to Complaint**

## ISSUE PRESENTED

1. Whether to consolidate *Meeks v. United States*, 19-13359, with the *In re FTCA Flint Water Cases*, 17-11218, pursuant to Federal Rule of Civil Procedure 42(a)?

## CONTROLLING OR MOST APPRORIATE AUTHORITY

**Cases**

*Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992)

*Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993)

**Rules**

Federal Rule of Civil Procedure 42(a)

Eastern District of Michigan Local Rule 42.1

# INTRODUCTION

*Meeks v. United States* is the latest and seventh case filed against the United States under the Federal Tort Claims Act ("FTCA") related to what has been commonly referred to as the Flint Water Crisis. All of the preceding six such FTCA cases have been consolidated before this Court pursuant to Federal Rule of Civil Procedure ("Rule") 42(a) under the caption *In re FTCA Flint Water Cases*, 17-11218.

The United States moves to consolidate *Meeks* because: (1) *Meeks* shares common issues of law or fact with the *In re FTCA Flint Water Cases*, including that *Meeks* asserts the exact same legal claims, alleges the same factual allegations, and is also brought only against the United States; (2) the interests of judicial economy weigh in favor of consolidating and avoiding duplicative proceedings and inconsistent rulings; and (3) the *Meeks* Plaintiffs will not be prejudiced by consolidation, including because counsel for *Meeks* appeared before this Court during the November 15, 2019 status conference in the *In re FTCA Flint Water Cases* and thereafter has attended the parties' meet-and-confer sessions regarding a new case management plan for the *In re FTCA Flint Water Cases*.

If *Meeks* is consolidated, the United States also moves to extend its deadline to respond to the *Meeks* Complaint to thirty days after a ruling is issued on this motion.[1]

---

[1] In the event consolidation is not granted, the United States will file a similar motion to extend in its Local Rule 42.1 notice to be filed on the *Meeks* docket.

## PROCEDURAL HISTORY

In May 2017, the *Meeks* Plaintiffs filed FTCA administrative claims with the U.S. Environmental Protection Agency ("EPA") alleging that EPA negligently handled the Flint Water Crisis. *See* Exh. A (Compl., *Meeks v. United States*, 19-13359, ECF No. 1) at ¶8. Two and a half years later in November 2019, the *Meeks* Plaintiffs filed their FTCA complaint, and the case was randomly assigned to Judge Levy. *See id.*

Much occurred during the intervening two and a half years. First, six similar FTCA complaints were filed and consolidated before this Court as the *In re FTCA Flint Water Cases*. *See* Case Management Order No. 2, *In re FTCA Flint Water Cases*, 17-11218, ECF No. 91.

Second, this Court presided over jurisdictional discovery that served as the predicate for factual motions to dismiss for lack of subject matter jurisdiction in the *Burgess* and *Thomas* constituent cases. *See* Case Management Order No. 1, *Burgess*, 17-11218, ECF No. 23; Memorandum in Support of Motion to Dismiss, *Burgess*, 17-11218, ECF No. 37, and *Thomas*, 18-10243, ECF No. 14.

Third, this Court resolved these motions to dismiss, including considering two rounds of supplemental briefing and a motion for interlocutory appeal. *See* Opinion and Order, *Burgess*, 17-11218, ECF No. 76; Order, *Burgess*, 17-11218, ECF No. 70; Opinion and Order Denying Defendant's Motion for Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(b), *Burgess*, 17-11218, ECF No. 85.

Fourth, the Court thereafter scheduled a November 15, 2019 status conference to discuss the cases now part of the *In re FTCA Flint Water Cases*. *See, e.g.*, Order, *Burgess*, 17-11218, ECF No. 88. After this status conference, the Court consolidated these cases into the *In re FTCA Flint Water Cases* and ordered the parties to meet and confer and then file by January 15, 2020, "a joint report and/or a stipulated proposed order(s) addressing:" "(a) discovery coordination/discovery protocol; (b) an agreement to identify [bellwether] plaintiffs; (c) a deadline for submitting any notice of non-party fault; and (d) a new case management plan." Case Management Order No. 2, *In re FTCA Flint Water Cases*, 17-11218, ECF No. 91. On January 15, 2020, the parties submitted to the Court stipulated proposed orders on all of these issues.

Two days before this status conference, the *Meeks* complaint was filed. *See* Exh. A. The *Meeks* Complaint asserts FTCA claims on behalf of 1,078 plaintiffs— compared to approximately 8,050 plaintiffs in the consolidated *In re FTCA Flint Water Cases*— and is virtually identical to the complaints already filed in the *In re FTCA Flint Water Cases*.[2] Counsel for *Meeks* then attended the Court's November 15, 2019 status conference and thereafter has been included in the parties' discussions regarding the draft stipulated orders that were submitted on January 15, 2020.

---

[2] *Compare* Exh. A (Compl., *Meeks v. United States*, 19-13359, ECF No. 1), *with* Second Am. Compl., *Burgess v. United States*, 17-11218, ECF No. 73, Compl., *Thomas v. United States*, 18-10243, ECF No. 1, Compl., *Adams v. United States*, 18-13166, ECF No. 1, Compl., *Abraham v. United States*, 19-10625, ECF No. 1, *and* Compl., *Berry v. United States*, 19-cv-12766, ECF No. 1.

# ARGUMENT

Rule 42 provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions[.]" "Whether cases involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial court." *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). The following factors guide this discretion:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)). "The underlying objective [of Rule 42(a)] is to administer the court's business 'with expedition and economy while providing justice to the parties.'" *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992) (quoting 9 Wright & Miller, Federal Practice and Procedure, § 2381 (1971)). In short, "[t]he court weighs the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice." *Micks-Harm v. Nichols*, 2019 WL 826458, at *2 (E.D. Mich. Feb. 20, 2019).[3]

---

[3] Pursuant to LR 42.1, this Court "will decide the motion" to consolidate since the *In re FTCA Flint Water Cases* have an earlier case number than *Meeks*, but "the motion may not be granted unless" Judge Levy who "presid[es] [over] the related case[]  consent[s]." LR 42.1(b). The United States will "file a notice of th[is] motion" with

4

For the reasons set forth below, the Court should consolidate *Meeks* with the *In re FTCA Flint Water Cases* pursuant to Rule 42(a).

I. ***Meeks* and the *In re FTCA Flint Water Cases* Share Common Issues of Law and Fact**

*Meeks* and the *In re FTCA Flint Water Cases* share common issues of law or fact because the later-filed *Meeks* complaint is virtually identical to the complaints in the *In re FTCA Flint Water Cases*, including: (1) asserting the exact same legal causes of action; (2) containing the same factual allegations regarding the Flint Water Crisis and the United States' alleged conduct (in many cases, the *Meeks* complaint copies verbatim the allegations in the *In re FTCA Flint Water Cases* complaints); and (3) naming only the United States as a defendant.[4] Aside from involving different plaintiffs, *Meeks* is a carbon copy of the *In re FTCA Flint Water Cases*.[5]

II. **Consolidation Would Advance Judicial Economy**

Judicial economy would be best served by consolidating *Meeks* with the *In re FTCA Flint Water Cases* and not having *Meeks* proceed in duplication and isolation, despite containing the exact same legal claims, nearly identical factual allegations, and

---

Judge Levy on the *Meeks* docket. LR 42.1(a)(2).

[4] *See supra* n. 1.

[5] For these same reasons, this Court and Judge Levy instead could reassign *Meeks* to this Court because *Meeks* is a companion case and then this Court could consolidate. *See* LR 83.11(b)(7). The *Meeks* Plaintiffs do not appear to—and could not reasonably—contest that *Meeks* is a companion to the *In re FTCA Flint Water Cases*. *See also* Exh. A at ¶12 (*Meeks* is "related to" the *In re FTCA Flint Water Cases*).

the same sole defendant the *In re FTCA Flint Water Cases*. *See* Case Management Order No. 2, *In re FTCA Flint Water Cases*, 17-11218, ECF No. 91 ("Here, the actions arise from the same conduct by EPA officials and employees, are asserted under the same federal statute, and involve similar damages. Consolidation will aid in the efficient resolution of these lawsuits and avoid repetition and confusion. The Court is therefore consolidating the matters."); *Cent. States, Se. & Sw. Area Pension Fund v. Smeltzer Enterprises, Inc.,* 2009 WL 3672120, at *1 (E.D. Mich. Oct. 30, 2009) ("Further proceedings in both cases would be largely duplicative, making consolidation a more efficient way to proceed.").

Given that *Meeks* is a mirror image of the *In re FTCA Flint Water Cases*, "the risk of inconsistent adjudications of common factual and legal issues" is very real. *Cantrell*, 999 F.2d at 1011 (quoting *Hendrix*, 776 F.2d at 1495). For example, keeping *Meeks* unconsolidated could result in inconsistent rulings on key issues in these FTCA cases, such as those pertaining to the scope of the FTCA's waiver of sovereign immunity, administrative exhaustion under the FTCA, the FTCA's statute of limitations, and the appealability of such orders.

Lastly, as the Court is aware from the November 2019 status conference, *Meeks* may not be the last FTCA suit to be filed related to the Flint Water Crisis. Thousands of FTCA claims have been filed that are not included in any of the pending FTCA suits and counsel for some of the *In re FTCA Flint Water Cases* Plaintiffs indicated that he

may file additional FTCA claims. That is all to say, the strain on judicial economy that would result from keeping *Meeks* unconsolidated could very well extend beyond just *Meeks* and exponentially increase with additional later-filed FTCA complaints.

### III. The Risk of Prejudice Does Not Outweigh the Benefits of Consolidation

The *Meeks* Plaintiffs will suffer little to no prejudice from consolidation. First, the United States moved to consolidate before its deadline to answer the *Meeks* complaint, and so consolidation will not delay the overall case timeline. Moreover, Plaintiffs cannot credibly argue prejudice from any delay, since they elected to file suit two years after their FTCA claims were administratively exhausted and only after this Court ruled on the United States' threshold motions to dismiss for lack of subject matter jurisdiction and for interlocutory appeal.

Second, counsel for *Meeks* is already up to speed on—and integrated into—the *In re FTCA Flint Water Cases*, including: (1) using the *In re FTCA Flint Water Cases* complaints as the template for the *Meeks* complaint; (2) attending this Court's November 2019 status conference; and (3) attending the *In re FTCA Flint Water Cases* parties' meet-and-confer sessions and receiving drafts of the stipulated proposed orders submitted to this Court on January 15, 2020.

### CONCLUSION

For all these reasons, the United States moves to consolidate *Meeks* with the *In re FTCA Flint Water Cases* and, if consolidation is granted, moves to extend its

deadline to respond to the *Meeks* complaint to thirty days after a ruling is issued on its motion to consolidate.

Dated: January 17, 2020

Respectfully submitted,

Joseph H. Hunt
Assistant Attorney General, Civil Division

Thomas G. Ward
Deputy Assistant Attorney General, Torts Branch

J. Patrick Glynn
Director, Torts Branch

Christina M. Falk
Assistant Director, Torts Branch

*s/ Eric Rey*
Eric Rey (DC Bar # 988615)
Michael L. Williams (DC Bar #471618)
Trial Attorneys, Tort Branch
Environmental Tort Litigation
P.O. Box 340
Ben Franklin Station
Washington, DC 20004
Phone: 202-616-4224
eric.a.rey@usdoj.gov
michael.l.williams@usdoj.gov

Case 4:17-cv-11218-LVP-RSW   ECF No. 95   filed 01/17/20   PageID.2846   Page 14 of 14

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2020, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon all counsel of record.

<u>s/ Eric Rey</u><br>
ERIC REY