UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WALTERS, et al. | Case No. 5:17-CV-10164 |
| Plaintiffs, | Honorable Judith E. Levy |
| v. | |
| THE CITY OF FLINT, et al. | |
| Defendants. | |

_____/

This filing relates to:

| | |
|---|---|
| AASIYAH MEEKS, et al., | Case No. 5:19-CV-13359 |
| Plaintiffs, | Honorable Judith E. Levy |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

_____/

This filing relates to:

| | |
|---|---|
| In re FTCA Flint Water Cases | Case No. 4:17-CV-11218 (Consolidated) |
| | Honorable Linda V. Parker |

_____/

## MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE

COME NOW Plaintiffs in *Walters v. The City of Flint*, 5:17-cv-10164, and in support of their Motion to Consolidate, state as follows:

# INTRODUCTION

*Walters* has and continues to serve as one of two principal cases for individuals making claims for personal injuries and property damage arising out of what is commonly referred to as the Flint Water Crisis ("Water Crisis"). *Walters* was filed by the undersigned counsel on January 18, 2017. It is assigned to the Honorable Judith E. Levy ("Judge Levy" or "this Court").

To date, there are close to twenty thousand (20,000) claimants who have retained counsel and have either filed lawsuits, or have otherwise appeared before Judge Levy in one or more of the Water Crisis cases over which she presides. *See In re Flint Water Cases*, 5:16-cv-10444, Second Interim Report of the Special Master Regarding Data Compilation Based on Responses to the Amended Order Regarding Collection of Data (ECF No. 949).

*Meeks v. The United States of America* was also filed by the undersigned counsel, on November 13, 2019. *Meeks* is assigned to Judge Levy.[1] In fact, except for six cases filed pursuant to the Federal Tort Claims Act ("FTCA"), each case presently pending in the Eastern District that contains allegations arising out of the Water Crisis is assigned to Judge Levy.

Not every Water Crisis case before Judge Levy involves the same set(s) of Defendants. For instance, a small number of cases include McLaren Hospital and Hurley Hospital ("Hospital Defendants"). *See, e.g.*, *Marble v. Snyder*, 5:17-cv-12942; *Brown v. Snyder*, 5:18-cv-10726. Despite the Hospital Defendants' presence in a limited number of cases, their respective counsel has been afforded the opportunity to take an active role in the litigation—and has in-fact done so. Judge Levy, obviously conscious of the limited number of cases involving the Hospital Defendants, quite effectively crafted a Case Management Order ("CMO") that is inclusive of the

---

[1] Counsel in *Walters* and *Meeks* has filed an additional thirty-one (31) cases in the Eastern District, on behalf of more than two-thousand (2000) Plaintiffs. Each of those cases has been assigned to and is pending before Judge Levy. Counsel for the United States of America has appeared before Judge Levy in *Meeks*.

2

Hospital Defendants' counsel, which was entered on April 30, 2019. *See In re Flint Water Cases*, 5:16-cv-10444, Case Management Order (ECF No. 827).

Prior to filing a single case against the United States of America, Plaintiffs' counsel of record in all six FTCA cases[2] before Judge Linda V. Parker ("Judge Parker") appeared first in other Water Crisis cases pending before Judge Levy. In-fact, the majority of Plaintiffs' counsel in the FTCA cases has been appointed to leadership positions by Judge Levy in the larger litigation over which she presides, and each has served in that capacity for close to three (3) years. *See In re Flint Water Cases*, 5:16-cv-10444,[3] Appointment of Interim Co-Lead Class Counsel and Appointment of Co-Liaison Counsel for the Individual Actions (ECF No. 173); Order Reappointing Interim Individual Co-Liaison Counsel and Interim Co-Lead Class Counsel (ECF No. 696); Order Reappointing Interim Individual Co-Liaison Counsel and Interim Co-Lead Class Counsel (ECF No. 1021).

The *Walters* Plaintiffs seek to consolidate *Meeks* and the FTCA cases with *Walters*, because: (1) *Meeks* and the FTCA cases share common issues of law or fact with *Walters* (as well as with the roughly twenty-thousand additional claims/lawsuits pending before this Court); (2) the interests of judicial economy weigh in heavy favor of consolidating and avoiding duplicative proceedings and inconsistent rulings; and (3) the parties to *Meeks* and the FTCA cases will not be prejudiced by consolidation with *Walters.*

---

[2] As explained herein, the FTCA cases are formally referred to as *In re FTCA Water Cases*, 4:17-cv-11218.
[3] This case was filed as *Carthan v. Snyder*, but now often serves as the Court's general Water Crisis case wherein pleadings related to the larger litigation are often filed. The case will be referred to at times as *Carthan* herein, as well as *In re Flint Water Cases*. When referred to as *Carthan*, counsel is citing to a specific pleading or other specific action made or taken by counsel for the *Carthan* Plaintiffs.

3

## PROCEDURAL HISTORY

In this Court's own words:

> [T]he Flint Water Cases . . . involve . . . Defendants, a combination of private and public individuals and entities, [which] allegedly set in motion a chain of events that led to bacteria and lead leaching into the City of Flint's drinking water. Plaintiffs claim that defendants subsequently concealed, ignored, or downplayed the risks that arose from their conduct, causing serious harm in the process. They contend that the effects of what has since been called the Flint Water Crisis are still with them and continue to cause them problems.

*See* Opinion and Order dated August 2, 2019 in *Walters*, 5:17-cv-10164, (ECF No. 233, at 3), 2019 U.S. Dist. LEXIS 129711, at *18.

As previously stated herein, *Walters* was filed on January 18, 2017 and has served as one of two central cases for individual Plaintiffs before Judge Levy. About two weeks later, on January 30, 2017, *Burgess v. United States of America*, 4:17-cv-10291 ("*Burgess I*") was filed by attorney Michael Pitt. *Burgess I* was the first case filed against the United States of America related to the Water Crisis. *Burgess I* was assigned to Judge Parker. It was voluntarily dismissed on April 18, 2017. *See Burgess I* (ECF No. 11).

That same day, April 18, 2017, a new lawsuit—also styled *Burgess v. United States of America*, 4:17-cv-11218 ("*Burgess II*")—was filed by Mr. Pitt. Close to two years later, on February 1, 2019, attorney Theodore Leopold appeared on behalf of the *Burgess II* Plaintiffs. *See Burgess II* (ECF No. 68). *Burgess II* is assigned to Judge Parker.

Mr. Pitt and Mr. Leopold were appointed by Judge Levy and presently serve as Interim Co-Lead Counsel for the Putative Class in *Carthan*, the consolidated putative class action case pending before this Court.

Other cases have followed. On January 21, 2018, *Thomas v. United States of America*, 4:18-cv-10243, was filed by attorney Hunter Shkolnik.[4] *Thomas* is assigned to Judge Parker.[5] On August 31, 2018, *Anderson v. United States of America*, 4:18-cv-12725, was filed by Valdemar L. Washington. *Anderson* is assigned to Judge Parker.[6] On October 10, 2018, *Adams v. United States of America*, 4:18-cv-13166, was filed by Mr. Shkolnik. *Adams* is assigned to Judge Parker. On March 4, 2019, *Abraham v. United States of America*, 2:19-cv-10625, was filed by Mr. Shkolnik. *Abraham* is assigned to Judge Parker. On September 23, 2019, *Berry v. United States of America*, 2:19-cv-12766 was filed by Mr. Shkolnik. *Berry* is assigned to Judge Parker. And on November 13, 2019, the undersigned counsel filed *Meeks*, which was and remains assigned to Judge Levy.

On December 18, 2019, Judge Parker entered an order consolidating *Burgess II*, *Thomas*, *Anderson*, *Adams*, *Abraham* and *Berry*. *See In re FTCA Flint Water Cases*, 4:17-cv-11218 (ECF No. 91).

Each of the FTCA cases assigned to Judge Parker include certain allegations, which are the same or similar allegations, made by the same counsel, arising out of the same nucleus of operative facts as have been made in cases before Judge Levy. *See, e.g.*, *Burgess II*, 4:17-cv-11218, Complaint (ECF No. 1); *Carthan v. Snyder*, 5:16-cv-10444, Consolidated Amended Class Complaint for Injunctive Relief and Declaratory Relief, Money Damages, and Jury Demand (ECF No. 349); *see also Walters*, 5:17-cv-10164, Amended Complaint (ECF No. 115).

---

[4] Mr. Shkolnik is serving as Co-Liaison Counsel for Individual Plaintiffs for all cases presently pending before Judge Levy. *See In re Flint Water Cases, 5:16-cv-10444, Appointment of Interim Co-Lead Class Counsel and Appointment of Co-Liaison Counsel for the Individual Actions (ECF No. 173); Order Reappointing Interim Individual Co-Liaison Counsel and Interim Co-Lead Class Counsel (ECF No. 696); Order Reappointing Interim Individual Co-Liaison Counsel and Interim Co-Lead Class Counsel (ECF No. 1021).*

[5] Mr. Shkolnik represents thousands of individuals in Water Crisis cases pending before Judge Levy.

[6] Mr. Washington represents a number of individuals in at least one Water Crisis case pending before Judge Levy.

5

Plaintiffs' counsel in *Burgess II* (before Judge Parker) is the same as Plaintiffs' counsel in *Carthan* (Before Judge Levy). In *Burgess II*, Mr. Pitt and Mr. Leopold represent close to two thousand (2,000) individuals. In *Carthan*, Mr. Pitt and Mr. Leopold seek to represent a broad and virtually limitless class comprised of all individuals who now or since April of 2014 lived in the City of Flint, as well as all individuals who may have passed through the City of Flint during that time. In both *Burgess II* and *Carthan*, Mr. Pitt and Mr. Leopold seek redress for injuries they allege occur due in part to various defendants' participation in the exact same chain of events that led to bacteria and lead leaching into the City of Flint's drinking water, causing serious harm in the process.[7]

And the FTCA cases are even more intertwined with *Walters* (as well as the other cases before Judge Levy, including *Carthan*) for two substantial reasons. First, *Burgess II* specifically references Ms. Walters as a central witness to the viability of the case. *See Burgess II*, 4:17-cv-11218, ECF No. 1, at 10–16, 29–30. Second, the VNA Defendants have filed a Notice of Non-Party Fault claiming the United States of America is potentially at fault for the damages the *Walters* Plaintiffs claim were caused by the VNA Defendants. *See Walters*, 5:17-cv-10164, Notice of Non-Parties at Fault by Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC ("VNA Defendants"), at 4 - 44.

To date, Judge Levy has made significant progress in moving the larger litigation toward an initial Bellwether trial, which is scheduled for October 2020. Of the sixty (60) potential

---

[7] As an aside, each of the close to two-thousand (2,000) individuals Mr. Pitt and Mr. Leopold seemingly represent in *Burgess II*, will also be class members in *Carthan*, if the entirety of the proposed *Carthan* class (including proposed subclasses), is certified. This, quite obviously, begs the question of whether a class action is the most efficient and effective way of prosecuting any of the Water Crisis cases. And while maintaining each case before separate judges might make that dichotomy easier to overlook, such is not a factor to be considered regarding whether the FTCA cases should be consolidated and placed before Judge Levy.

6

Bellwether Plaintiffs currently being vetted by way of Bellwether discovery (all of whom are age six or younger), fifty-three (53), or eighty-eight percent (88%), are represented by the undersigned counsel. Additionally, depositions of other parties and witnesses are taking place on a weekly basis. There are weeks where five or more depositions have occurred or will occur.

## ARGUMENT

Rule 42(a)(2) permits a district court to consolidate separate actions that "involve a common question of law or fact."[8] Eastern District of Michigan Local Rule 42.1(a) requires a party seeking consolidation to file a motion in the "case with the earliest case number," and "file a notice of the motion in each related case." While the district court judge in the earliest filed case decides the motion, a motion to consolidate may not be granted unless the courts in the related cases consent. E.D. Mich. L.R. 42.1(b). Here, *Walters* has an earlier case number than *Burgess II*, and so Judge Levy should decide the motion. Because *Meeks* is also pending before Judge Levy, no consent is needed from Judge Parker for its consolidation with *Walters*. In order for Judge Levy to consolidate all of FTCA cases with *Walters*, however, Judge Parker must consent.

"The essential test for determining whether cases should be consolidated is whether there are common questions of law or fact." *Hasman v. G.D. Searle & Co.*, 106 F.R.D. 459, 460 (E.D. Mich. 1985). "[T]he court must examine 'the special underlying facts' with 'close attention' before ordering a consolidation." *Banacki v. OneWest Bank, FSB*, 276 F.R.D. 567, 571 (E.D. Mich. 2011) (quoting *In re Repetitive Stress Injury Litigation*, 11 F.3d 368, 373 (2d Cir. 1993))).

---

[8] Likewise, the local rules define "companion cases" as those in which "substantially similar evidence will be offered at trial" or "the same or related parties are present and the cases arise out of the same transaction or occurrence." E.D. Mich. L.R. 83.11(b)(7)(A); *see also Banacki v. OneWest Bank, FSB*, 276 F.R.D. 567, 570–71 (E.D. Mich. 2011). "When it becomes apparent to the Judge to whom a case is assigned and to a Judge having an earlier case number that two cases are companion cases, upon consent of the Judge having the earlier case number, the Judge shall sign an order reassigning the case to the Judge having the earlier case number." E.D. Mich. L.R. 83.11(b)(7)(D).

7

However, Sixth Circuit courts have made clear that "[f]or purposes of Rule 42 consolidation, questions of law and fact need not be identical." *Guild Assocs. v. Bio-Energy (Wash.), LLC*, 309 F.R.D. 436, 440 (S.D. Ohio 2015). After all, "[t]he underlying objective [of Rule 42(a)] is to administer the court's business 'with expedition and economy while providing justice to the parties.'" *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992) (quoting 9 Wright & Miller, *Federal Practice and Procedure*, § 2381 (1971)).

Whether a common issue of fact or law exists is "only a threshold requirement," and the ultimate decision to consolidate rests in the "sound discretion" of the Court. *Banacki*, 276 F.R.D. at 571. "In exercising its discretion, a court should weigh 'the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice.'" *Id.* (quoting *In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998)). Thus, courts consider

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple law suits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* at 571–71 (quoting *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir.1982), *cert. denied*, 460 U.S. 1102 (1983)).

I. ***Meeks, Walters, In re FTCA Flint Water Cases*** **(and all cases/claims before Judge Levy) Share Common Issues of Fact and Law**

Here, there are several common issues of fact and law. For instance, common issues of fact and law include the weighty issues of contamination of Flint's water and proximate causation. Furthermore, to the extent individual Plaintiffs assert claims both in *Walters* and against the United States under the FTCA, those Plaintiffs' damages would be a common issue

8

between the cases.[9] The United States already acknowledges that the various FTCA cases are "mirror image[s]" of one another. *See* United States Br., *Burgess II*, Civ. No. 4:17-cv-11218, at 6.

But most importantly, the potential liability of the United States is fundamentally similar to that of several State Government Defendants, as well as private actors in *Walters*. Plaintiffs allege that many of those defendants exacerbated or prolonged the Flint Water Crisis through concealment or other wrongful inaction. The gist of Plaintiffs FTCA claims is fundamentally similar. Moreover, that the overall concept regarding the State Government Defendants, private actors, and the United States—that the Flint Water Crisis would have ended sooner with appropriate intervention—implies a continuous series of events and actions that jointly contributed to the full extent of Plaintiffs' injuries. The fact that multiple actions "arise out of the same underlying series of events" weighs in favor of consolidation. *See Guild Assocs.*, 309 F.R.D. at 440.

The difference in the precise legal mechanism—the Fourteenth Amendment for State Government Defendants; common law claims against private actors; and the FTCA for the United States—is no reason not to consolidate these matters. Irrespective of precise legal theories, a jury will one day be asked to determine if certain State Government Defendants and private actors prolonged or exacerbated the crisis through some wrongful conduct.[10] There is no reason why the same jury cannot answer essentially the same question regarding the United States; indeed, that same jury may be called upon to answer that question regardless of

---

[9] The same is true for potential class plaintiffs in Carthan, and for any plaintiffs represented by Mr. Shkolnik and Mr. Washington with cases simultaneously before Judge Levy and before Judge Parker.

[10] Nor is this the kind of situation where "individual issues predominate." *Hasman v. G.D. Searle & Co.*, 106 F.R.D. 459, 461 (E.D. Mich. 1985) (emphasis removed). On the contrary, *Walters* and its companion litigations in this Court are proceeding as a mass tort using a targeted and focused Bellwether system, and a putative class action. The Case Management Order in *In re FTCA Flint Water Cases* employs a similar system.

consolidation since several defendants have identified federal governmental entities in notices of third-party fault filed with the Court.[11] In fact, if the undersigned counsel is forced to try the first Bellwether case against the VNA Defendants, without the United States in the case as a Defendant, he will be potentially forced to take a position in that trial that will minimize the United States's role/fault in the Water Crisis, but soon thereafter could be forced to take a contrary position with regard to the United States's role/fault in a trial pursuant to the FTCA.

But for the requirements of the FTCA, Plaintiffs' claims against the United States would have been asserted in an earlier complaint in the *Walters* action. Likewise, those many notices of third-party fault identifying the United States of America would simply be ordinary cross-claims. In these circumstances, the Sixth Circuit approves of consolidation. *See Advey*, 962 F.2d at 1181 (holding consolidation was appropriate where a defendant "was inadvertently omitted from the complaint . . . and a separate suit was required to ascertain [its] liability").

## II. Consolidation Would Substantially Advance Judicial Economy, and Any Minor Risk of Prejudice Does Not Outweigh the Many Benefits of Consolidation

Not only are there significant common issues of fact and law, consolidation would appreciably enhance judicial economy. Sixth Circuit courts have observed that, as a general matter, "[a]bsent prejudice, consolidation is usually the most efficient method of adjudicating cases arising from common law or fact." *Guild Assocs.*, 309 F.R.D. at 441. "Efficiency is determined by the need to analyze issues common to all parties, overlap in discovery, witnesses, and evidence." *Id.* Reflecting this policy, Case Management Order Number 2 (ECF No. 91), entered in *In re FTCA Flint Water Cases*, notes that "Consolidation will aid in the efficient resolution of these lawsuits and avoid repetition and confusion."

---

[11] *See Walters*, 5:17-cv-10164, Notice of Non-Parties at Fault by Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC ("VNA Defendants"), at 4–44.

As the United States's own recently filed motion to consolidate suggests, it is in favor of streamlining the litigation and achieving the benefits of judicial economy that consolidation offers.[12] *See In re FTCA Flint Water Cases*, 4:17-cv-11218, Motion to Consolidate (ECF No. 95). Yet, the United States wants its own separate consolidated track. In other words, what the United States is asking for is two separate consolidated tracks, which will actually produce duplicative discovery and motion practice, and most importantly will ultimately require twice the juries of a single consolidated track. *See Ohio ex rel. Montgomery v. Louis Trauth Dairy*, 163 F.R.D. 500, 504 (S.D. Ohio 1995).

Here, consolidation will avoid piecemeal litigation and reduce duplicative discovery. At a minimum, consolidating the Water Crisis cases into a single track will avoid needlessly requiring multiple depositions of Plaintiffs. Furthermore, through consolidation, the Court can obviate the potential prejudice to Plaintiffs where "without consolidation, there is a risk of inconsistent results." *Powell v. Oldham*, No. 2:16-cv-2907-SHM-tmp; No. 2:17-cv-2015-SHM-dkv; No. 2:17-cv-2795-SHM-tmp, 2018 U.S. Dist. LEXIS 39058, at *13 (W.D. Tenn. Mar. 9, 2018). The Court should order the consolidation of these cases so that the litigation arising out of the Water Crisis can proceed to a holistic resolution in this, the earlier-filed litigation. *See Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016) ("[W]hen actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment.").

---

[12] It is true that some courts have said that "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial," *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir.), *cert. denied*, 498 U.S. 920 (1990)), and that a party's right to be treated as an individual litigant "not be lost in the shadow of a towering mass litigation." *In re Brooklyn Navy Yard Asbestos Litig.*, 971 F.2d 831, 853 (2d Cir.1992). Yet, that prejudice is not threatened here in the slightest. It bears noting that the United States has waived any claim to this prejudice by seeking its own consolidation.

More importantly, consolidation will not cause any serious delay. While *Meeks* has been comparatively recently filed, *Walters* and *In re FTCA Flint Water Cases* are at similar stages procedurally: motions to dismiss have been litigated, and discovery has commenced but not yet been completed in *Walters* and *Carthan*. This Court has already taken on the task of managing wide-ranging discovery; and it is best suited to most efficiently and expeditiously see all of the Water Crisis cases through to conclusion. In short, the United States cannot credibly claim to suffer any prejudice from consolidation.

## CONCLUSION

Accordingly, this Court should grant Plaintiffs' motion for consolidation.

Dated: February 7, 2020

**LEVY KONIGSBERG, LLP**

/s/ COREY M. STERN
Corey M. Stern (P80794)
800 Third Avenue, 11th Floor
New York, New York 10022
(212) 605-6298
(212) 605-6290 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on [INSERT], the foregoing document was filed via the U.S. District Court's CM/ECF electronic system and a copy thereof was served upon all counsel of record.

**LEVY KONIGSBERG, LLP**

/s/ COREY M. STERN
Corey M. Stern (P80794)
800 Third Avenue, 11th Floor
New York, New York 10022
(212) 605-6298
(212) 605-6290 (facsimile)