UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* FTCA Flint Water Cases

Civil Case No. 4:17-cv-11218
(Consolidated)

_____/

Honorable Linda V. Parker
United States District Judge

This Order Relates to:

All Cases

**OPINION AND ORDER DENYING WITHOUT PREJUDICE MOTION TO DISMISS NONRESPONSIVE PLAINTIFFS WITH PREJUDICE OR, IN THE ALTERNATIVE, FOR ISSUANCE OF AN ORDER TO SHOW CAUSE**

The March 2, 2020 Stipulated Case Management Order Number 3 ("CMO 3") establishes procedures for conducting Bellwether proceedings in this matter. (*See* ECF No. 111.) Pursuant to CMO 3, Plaintiffs randomly selected by the Special Master to be part of the FTCA Disclosure Group ("FTCA Disclosure Group Plaintiffs") must complete FTCA Plaintiff fact sheets, along with authorizations for release of specified records and other specific documents. (*Id.* ¶ III.D.) CMO 3 provides for a process to address incomplete fact sheets. (*Id.* ¶ III.G.2.) It also provides that if insufficiencies are not cured through this process, "the United States may move to dismiss with prejudice that particular Disclosure Group FTC Plaintiff under Rule 41(b) or Rule 37(b) [of the Federal Rules of Civil Procedure]." (*Id.*) The matter is now before the Court on the Government's

motion to dismiss on that basis a number of FTCA Disclosure Group Plaintiffs ("Nonresponsive Plaintiffs").[1] [2] (ECF No. 174.) The Government alternatively asks the Court to issue an order requiring the Nonresponsive Plaintiffs to show cause as to why their claims should not be dismissed with prejudice. The motion has been fully briefed. (ECF Nos. 152, 153.)

The Sixth Circuit has identified four factors for a court to consider in deciding whether to dismiss a case for failure to prosecute pursuant to Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

---

[1] As of March 24, 2021, when the Government filed its motion, there allegedly were 75 Nonresponsive Plaintiffs. (ECF No. 147-2.) However, according to FTCA Plaintiffs Liaison Counsel, fact sheet information had been obtained for some FTCA Disclosure Group Plaintiffs but counsel was awaiting signatures. (*Id.* at Pg ID 3370.) Plaintiff served two additional Plaintiff fact sheets on the Government prior to April 28, 2021. (*See* ECF No. 153 at Pg ID 3415 n.1.) While additional fact sheets may have been returned in the interim, for the reasons discussed *infra*, the Court finds it unnecessary to collect that information at this time.

[2] Subsequent to the filing of the pending motion, the parties stipulated to the amendment of CMO 3 to allow for the immediate selection of a second group of Disclosure Group Plaintiffs. (ECF No. 162.) As part of the stipulated order, the Court's decision with respect to the pending motion "will apply equally to nonresponsive plaintiffs from the first and second Discovery Groups." (*Id.* at Pg ID 3481.)

2

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "Although typically none of the factors is outcome dispositive, … a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Shafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Knoll*, 176 F.3d at 363); *see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (quoting *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)). In fact, because "[t]he dismissal of a claim for failure to prosecute is a harsh sanction," the Sixth Circuit has repeatedly advised that it should be "order[ed] *only* in extreme situations showing *a clear record* of contumacious conduct by the plaintiff." *Wu*, 420 F.3d at 643 (emphasis added) (quoting *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 614-15 (6th Cir. 1998)); *see also Schafer*, 528 F.3d at 736.

Contumacious conduct is "behavior that is 'perverse in resisting authority' and 'stubbornly disobedient.'" *Carpenter*, 723 F.3d at 704-05 (quoting *Schafer*, 529 F.3d at 737) (additional quotation marks and citation omitted). The plaintiff's conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [the plaintiff's] conduct on those proceedings." *Id*. at 705 (quoting *Wu*, 420 F.3d at 643) (additional quotation marks and citation omitted).

3

The Court is not able to conclude that the Nonresponsive Plaintiffs' failure to complete the fact sheets reflects contumacious conduct.[3]

The failure of the Nonresponsive Plaintiffs to provide their counsel with usable contact information and to complete the fact sheets may be, as the Government asserts, "their fault." (ECF No. at 153 at Pg ID 3417.) But "fault" is not enough to warrant a dismissal with prejudice. *See supra*. There is no evidence that these individuals have been "stubbornly disobedient" or "perverse in resisting authority." There is no evidence that they are intentionally disregarding their obligations as parties to this litigation or ignoring FTCA Plaintiffs Liaison Counsel. Unlike other cases where dismissal was found appropriate, Plaintiffs, through their counsel, have otherwise responded when required during the pendency of these proceedings. *Cf. Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997) (affirming the dismissal of the case and finding the plaintiff's conduct to be "stubbornly disobedient and willfully contemptuous" where the plaintiff, for nearly one year, failed to respond to discovery requests and a motion to compel, did not comply with a court order, and filed no response to a motion to

---

[3] As the Government points out in its reply brief, the Sixth Circuit has stated that the plaintiff "has the burden of showing that his failure to comply was due to inability, not willfulness or bad faith." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (citing *Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988)). The Court nevertheless believes that it must still find evidence of contumacious conduct before dismissing a case under Rule 41(b).

dismiss even after the district court granted an extension of time to do so); *In re Aredia & Zometa Prod. Liab. Litig.*, No. 3:06-1760, 2007 WL 3069635 (M.D. Tenn. Oct. 18, 2007) (the plaintiff failed to serve a completed fact sheet for almost a year after receiving several extensions of time to do so and failed to respond to the defendant's subsequent motion to dismiss).

Moreover, Plaintiffs identify several circumstances likely impacting the responsiveness of FTCA Disclosure Group Plaintiffs. (*See* ECF No. 152 at Pg 3399.) Significantly, economically challenging conditions facing many, if not most, of the claimants affect their general ability to communicate with counsel and receive and send information. For the last year and a half, due to the COVID-19 pandemic, communication has been made difficult for individuals regardless of economic status. However, few would dispute that this obstacle has been particularly acute for individuals with more limited access to technology.

The failure of Disclosure Group Plaintiffs to complete the fact sheets has not prejudiced the Government particularly because the parties have amended the bellwether selection process to avoid significant disruption and cure any deficiencies caused by their unresponsiveness. There are no scheduled trial dates or other court deadlines being delayed as a result of these incomplete fact sheets.

For the same reasons, the Court concludes that dismissal also is not warranted under Rule 37. As the Government acknowledges, the same four factors

relevant to dismissal under Rule 41(b) guide a court in deciding whether dismissal is appropriate as a sanction under Rule 37. *See Mager v. Wisconsin Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (citing *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)) (listing factors).

Therefore, the Court declines to dismiss the Nonresponsive Plaintiffs or issue a show cause order threatening to dismiss them at this time.

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss Nonresponsive Plaintiffs with Prejudice or, in the Alternative, for Issuance of an Order to Show Cause (ECF No. 147) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: December 20, 2021