UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* FTCA Flint Water Cases

Civil Case No. 4:17-cv-11218
(Consolidated)

_____/

Honorable Linda V. Parker
United States District Judge

This Order Relates to:

All Cases

### OPINION AND ORDER REGARDING PLAINTIFFS' OBJECTIONS [ECF NO. 215] TO MAGISTRATE JUDGE'S ORDER [ECF NO. 212]

Stipulated Case Management Order No. 4, entered on February 11, 2022, requires a separate court-approved protocol for conducting Defense Medical Examinations ("DMEs") pursuant to Federal Rule of Civil Procedure 35. (*See* ECF No. 172 at Pg ID 3514, ¶ 11.8.) Unable to agree to the terms and conditions of such a protocol, the United States filed a motion for the DMEs to be conducted in accordance with its proposed protocol. (ECF No. 206.) This Court referred the motion to Magistrate Judge Curtis Ivy, Jr. for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (ECF No. 208.)

After full briefing and a lengthy hearing, Magistrate Judge Ivy issued a decision on March 6, 2023, granting in part the motion. (ECF No. 212.) As relevant to the objections now before the Court, Magistrate Judge Ivy held that Plaintiffs did not show "a special need or good reason" to allow a parent or

guardian to be present during the DMEs of the minor plaintiffs. (*Id*. at Pg ID 4275-78.) Plaintiffs filed objections to that portion of Magistrate Judge Ivy's decision, only, on March 30.[1] (ECF No. 216.) Those objections are fully briefed. (ECF Nos. 216, 217.)

## Standard of Review

When a party objects to a magistrate judge's non-dispositive decision, the reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g., Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *Id*. (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). The "contrary to law" standard requires the court to "exercise its independent judgment with respect to a [m]agistrate [j]udge's legal

---

[1] Throughout their objections, Plaintiffs repeatedly use the title "magistrate" instead of "magistrate judge." The title *magistrate* no longer exists in the United States courts, having been changed from "magistrate" to "magistrate judge" in 1990. See Judicial Improvements Act of 1990, Pub L. No. 101-650, § 321, 104 Stat. 5089 (1990)

conclusions[,]" and "overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (internal citations and quotations omitted).

## Analysis

Magistrate Judge Ivy's decision is not contrary to law. It is suggested in Plaintiffs' objections that requiring proof of a special need or good cause is not supported by Sixth Circuit precedent as the appellate court observed in *Mager v. Wisconsin Central Limited*, 924 F.3d 831 (2019), that it "ha[d] not had occasion to address the parameters of the trial's court's discretion to grant or deny [a request for a third party to attend an DME]." (ECF No. 215 at Pg ID 4404.) However, Magistrate Judge Ivy's decision cannot be contrary to Sixth Circuit precedent if the court has not addressed the issue. *See Wiggins v. Argent Mortg. Co.*, No. 11-cv-15118, 2012 WL 2992602, at *2 (E.D. Mich. July 20, 2012) (citing *Gandee*, 785 F. Supp. at 686) (explaining that, in the absence of binding Sixth Circuit or Supreme Court precedent contrary to the magistrate judge's decision, the decision was not contrary to law). And Plaintiffs do not demonstrate that Magistrate Judge Ivy's decision is contrary to the holdings of other courts considering the matter.

In fact, Plaintiffs do not take issue with Magistrate Judge Ivy's dependence on the rule stated in *Gohl v. Livonia Pub. Schools*, Nos. 12-cv-15199, 13-cv-

3

11687, 13-cv-12012, 2015 WL 1469749 (E.D. Mich. Mar. 30, 2015), that "[u]nless the opposing party demonstrates a special need or good cause, most federal courts have not permitted either a recording or an observer of an examination." *Id.* at *2 (citing *Lahar v. Oakland Cnty.*, No. 05-cv-72920, 2006 WL 2269340, at *8 (E.D. Mich. Aug. 8, 2006)); (*see generally* ECF Nos. 215, 217.) Nor do Plaintiffs take issue with Magistrate Judge Ivy's assertion that they bore the burden of demonstrating a special need or good cause for the third-party's presence during the DMEs. *Gohl*, 2015 WL 1469749, at *2 (citing *Williams v. Serra Chevrolet Auto., LLC*, No. 12-cv-11756, 2013 WL 3467314, at *1 (E.D. Mich. July 10, 2013)).

Plaintiffs assert that Magistrate Judge Ivy's decision is contrary to *Gohl*—"the only relevant law in this District that addressed third party observers in the context of a neuropsych examination of a minor child or other legally incompetent plaintiff." (ECF No. 215 at Pg Id 4400 (citing *Gohl*, 2015 WL 1469749 and *Ardt v. Allstate Ins. Co.*, No. 09-cv-14247, 2011 WL 768294 (E.D. Mich. Feb. 28, 2011)).) However, as indicated above, the law applied by Magistrate Judge Ivy is the same law applied in *Gohl* and *Ardt*. *See Gohl*, 2015 WL 1469749, at *2; *Ardt*, 2011 WL 768294, at *2. It is the factual scenarios in the cases that resulted in different outcomes. Further, these decisions are not binding and, thus, a decision contrary to their holdings is not "contrary to law." *See Wiggins, supra*; *see also*

4

*Ohio A. Philip Randolph Ins. v. Larose*, 761 F. App'x 506, 513 n. 4 (6th Cir. 2019) (quoting *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011)) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.").

Plaintiffs' objections instead are directed to Magistrate Judge Ivy's finding that they failed to demonstrate a special need or good cause. Yet, Magistrate Judge Ivy did not clearly err in finding that Plaintiffs failed to demonstrate a special need or good cause. Magistrate Judge Ivy reasoned, in part:

> Plaintiffs mention that the minor children present cognitive deficiencies, but do not explain these deficiencies or support their contention. They stated that the children suffer emotional and psychological trauma as a result of the lead contaminated water, which is precisely the allegations for which these examinations are needed. That said, they did not support the implication that their trauma provides good cause to have an observer present. The bare assertion that the children will experience anxiety during the examinations similarly is unsupported and does not provide special need or good cause to have an observer present. Finally, no authority supports that a minor has a right to have a third-party observer during independent medical examinations just because they are a minor.

(ECF No. 212 at Pg ID 4277.) This was a correct assessment of the record and, as to the last observation, the law.

In responding to the motion filed by the United States, Plaintiffs, in their brief and during oral argument, focused their challenge on the rationale for not allowing third-party observers provided by the psychologist retained to perform the

DMEs, Dr. Jennifer Huffman. (*See* ECF No. 209 at Pg ID 4221-29; ECF No. 213 at Pg ID 4292-97, 4306-09.) Only in passing did Plaintiffs assert that the minor plaintiffs "present with cognitive deficiencies . . . and . . . emotional and psychological trauma . . .." (ECF No. 209 at Pg ID 4223.) Magistrate Judge Ivy, therefore, did not err in finding that Plaintiffs made only bare, generalized assertions, without support, to show that there is a special need or good cause for an observer to be present.

Plaintiffs now argue that *the United States* "is well aware of the diagnosed cognitive difficulties of each of these children." (ECF No. 217 at Pg ID 4420.) But it is *Magistrate Judge Ivy's* findings that are at issue and what support was presented *to him* with respect to those difficulties. This Court cannot find that Magistrate Judge Ivy clearly erred based on information perhaps known to the parties but not presented in the record to him. Moreover, it is insufficient to simply identify the cognitive difficulties without explaining why they necessitate the presence of a third-party observer. And as indicated above, it was Plaintiffs burden to demonstrate a special need or good cause.

Plaintiffs argue that the caselaw does not support the requirement of "an evidentiary presentation or support in ruling on the propriety of a DME protocol[]" and "simply require[s] that Plaintiffs have a special need or a good reason for the observer." (ECF No. 217 at Pg ID 4420 (citing *Lahar*, 2006 WL 2269340, at *8).)

6

In other words, Plaintiffs seem to be taking the position that they satisfy their burden of showing a special need or good reason simply by claiming that the minor plaintiffs have unspecified cognitive difficulties that require the presence of a parent or guardian at the DMEs. *Lahar* does not support Plaintiff's assertion, however. In that case, the court simply found that the "[p]laintiff ha[d] not identified a special need or good reason to allow an observer or recording[.]" *Lahar*, 2006 WL 2269340, at 8.

The cases cited by the *Lahar* court with respect to when either a recording or an observer is permitted, *see id.*, in fact suggest that some evidentiary support is required to demonstrate a special need or good reason. For example, in *Tomlin v. Holecek*, 150 F.R.D. 628, 631 (D. Minn. 1993), the court rejected the request for a tape recording absent "factual verification" supporting the need for the request. *Id*. at 631 n. 3. Similarly, in *Shirsat v. Mutual Pharmaceutical Company*, 169 F.R.D. 68 (E.D. Penn. 1996), the court found that the plaintiff had not presented any evidence indicating that the examiner was biased and, therefore, an observer was needed to monitor the exam. *Id*. at 71. The court in *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605 (C.D. Cal. 1995), also denied the request for a third-party observer because the letter offered by the plaintiff to show that the examiner "is an advocate, hostile to plaintiff and her counsel" did not show that the examiner

7

would "not conduct an unbiased, proper examination[]" and no other evidence had been proffered to make this showing. *Id*. at 609.

Moreover, a court's discretion to set conditions for a Rule 35 examination arise from Rule 26(c), *see Tomlinson v. Landers*, No. 3:07-cv-1180, 2009 WL 2496531, at *1 (M.D. Fla. Aug. 12, 2009) (citing cases), which provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[,]" Fed. R. Civ. P. 26(c). The Sixth Circuit has expressly held that the showing of "good cause" under Rule 26(c) must be made "with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (2016) (quoting *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012)); *see also Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (citations omitted) ("To show good cause, a movant . . . must articulate specific facts showing clearly defined and serious injury . . . and cannot rely on mere conclusory statements."). Plaintiffs here make conclusory assertions as to the minor plaintiffs' unspecified cognitive deficiencies. In comparison, in *Gohl*, the minor plaintiffs were known to suffer from Down syndrome, cri-du-chat syndrome, and hydrocephalus. 2015 WL 1469749, at *3. And in *Ardt* there was evidence that the plaintiff "suffer[ed] from frequent behavioral outbursts, ha[d] limited speech capabilities from aphasia," and

8

was accompanied by a woman to medical and dental procedures who had "a calming affect on [p]laintiff" and in whose absence, the plaintiff [became] quickly agitated and [was] unwilling to accept treatment." 2011 WL 768294, at *2.

For these reasons, the Court finds that Magistrate Judge Ivy's March 6, 2023 order is neither contrary to law nor based on a clearly erroneous finding of the facts. The Court, therefore, declines to accept Plaintiffs' objections to the order. Nevertheless, if it becomes apparent during the DME of any minor plaintiff that the minor plaintiff is unable to proceed without a parent or guardian present, the parties may return to this Court and request a modification of Magistrate Judge Ivy's decision.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 11, 2023