UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re FTCA Flint Water Cases

Civil No. 4:17-cv-11218
(Consolidated)

Linda V. Parker
United States District Judge

_____/

**DEFENDANT UNITED STATES OF AMERICA'S
MOTION TO DISMISS PLAINTIFFS LAURIE FULLER AND P.F.**

Plaintiffs Laurie Fuller and P.F. have refused to participate in discovery, in contravention of the Court's Order of May 26, 2023, ECF No. 220. As set forth in the following Memorandum, the United States therefore moves to dismiss their claims with prejudice.

**MEMORANDUM IN SUPPORT OF
DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS
PLAINTIFFS LAURIE FULLER AND P.F.**

**A.    Background**

For more than nine months, Plaintiffs Laurie Fuller and P.F.[1] have steadfastly refused to fulfill their discovery obligations. On multiple occasions, Plaintiff Laurie Fuller refused to permit lead inspections of her and P.F.'s residence, as prescribed by Case Management Order No. 4 (CMO 4). On October 4, 2022, expert inspectors retained by the United States arrived at Plaintiffs' residence at a pre-arranged time and date, only to be denied entry by Plaintiff Laurie Fuller. After repeated follow-up attempts to reschedule an inspection, Plaintiffs' counsel informed the inspectors that Fuller was refusing access.

By May 2023, the United States had no choice but to inform Plaintiffs' counsel, Patrick Lanciotti and Paul Napoli of Napoli Shkolnik PLLC, that the United States would move to dismiss Plaintiffs' claims for their refusal to participate in discovery. Plaintiffs' counsel told the United States that their client was refusing to participate in discovery without a Court order, and Plaintiffs' counsel asked the United States, instead of moving to dismiss, to stipulate to a

---

[1] Plaintiff P.F. is one of the first 14 bellwether plaintiffs in the FTCA Discovery Group. Because P.F. is a minor, her claims were brought on her behalf by her mother, Laurie Fuller. Plaintiff Laurie Fuller is also a plaintiff in her own right, asserting her own claims, although Laurie Fuller is not in her own right one of the FTCA Discovery Group bellwether plaintiffs.

2

Court order directing Plaintiffs to comply with their discovery obligations or face the automatic dismissal of their claims. The United States agreed to this somewhat unconventional request, and the Court entered the parties' stipulated order on May 26, 2023. ECF No. 220.

The Court's May 26 Order directed Plaintiffs (1) to allow home inspections within 30 days of the Order, *i.e.*, by June 26, 2023; (2) to allow P.F. to undergo a defense medical examination on or before August 13, 2023; and (3) to participate in depositions within 45 days of the Order, *i.e.*, by July 10, 2023. *See* ECF No. 220. The Court's Order states that failure to comply with any of these basic discovery requirements means that Plaintiffs' claims "will be automatically dismissed." *Id.*

Plaintiffs have not complied with the Court's Order. Instead, on June 22 and June 29, 2023, Plaintiff Laurie Fuller again refused to allow lead inspections of her home to take place. The United States therefore asked Plaintiffs' counsel on July 7, 2023, for a stipulated order of dismissal for Plaintiffs' failure to comply with the Court's May 26 Order. In discussions between the United States and Plaintiffs' counsel over the next several days, Plaintiffs' counsel also informed the United States that they expected that Plaintiffs would not show up for the defense medical

examination scheduled for P.F. on July 18, 2023.[2] Plaintiffs' counsel further stated that the depositions of Laurie Fuller and P.F. scheduled for July 13 and 14, 2023, should not go forward, and that Plaintiffs' counsel would not be appearing at those depositions.

Plaintiffs' counsel ultimately informed the United States that there has been a breakdown in communication with their clients, Laurie Fuller and P.F.; that they intend to seek to withdraw as counsel for Laurie Fuller and P.F.; and that Plaintiffs' counsel therefore takes no position on this Motion to Dismiss.

**B.** **Legal Standard**

The Federal Rules of Civil Procedure authorize dismissal of an action for a party's refusal to participate in discovery and for defiance of a court order. *See* Fed. R. Civ. P. 37(b)(2)(A)(v) ("If a party . . . fails to obey an order to provide or permit discovery," the court "may issue further just orders," including "dismissing the action or proceeding"); Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

"Four factors are to be considered in determining whether dismissal is an appropriate sanction for failure to comply with a discovery obligation or other

---

[2] By cancelling the appointment less than 2 weeks in advance, Plaintiffs incurred a cancellation fee of $2,870, per Dr. Jennifer Huffman's standard fee schedule.

court order: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Mager v. Wisconsin Central Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019). To dismiss, a court need not find that all factors weigh in favor of dismissal. *See Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 740 (6th Cir. 2008) (three of four factors sufficient).

**C.   Argument**

Plaintiffs have already stipulated that their case would be "automatically dismissed" if they continued to refuse to participate in discovery. *See* ECF No. 220. That is the end of the matter.

Regardless, every prong of the dismissal standard is satisfied here. *See Mager*, 924 F.3d at 837. First, Plaintiffs' failure to comply with their discovery obligations and the Court's order is willful; indeed, Plaintiff Laurie Fuller personally informed the lead inspectors on multiple occasions, including after the Court's order, that she would not permit an inspection of her property. Through their counsel, Plaintiffs have also communicated their refusal to participate in depositions or in the defense medical examination of P.F. Second, without an inspection of Plaintiffs' property, depositions of Plaintiffs, or a medical

5

examination of P.F., the United States has been deprived of its right to investigate and defend against Plaintiffs' allegations. <u>Third</u>, Plaintiffs were warned in the Court's May 26 Order that failure to cooperate would lead to dismissal. <u>Fourth</u>, while the Court has had the opportunity to consider sanctions short of dismissal, Plaintiffs expressly stipulated to the sanction of future dismissal to avoid an earlier motion to dismiss by the United States. No other sanction short of dismissal would suffice to change their behavior if even the threat of dismissal had no effect.

Notwithstanding Plaintiffs' counsel's statement that they intend to seek to withdraw as counsel for Laurie Fuller and P.F., the Court should dismiss Plaintiffs' claims with prejudice. Both before and after the Court's order, Plaintiffs have had abundant opportunities to comply with their discovery obligations. From the United States' vantage point, it appears that Plaintiffs' counsel have tried over and over to persuade their clients to participate in discovery, but Plaintiffs have repeatedly made plain that they have no intention of doing so. There is no reason to believe a different attorney could be found to represent clients with this track record of defying a Court order and refusing to participate in their own case. Nor is there any reason to believe another attorney could change Plaintiffs' mind when the message from any new attorney would be the same: Plaintiffs must participate in discovery. Nor is there any reason to believe Plaintiffs' position would change if

they represented themselves; the Court has already ordered Plaintiffs to participate in discovery lest their claims be automatically dismissed. *See* ECF No. 220.

That time has now arrived. The Court should not indulge Plaintiffs further and should dismiss with prejudice all claims brought by Laurie Fuller and P.F.

There is no need to delay the bellwether process further by seeking a replacement plaintiff; the 13 remaining bellwether plaintiffs are sufficient for the bellwether process to proceed.

Dated: July 20, 2023              Respectfully submitted,

                                  */s/ Timothy B. Walthall*
                                  Timothy B. Walthall (MA Bar #515460)
                                  Daniel C. Eagles (DC Bar #1035048)
                                  Michael L. Williams (DC Bar #471618)
                                  Trial Attorneys
                                  United States Department of Justice
                                  Civil Division, Torts Branch
                                  Environmental Torts Litigation Section
                                  175 N Street NE
                                  Washington, DC, 20002
                                  E-mail: timothy.walthall@usdoj.gov
                                  Phone: 202-305-0692
                                  Fax: 202-616-4473

                                  *Counsel for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2023, a copy of the foregoing document was filed via the Court's ECF system and served on counsel of record through the ECF system.

                                              */s/ Timothy B. Walthall*
                                              Timothy B. Walthall