UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* FTCA Flint Water Cases,

_____/

This Response Relates to:
ALL CASES

Civil No. 4:17-cv-11218

Linda V. Parker
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

_____

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**

1. The Discovery Sought by Defendants is not Relevant to Any Claim or Defense in this Matter.

As this Court has noted, the starting point for resolving a dispute over whether discovery should be permitted under Fed. R. Civ. P. 26 is to assess whether the discovery sought is relevant to the claims and defenses asserted and proportional to the needs of the case. *Lantz v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 6974856 (ED Mich 2014): Fed R Civ P 26(b) (1).

Defendants' sole argument to support the relevancy of the information at issue (facts including matters sealed by HYTA and reference to the underlying facts in SJ's disciplinary records) is set forth in their response at pp. 6-7, as follows:

> Here, SJ contends that all his middle school and high school disciplinary issues are attributable to the water distributed by the City of Flint after April 2014 (see SJ Deposition at 47:4-8).

Ds.' Rsp. Opposition, ECF. 227, Page ID 46119.

However, it is clear from the deposition that SJ did **not** contend that the discipline at issue here was attributable to the Flint water since he was never asked that question. Defendants presented the redacted record of discipline to SJ, after noting that the disciplinary action at issue in this matter had been redacted, (Dep. p. 46 lines 21-24; p 47 lines 1-2). SJ then testified:

> Q. Are you contending that all of the disciplinary actions here, listed here, are attributable to your exposure to the water distributed by the City of Flint?

1

> A. Yes.
> Q. And why do you say that?
> A. Because I know before that I wouldn't do anything like that that's listed right in front of you, as far as getting into fights still and skipping class. I wasn't doing that at first. And then all of a sudden, it just started happening out of nowhere.[1]

Deposition SJ at pp. 46-47 (Exh. 1).

Defendants provide no other basis to support the relevancy of a high school suspension that formed the basis of Plaintiff's HYTA designation which would warrant discovery. Defendants' assertion that the high school suspension "may bear upon Defendants' defenses or lead to information that bears upon those defenses" is simply an unsupported, conclusory statement that is insufficient to support discovery so far afield from any claim or defense in this case. In light of the protections of HYTA, the balance of prejudicial over probative value, the impropriety of any attempt to admit this as character evidence and Defendant's inability to articulate any possible tangential relevance, a protective order limiting discovery is warranted.

Here, the Plaintiffs claim that the EPA failed in their responsibilities for oversight and enforcement of regulations to maintain safe drinking water; failed to warn residents of violations of the law and rules designed to limit lead contaminates in their water; misled Flint residents of the safety of their water in response to

---

[1] The redacted discipline does not evidence any fighting or skipping class which Plaintiff alludes to as related to his Flint Water exposure.

2

citizens' complaints; and violated their rights to bodily integrity by failing to take steps to limit the leaching of lead by corrosive Flint River water into the drinking water.

The question before this Court now is whether to provide a minor Bellwether Plaintiff who was 14 at the time of the water crisis, and is now 20, protection against Defendant's stated desire to discover the facts surrounding a charge of violation of the law that has been resolved by the Court granting him HYTA status. That inquiry simply has no relevance to the claims or defenses in this case. Nor are Plaintiffs claiming any damages or injuries related to the underlying facts. Instead, Defendants merely seek to publicize that which HYTA's intended purpose is to protect.

2.    HYTA Protections.

Defendants misread Plaintiffs' motion as asserting a privilege under Fed. R. Civ. P. 26(b), and argue in response the "lack of case law to support their privilege argument."

Plaintiffs moved for a protective order to protect SJ from annoyance, embarrassment, and oppression pursuant to Rule 26(c)(1). Plaintiffs' argument is that it is not relevant and the framework, purpose and protections of the Holmes Youthful Trainee Act would be undermined by forcing discovery on this issue and that Plaintiff would be prejudiced by being forced to choose between foregoing

3

HYTA protections against disclosure or defending himself against the allegations which led to the discipline.

The cases Defendants rely upon in an attempt to narrow HYTA's remedial purpose and scope are inapposite and do not support its position. This Court in *United States v. Hawkins* 2020 WL 206465 (ED Mich 2020) addressed whether the defendant's HYTA status meant he was "under indictment" such that possession of a firearm violated 18 U.S.C. § 922(g)(3). The Court allowed disclosure of the existence of a HYTA plea to support a criminal charge not discovery of the underlying facts related to a HYTA plea for use in an unrelated civil case.

Similarly, Defendants overstate the import of the "Brief in support of Defendants' Motion in Limine" in *Thomas v Ferguson*, 2012 WL 6720579 (MI COA, Dec. 27, 2012) (Exh. 2). Defendant argued that any questions regarding his arrests and prior criminal history should not be permitted as this prior criminal history would be inadmissible under the Michigan Rules of Evidence and HYTA.

The issue involved, at least arguably, relevant discovery of a criminal history record in a case claiming civil damages, for assault and battery, following a conviction for assault with intent to do great bodily harm arising out of the same assault at issue in the civil case. And the court did, in fact, prohibit any introduction of these matters at trial. *Id.* Nor are Defendants helped by reference to *People v.*

4

*Bobek*, 217 Mich. App. 524; 553 NW2d 18 (1996) which reaffirmed the purpose of the statute – to protect young people from any public awareness of the circumstances of their mistakes.[2] And, contrary to Defendants' assertion, these protections extend to those on probation, in anticipation of the completion of HYTA requirements.[3]

Defendants' argument that protections commence only after successful completion of HYTA was rejected in *People v GR*, 331 Mich App 58, 65; 951 NW2d 76 (2020), which found that the assignment of a youth to HYTA status commences its protections "as we have already discussed keeping the proceedings open to the public would defeat the rehabilitative aims of HYTA." *Id.* at 73.

Here, SJ has been assigned HYTA status and exposing him to public disclosure, including Defendants' counsel, the court reporter and anyone else made aware of the discovery would defeat the rehabilitative goals of HYTA without any apparent purpose but to embarrass and shame.

---

[2] The Court held that all proceedings must be closed to the public to comply with the statue but found that violations of the statute by public awareness was not sufficient to discharge the youth from probation after 28 days.

[3] Defendants' arguments that the protections only apply after completion of probation status would make the protections a nullity as recordings and hearings would be available to the public for years. As noted in *Bobek*, all proceedings are protected from any public disclosure.

3.      Defendants' Request for Sanctions is Unsupported by the Facts & Rules.

Defendants first charge Plaintiffs with a failure to be prescient and seek a protective order prior to SJ's deposition, in anticipation of Defendant possibly asking a question about this issue. But there is no support for Plaintiffs to have to seek an anticipatory protective order.

After two hours of deposition testimony, Plaintiffs objected and instructed SJ not to answer one question. The parties then broke to confer with this Court who instructed Defendant to redact a document and to withhold any questions on that subject pending further briefing to this Court.

Plaintiffs then promptly filed a Motion for Protective Order. Defendant now seeks sanctions pursuant to Rule 37(a)(5)(B) which does not authorize sanctions in this context. That rule requires sanctions only when the opposing party succeeds on a motion to compel. Fed. Rule. Civ. P. 37(a)(5)(A). The rule is inapplicable as no party filed a motion to compel. Moreover, even if Defendant had filed such a motion, a court may not order payments if the objection was substantially justified or any other reason made an award of expenses unjust.

Rule 30 does not provide a basis to issue sanctions either. The rule provides that a court may issue sanctions "on a person who impedes delays, or frustrates the fair examination of the deponent." Rule 30(d)(3). That did not occur here.

6

Caselaw also does not support the request for sanctions. See *Collier v LoGiudice*, 818 Fed. App. 506 (6th Cir. 2020) (Court did not abuse its discretion to deny sanctions where a Motion to Compel was granted after a party made 300 objections, instructed a deponent not to answer based on relevance, and left deposition before completion); *First Tennessee Bank v Federal Deposit Ins. Corp*., 108 F.R.D. 640 (6th Cir 1985) (one improper instruction not to answer a question in an otherwise four hour deposition not so egregious as to warrant expenses).

Defendant only cited cases from other jurisdictions which involve Rule 37 motions after deponents were instructed not to answer on multiple occasions involving a range of different subject areas. Thus those cases are inapposite.

Therefore, Plaintiffs request that this Court grant the motion for protective order and deny the request for sanctions.

Respectfully submitted,

By: s/ *Cary S. McGehee*
Cary S. McGehee (P42318)
Beth M. Rivers (P33614)
PITT McGEHEE PALMER & RIVERS, PC
117 W. Fourth Street, Suite 200
Royal Oak, MI 48067
(248) 398-9800
cmcgehee@pittlawpc.com
brivers@pittlawpc.com

Julie H. Hurwitz (P34720)
GOODMAN HURWITZ & JAMES, PC

7

1394 E. Jefferson Avenue
Detroit, MI 48207
(313) 567-6170
jhurwitz@goodmanhurwitz.com

*Co-Lead Counsel for the FTCA Plaintiffs*

By: */s/ Paul J. Napoli*
Paul J. Napoli
NAPOLI SHKOLNIK PLLC
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
(787) 493-5088
PNapoli@NSPRlaw.com

Deborah A. LaBelle (P31595)
LAW OFFICES OF DEBORAH A. LABELLE
221 N. Main Street, Suite 300
Ann Arbor, MI 48104 (734) 996-5620
deblabelle@aol.com

*Attorneys for Plaintiffs*

Dated: July 27, 2023

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was filed with the U.S. District Court through the ECF filing system and that all parties to the above cause was served via the ECF filing system on July 27, 2023.

/s/*Betsy L. Lewis*
221 N. Main St., Ste. 300
Ann arbor, MI
(734) 996-56200
betsyllewis@gmail.com