# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| *In re*: FTCA Flint Water Cases, | No. 4:17-cv-11218 |
| | Hon. Linda V. Parker |
| | Mag. Curtis Ivy, Jr. |

# PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT UNITED STATES OF AMERICA'S MOTION TO EXTEND AND MODIFY CASE MANAGEMENT DEADLINES

Plaintiffs, by and through the undersigned counsel, hereby file this Opposition to Defendant United States' Motion to Extend and Modify Case Management Deadlines (ECF No. 236) (hereinafter the "Motion to Extend"). As an initial matter, Plaintiffs do not object to the relief sought in the Motion to Extend. Plaintiffs agree that an extension of time to complete discovery under Case Management Order No. 4 (ECF No. 172) ("CMO 4") should be granted to allow the parties sufficient time to complete outstanding discovery. However, a number of matters not addressed in Defendant's motion deserve mention.

First, Defendant states in its motion that it has been diligently pursuing discovery but "through not fault of its own" it has been unable to meet deadlines. Plaintiffs take exception to this representation because it is not accurate. The parties have been generally working cooperatively to complete discovery and it is true that the ability of some of the bellwether Plaintiffs to participate in the process has been challenged through difficult obstacles in their lives. However, the delay in completing discovery has also been caused by the inordinate amount of time it took Defendant to retain an alternative psychological expert after their originally selected expert experienced medical issues and had to exit the litigation. In addition, Defendants have requested two extensions of time- more than two additional months- to provide documents responsive to Plaintiffs' 3rd Request to Produce. Responses were due on June 12, and Defendant informed Plaintiffs that it would not

be able to provide the relevant requested documents responsive to Request to Produce number 3 until August 31.

In addition to the needs identified by the Defendants, the parties have been engaged in numerous meet and confers on Defendants redaction of documents and failure to produce documents that admittedly should not have been redacted. While some of the issues have been resolved by production of unredacted materials, significant discovery is outstanding. Some materials Defendants have committed to provide by August 31, 2023, however if the remaining discovery is not produced in an unredacted form, additional time will be needed to address these matters and obtain production prior to the final depositions scheduled for the second week in October.

Additionally, unexpected difficulties concerning the two FTCA Discovery Group Plaintiffs subject to Defendant's Motion to Extend have brought the need to replace these plaintiffs, pursuant to Case Management Order No. 3 (ECF No. 111) ("CMO 3") and CMO 4.

On August 29, 2023, the parties participated in a meet and confer to discuss the dismissal of two FTCA Discovery Group Plaintiffs, and the procedure for replacement, as contemplated under the case management orders. The Motion to Extend presents an undeniable irony. While Plaintiffs do not oppose the request for extension, the two Plaintiffs subject to the motion will be dismissing their claims.

As discussed below, Plaintiffs believe the discovery deadlines must take into consideration the replacement of FTCA Discovery Group Plaintiffs who have or will be dismissed.

I.   **FACTUAL BACKGROUND**

The FTCA Discovery Group Plaintiffs requiring replacement are 1) P.F. and her mother Laurie Fuller (dismissed by this Court's Order on July 21, 2023, ECF No. 231); 2) H.J. and her father Corey Baker; and 3) E.M. and his mother Sylvia Mathews (collectively referred to herein as the "FTCA Discovery Group Dismissal Plaintiffs.")

   a. H.J. and E.M

On August 10, 2023, the United States filed a Motion to Compel discovery from two FTCA Discovery Group Plaintiffs: H.J. and her father Corey Baker, and E.M. and his mother Sylvia Mathews. *See* ECF No. 237 (hereinafter the "Motion to Compel"). During the August 29, 2023 meet and confer, Plaintiffs advised counsel for the United States that Plaintiff Corey Baker has agreed to voluntarily dismiss his claim, as well as H.J.'s claim, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(ii). The parties are preparing a joint stipulation of dismissal for the Court's consideration.

Due to a lingering temporary custody issue, Plaintiff Sylvia Mathews has been unable to facilitate E.M.'s participation in both a deposition and a defense medical

3

examination (DME). Given the uncertainty around resolving this matter and with the intention of expediting the bellwether process, Plaintiffs offered to voluntary dismiss of E.M. without prejudice during the August 29 meet and confer. Plaintiffs seek a dismissal without prejudice because EM is a minor and for reasons beyond his control, he is currently in foster care and is not able to participate in the bellwether process. The United States denied the request and stated that that a dismissal of E.M.'s claim must be done with prejudice.

Given that both E.M. and H.J. have agreed to voluntarily dismiss their claims against the United States, the pending Motion to Compel is moot.

    b. <u>Dismissal of P.F.</u>

On July 21, 2023, the Court ordered the dismissal of FTCA Discovery Group Plaintiffs Laurie Fuller and P.F. for failure to comply with the Court's Order dated May 26, 2023 concerning discovery obligations. *See* ECF No. 231.

## II. REPLACEMENT OF THE FTCA DISCOVERY GROUP DISMISSAL PLAINTIFFS IS REQUIRED UNDER CMOS 3 AND 4

The replacement of the FTCA Discovery Group Dismissal Plaintiffs is contemplated under CMO 3 and 4 (ECF 111 and 172, respectively). [1] While CMO 3

---

[1] CMO 3, Section III (G)(3) states;
    Settlements and Voluntary Dismissals If the United States settles with a Disclosure Group FTCA Plaintiff or a Discovery Group FTCA Plaintiff, FTCA Plaintiffs Liaison Counsel **shall** select the replacement FTCA Plaintiff. If FTCA Plaintiffs voluntarily dismiss a Disclosure Group FTCA Plaintiff or a Discovery Group FTCA Plaintiff, counsel for the United States **shall** select the replacement FTCA Plaintiff. If either party believes one or more such settlements or voluntary dismissals threatens the utility of the bellwether process, such a party may seek relief from the Court.( emphasis added)

recognizes the importance of replacing and set forth a procedure for replacing Discovery Group Plaintiffs who settle their cases or who are voluntarily dismissed, it does not address the procedure to replace a Discovery Group Plaintiff who was dismissed under the circumstances surrounding P.F.'s dismissal. *See* CMO 3, section III G(3). In addition, CMO 4, section III addresses the selection of the final group of FTCA Discovery Group Plaintiffs who will participate in the bellwether trial and the importance of "keeping in mind the goal of having representation from all pre-designated damage categories, in order to provide sufficient guidance to the parties regarding the likely results of future litigation." (CMO 4, Section III, ECF 172). Accordingly, Plaintiffs will be filing a Motion for Replacement of the three FTCA Discovery Group Dismissal Plaintiffs within seven (7) days, on or before September 6, 2023.

The potential replacement of several FTCA Discovery Group Plaintiffs directly impacts the deadlines highlighted in the United States' Motion to Extend. As stated above, Plaintiffs do not oppose the relief requested in the United States' Motion to Extend. However, Plaintiffs believe that because Plaintiffs E.M. and H.J., the two FTCA Discovery Group Plaintiffs subject to Defendant's Motion to Extend, have agreed to voluntarily dismiss their claims, any extension of time must contemplate the potential replacement of the three plaintiffs discussed herein. Specifically, Defendants' Motion seeks to extend the fact discovery deadline for

Case 4:17-cv-11218-LVP-CI    ECF No. 239, PageID.4707    Filed 08/30/23    Page 7 of 9

plaintiffs H.J. and E.M. by 90 days after their deposition is completed. *See* ECF No. 236-1. Plaintiffs propose that subject to the Court's ruling on Plaintiffs' forthcoming Motion for Replacement, the fact discovery deadline for any replacement Plaintiffs be extended to 90 days after their deposition is completed. Given that other plaintiffs can be substituted in at this stage – and given that the Court's case management orders allow Defendant the ability to select replacement plaintiffs in the event of a voluntary dismissal, there is no prejudice to Defendant here.

Accordingly, Plaintiffs consent to the relief requested in the Motion to Extend to ensure both parties obtain the necessary discovery moving forward. However, complexities surrounding the FTCA Discovery Group Plaintiffs, particularly H.J. and E.M., necessitate their dismissal and subsequent replacement. Additionally, with P.F.'s dismissal previously ordered by the Court for non-compliance, it is imperative to recognize the need for replacements, as outlined by CMOs 3 and 4. Therefore, in moving forward, any approved extension must accommodate the potential inclusion of the replacements for the three plaintiffs discussed herein.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order denying Defendant's Motion to Extend without prejudice, subject to resolution of Plaintiffs' forthcoming Motion for Replacement.

6

                                        Respectfully submitted,

Dated: August 30, 2023

                                        By: /s/ Patrick J. Lanciotti
Patrick J. Lanciotti, Esq.
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY, 10017
(212) 397-1000
planciotti@napolilaw.com


                                        By: /s/ Cary S. McGehee
Cary S. McGehee P42318
Pitt McGehee Palmer Bonanni & Rivers PC
117 W. Fourth Street, Suite 200
Royal Oak, MI 48067
(248) 398-9800
cmcgehee@pittlawpc.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing upon counsel of record.

Dated: August 30, 2023

/s/ Patrick J. Lanciotti