# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

*In re*: FTCA Flint Water Cases,

No. 4:17-cv-11218

Hon. Linda V. Parker

Mag. Curtis Ivy, Jr.

# PLAINTIFFS' MOTION TO REPLACE
# FTCA DISCOVERY GROUP PLAINTIFFS

Plaintiffs, by and through the undersigned counsel, hereby file this Motion to Replace certain FTCA Discovery Group Plaintiffs. As previewed in Plaintiff's Opposition to Defendant United States' Motion to Extend and Modify Case Management Deadlines (ECF No. 239), the replacement of three FTCA Discovery Group Plaintiffs is required pursuant to this Court's prior case management orders. Unforeseen challenges related to the three FTCA Discovery Group Plaintiffs have necessitated the substitution of these plaintiffs. This change is mandatory under Case Management Order No. 3 (ECF No. 111) ("CMO 3") and Case Management Order No. 4 (ECF No. 172) ("CMO 4").

On August 29, 2023, both parties engaged in a meet and confer to discuss the replacement of three FTCA Discovery Group Plaintiffs and the subsequent steps for their replacement, as outlined in the case management orders. While the Court's case management orders mandate the substitution of FTCA Discovery Group Plaintiffs that have been or will be dismissed, counsel for the United States refused to adhere to the case management orders and work with Plaintiffs' counsel on replacing the three FTCA Discovery Group Plaintiffs. Accordingly, Plaintiffs must now file the instant motion.

## I.   FACTUAL BACKGROUND

The FTCA Discovery Group Plaintiffs requiring replacement are 1) P.F. and her mother Laurie Fuller, Category 2 Plaintiff selected by Plaintiffs (dismissed by

this Court's Order on July 21, 2023, ECF No. 231); 2) H.J. and her father Corey Baker, Category 7 Plaintiff selected by Plaintiffs; and 3) E.M. and his mother Sylvia Mathews Category 1 Plaintiff selected by Plaintiffs (collectively referred to herein as the "FTCA Discovery Group Dismissal Plaintiffs.")

a.  <u>H.J.</u>

On August 10, 2023, the United States filed a Motion to Compel discovery from two FTCA Discovery Group Plaintiffs: H.J. and her father Corey Baker, and E.M. and his mother Sylvia Mathews. *See* ECF No. 237 (hereinafter the "Motion to Compel"). During the August 29, 2023 meet and confer, Plaintiffs advised counsel for the United States that Plaintiff Corey Baker has agreed to voluntarily dismiss his claim, as well as H.J.'s claim, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(ii). The parties are preparing a joint stipulation of dismissal for the Court's consideration.

b.  E.M.

Due to a lingering temporary custody issue, Plaintiff Sylvia Mathews has been unable to facilitate E.M.'s participation in both a deposition and a defense medical examination (DME). Given the uncertainty around resolving this matter and with the intention of expediting the bellwether process, Plaintiffs offered to voluntarily dismiss E.M. without prejudice during the August 29 meet and confer. Plaintiffs seek a dismissal without prejudice because EM is a minor and for reasons beyond his

control, he is currently in foster care and  not able to participate in the bellwether process. The United States denied the request and stated that that a dismissal of E.M.'s claim must be done with prejudice.

      c.  Dismissal of P.F.

On July 21, 2023, the Court ordered the dismissal of FTCA Discovery Group Plaintiffs Laurie Fuller and P.F. for failure to comply with the Court's Order dated May 26, 2023 concerning discovery obligations. *See* ECF No. 231.

## II.    REPLACEMENT OF THE FTCA DISCOVERY GROUP DISMISSAL OF PLAINTIFFS IS REQUIRED UNDER CMOS 3 AND 4

The replacement of the FTCA Discovery Group Dismissal of Plaintiffs is contemplated under CMO 3 and 4 (ECF 111 and 172, respectively).[1] While CMO 3 recognizes the importance of replacing and setting forth a procedure for replacing Discovery Group Plaintiffs who settle their cases or who are voluntarily dismissed, it does not address the procedure to replace a Discovery Group Plaintiff who was dismissed under the circumstances surrounding P.F.'s dismissal. *See* CMO 3, section III G(3).

---

[1] CMO 3, Section III (G)(3) states;

    Settlements and Voluntary Dismissals If the United States settles with a Disclosure Group FTCA Plaintiff or a Discovery Group FTCA Plaintiff, FTCA Plaintiffs Liaison Counsel **shall** select the replacement FTCA Plaintiff. If FTCA Plaintiffs voluntarily dismiss a Disclosure Group FTCA Plaintiff or a Discovery Group FTCA Plaintiff, counsel for the United States **shall** select the replacement FTCA Plaintiff. If either party believes one or more such settlements or voluntary dismissals threatens the utility of the bellwether process, such a party may seek relief from the Court (emphasis added).

In addition, CMO 4, section III addresses the selection of the final group of FTCA Discovery Group Plaintiffs who will participate in the bellwether trial and the importance of "keeping in mind the goal of having representation from all pre-designated damage categories, in order to provide sufficient guidance to the parties regarding the likely results of future litigation." (CMO 4, Section III, ECF 172).

Additionally, the replacement of a class representative and/or bellwether plaintiff is supported under the Manual for Complex Litigation:

> Later replacement of a class representative may become necessary if, for example, the representative's individual claim has been mooted or otherwise significantly altered. Replacement also may be appropriate if a representative has engaged in conduct inconsistent with the interests of the class or is no longer pursuing the litigation. In such circumstances, courts generally allow class counsel time to make reasonable efforts to recruit and identify a new representative who meets the Rule 23(a) requirements. The court may permit intervention by a new representative or may simply designate that person as a representative in the order granting class certification.

Manual Complex Lit. § 21.26 (4th ed.).

Although this matter is not a class action, but a collective action, the same rationale for replacing class representatives in class actions applies in replacing bellwether plaintiffs. Bellwether trials in mass tort litigation give the parties the opportunity to learn incredible amounts about the ultimate success of the merits and value of a case. Bellwether trials aid in specifying future trends in the litigation and aim to give both sides of the litigation a look into who is likely to win and roughly the amount of injury a factfinder may award. The results of the Bellwether trials are

4

used to shape the way the remaining cases are approached and settled. In this matter, three of the Bellwether Plaintiffs selected by the Plaintiffs have or will be dismissed. If they are not replaced, the parties will not have a fair representation of Plaintiffs at the Bellwether trial and the process will fail in its purpose.

The forthcoming voluntary dismissals of FTCA Plaintiffs H.J. and E.M. necessitate their replacement by the United States pursuant CMO 3. *See* CMO 3, Section III (G)(3). However, because CMO 3 is silent as to which party selects a replacement if a FTCA Discovery Group Plaintiff is dismissed in the manner that P.F. was dismissed, Plaintiffs respectfully request that Plaintiffs be afforded the opportunity to select P.F.'s replacement.

It's critical to highlight that while CMO 3 outlines the process for settlements and voluntary dismissals, it remains silent on the instance of dismissals emanating from a failure to comply with Court orders. Plaintiffs believe that for the sake of equity of the bellwether process, it would be appropriate for Plaintiffs to select the replacement for P.F. Defendants already bear the duty of selecting replacements for H.J. and E.M., who will be voluntarily dismissing their claims.

Plaintiffs have proactively prepared a replacement case in the event a replacement selection is required. The FTCA claimant whom the Plaintiffs have put forth to replace P.F. was disclosed to the United States on August 2, 2023. Plaintiff Michael Knight, representing his minor child M.K., a Category 2 Plaintiff, was

randomly selected by Special Master Greenspan and is a member of the FTCA Disclosure Group of 140 claimants. *See* CMO 3 Section III (D). Plaintiff Knight has already exchanged the required Plaintiff Fact Sheet and supplied signed authorizations, which are currently in the possession of the United States. Moreover, given that Plaintiff M.K. has only one medical provider, requesting additional records would not present an undue burden. Additionally, Plaintiffs' counsel has coordinated with Plaintiff Knight and M.K., and is ready to immediately exchange responses to the discovery demands served by the United States on the FTCA Discovery Group Plaintiffs.

Plaintiff Michael Knight has been advised of the responsibilities that come with becoming an FTCA Discovery Group Plaintiff. Plaintiff Knight has expressed his willingness and eagerness to cooperate on an accelerated schedule, including attendance at a deposition and DME. Given the circumstances and the aforementioned considerations, it is both just and practical that Plaintiffs be granted the opportunity to select the replacement for P.F. This approach upholds the integrity of the bellwether process in keeping the FTCA Discovery Group pool at 14 claimants, and also ensures that representation is balanced, in both the Plaintiff and Defendant perspectives.

Given that other plaintiffs can be substituted in at this stage – and given that the Court's case management orders allow Defendant the ability to select

replacement plaintiffs in the event of a voluntary dismissal, there is no prejudice to Defendant here. Any additional discovery is limited to that of the three substituted FTCA Discovery Group Plaintiffs, which the Parties will work cooperatively and efficiently to conduct. Defendants are not prejudiced by the proposed substitution; very little additional discovery will be necessary and such discovery can be accomplished quickly. [2]

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order requiring 1) the United States to Replace Plaintiffs H.J. and E.M.; and 2) Plaintiffs to replace Plaintiff P.F., and for such other and further relief the Court deems just and proper.

Respectfully submitted,

Dated: September 6, 2023

By: /s/ Patrick J. Lanciotti
Patrick J. Lanciotti, Esq.
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY, 10017
(212) 397-1000
planciotti@napolilaw.com

---

[2] Defendants have filed a Motion to Extend and Modify Case Management Deadlines requesting that discovery be extended by 30 days and requesting additional time to complete discovery for Plaintiffs E.M. and J.H. (ECF 236)  The additional time requested by Defendant to complete discovery on E.M. and J.H. was based on the assumption that they would remain in the case. Now that they are going to be dismissed, this additional requested time can be used to complete discovery on the replacement Plaintiffs and neither party will be prejudiced, and the Bellwether trial will keep its integrity.

By: /s/ Cary S. McGehee
Cary S. McGehee P42318
Pitt McGehee Palmer Bonanni &
Rivers PC
117 W. Fourth Street, Suite 200
Royal Oak, MI 48067
(248) 398-9800
cmcgehee@pittlawpc.com

*Counsel for Plaintiffs*

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 6, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing upon counsel of record.

Dated: September 6, 2023

<u>/s/ Patrick J. Lanciotti</u>