UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* FTCA Flint Water Cases,

_____/

Case No. 17-cv-11218
(Consolidated)

This Order Relates to:

*All Cases*

Honorable Linda V. Parker

_____/

# OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF UNREDACTED DOCUMENTS

These consolidated cases are presently before the Court on Plaintiffs' motion to compel (ECF No. 255), which has been fully briefed (ECF Nos. 256, 257). For the reasons set forth below, the Court is denying the motion.

## Background

Prior to a status conference on November 7, 2023, Plaintiffs asked to add to the Court's conference agenda: "Plaintiffs['] intentions on filing a motion to compel the production of unredacted documents that the [United States] has redacted based on attorney client privilege." At the November 7 status conference, the United States indicated that, despite inquiring earlier, it was uncertain of the document(s) Plaintiffs were referencing until the morning of the conference. The morning of the conference, Plaintiffs identified the document at issue as the notes from an interview of Avi Garbow, General Counsel in the Environmental

Protection Agency's Office of General Counsel ("Garbow Interview"). (ECF No. 251 at PageID 4789.) Plaintiffs challenged the United States' redaction of the Garbow Interview, which were based on attorney-client privilege.

Plaintiffs maintained that there was urgency to address the issue because they wished to use the Garbow Interview at the deposition of a former EPA employee, Peter Grevatt, scheduled to begin November 29. (*Id.* at PageID 4784.) With the upcoming Thanksgiving holiday, this did not leave much time for a resolution. Nevertheless, the Court heeded Plaintiffs' request and entered an expedited briefing schedule to address the matter. (*See* 11/7/23 Minute Entry; ECF. No. 251 at PageID 4805-06.)

Plaintiffs filed their motion to compel on the expected date, November 13, but unexpectedly expanded the subject of their motion to four additional documents. (ECF No. 255.) In response, the United States decided to simply provide Plaintiffs with an unredacted copy of the Grabow Interview and, therefore, requested that Plaintiffs withdraw their motion to compel. Plaintiffs refused. The United States therefore filed a timely response to the motion. (ECF No. 256.) Plaintiffs then filed a timely reply. (ECF No. 257.)

### Discussion

Eastern District of Michigan Local Rule 7.1 requires a party to seek concurrence from the opposing side before filing a motion. *See* E.D. Mich. LR

("LR") 7.1(a). The requirement is quite comprehensive—requiring "a good faith interactive exchange"—to ensure the parties engage in reasonable efforts to resolve disputes before expending their time and effort to brief an issue and the Court's time and effort to resolve it. *See* LR 7.1(a)(1). This Court's Practice Guidelines go further, prohibiting a party from filing any discovery motion without first contacting the Court and participating in a conference attempting to resolve the specific dispute. *See* http://www.mied.uscourts.gov/.

Plaintiffs failed to adhere to Local Rule 7.1 or this Court's guidelines before filing their motion raising discovery issues concerning documents other than the Garbow Interview. Contrary to any suggestion in their reply brief (*see* ECF No. 257 at PageID 4963-64), Plaintiffs' reference to "documents" when requesting the addition of an item to the conference agenda did not satisfy their concurrence obligations under Local Rule 7.1 or the Court's guidelines.[1]

When the United States requested that Plaintiffs identify the documents at issue, Plaintiffs referenced the Garbow Interview, only, which they did on the

---

[1] At the status conference, Plaintiffs did tell the Court that they have "been dealing with this issue [redacted documents] with the . . . DOJ for some time" and described how, "through multiple meet and confers" the parties addressed these documents. (ECF No. 251 at PageID 4783-84.) However, this appeared to be provided by way of background rather than to present issues broader than the Garbow Interview to be addressed in an immediate motion. The conversation quickly turned to and focused on the Garbow Interview, only. (*See id*. at PageID 4784-87.)

3

morning of the conference. Nothing said at the status conference suggested that the parties discussed any other documents at this "meet and confer." No document other than the Garbow Interview was specifically discussed at the status conference. There was no request, suggestion, or discussion about a motion to compel addressing any document but this one or any broader problem concerning redactions. Nor did the Court give Plaintiffs' permission to file a motion to compel that covered other documents or issues.

As the response brief filed by the United States contends, compliance with the meet-and-confer requirements, alone, would have significantly, if not completely, alleviated the need for a motion with respect to the additional documents. For example, Plaintiffs attached a redacted document for which a subsequent version with far fewer redactions had been produced by the United States in early August 2023. A second document had been produced with no redactions in April 2022.

Plaintiffs assert in their reply brief that the United States has a "pattern of redacting documents" and only removing redactions after Plaintiffs question their propriety, and that this is not something Plaintiffs should have to do. (*See* ECF No. 257 at PageID 4964.) Plaintiffs seem to be suggesting that initial redactions in documents produced by the United States—far more than just the Garbow Interview—were unwarranted under the attorney-client privilege, although

4

Plaintiffs offer no proof to support this accusation. Plaintiffs therefore ask the Court to issue an order setting forth steps the United States must follow for redacted documents. (*Id.* at PageID 4965-66.) But these arguments raise issues far broader than the one discussed by the parties before the status conference—their purported "meet and confer"—or between the parties and the Court at the status conference. Further, they are inappropriately raised for the first time in reply, providing no opportunity for the United States to respond or for the relevant arguments and facts to be presented for the Court to evaluate their merit.

    In their reply brief, Plaintiffs also request sanctions against the United States under Federal Rule of Civil Procedure 37(a)(5) based on the production of the unredacted Garbow Interview after the motion to compel was filed. (*Id*. at PageID 4966-67.) However, Rule 37(a)(5) precludes sanctions "if . . the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action[.]" Fed. R. Civ. P. 37(a)(5)(A)(i). Sanctions also are precluded if "the opposing party's nondisclosures, response, or objection was substantially justified[.]" Fed. R. Civ. P. 37(a)(5)(A)(ii).

    The Court cannot find that Plaintiffs made a good faith attempt to resolve the redactions in the Garbow Interview given the timing and manner of how the issue was raised. Plaintiffs waited until the morning of the status conference to identify the document at issue, leaving little opportunity for the United States to

contemplate and the parties to engage in meaningful discussion as to whether all or some redactions should be removed. Nor can the Court conclude that the United States was not substantially justified in redacting the document, initially, even though it decided to provide an unredacted copy to Plaintiffs "to facilitate the completion of fact discovery and to obviate the need to address page-line redactions in the document." (ECF No. 256 at PageID 4900.) In other words, the United States may still believe that attorney-client privilege justifies the redactions but may have concluded that, at the particular juncture in the litigation, other interests outweigh the disclosure of the material  The Court, therefore, denies Plaintiffs' request for sanctions under Rule 37(a)(5).

Plaintiffs acknowledge that when they have raised concerns to the United States about redactions in specific documents, discussions between the parties—when given the opportunity to occur—result in redactions being removed. This occurs without the need for motions to compel. It is the process that Local Rule 7.1 and this Court's Practice Guidelines contemplate to avoid the filing of unnecessary motions. In fact, it is a process required by Rule 37 before a motion to compel may be filed. *See* Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to making disclosure or discovery in an effort to obtain it without court action.").

6

The Court is denying the motion to compel without prejudice to the extent it raises issues beyond the Garbow Interview as Plaintiffs failed to comply with these pre-filing requirements.  The motion to compel which this Court granted Plaintiffs permission to file—i.e., addressing the Garbow Interview—is moot due to the production of an unredacted version by the United States shortly after the motion was filed.  Therefore, to this extent, the motion is denied as moot.

**SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: November 22, 2023