UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* FTCA Flint Water Cases            Civil No. 4:17-cv-11218
                                                           (Consolidated)

This Order Relates to:                  Linda V. Parker
ALL CASES                                United States District Judge
_____/

## **STIPULATED EXPERT DISCOVERY PROTOCOL**

Pursuant to this Court's *Order Modifying and Extending CMO 4 Deadlines* (ECF 259, December 4, 2023), the parties are to submit a proposed Expert Discovery Protocol to the Court for approval or, if necessary, competing proposals. ECF 259, p.3. The *Order Modifying and Extending CMO 4 Deadlines* also specifies dates when the parties will disclose expert witness testimony and complete expert depositions. *Id.*

The parties have met-and-conferred and propose the provisions in this protocol to facilitate exchanging the facts or data considered by an expert witness ("Reliance Materials") in forming any opinions disclosed by a party pursuant to Federal Rule of Civil Procedure 26(a)(2), to obviate the potential need for additional requests for production or subpoenas for documents for expert witnesses, and to streamline completion of any needed depositions of expert witnesses.

1

(1) Parties may serve notice of a deposition for expert witnesses who have been retained or employed by any other party and who have completed an expert report pursuant to Federal Rule of Civil 26(a)(2)(B), *Witnesses Who Must Provide a Written Report*. These expert witnesses shall be produced for deposition without need for service of a subpoena. Parties will serve a subpoena for a deposition for expert witnesses who are disclosed pursuant to FRCP 26(a)(2)(C), *Witnesses Who Do Not Provide a Written Report*.

(2) The facts or data considered by an expert witness disclosed pursuant to FRCP 26(a)(2)(B)(i) may be voluminous and the parties shall produce all facts or data considered by the witness in forming any opinions via an agreed upon electronic transfer tool or Fedex delivery of hard copy documents no later than 21 days after the deadline to serve each expert report. Also, the facts or data for each expert witness will be produced separately and not commingled with materials for a different witness.

>    a. The expert witnesses, via counsel, do <u>not</u> need to produce:
>
>        i. Copies of documents that were produced previously in this *In re* FTCA Flint Water Cases, provided that the expert witness identifies the previously produced documents by Bates number.

    ii.    Copies of documents that were obtained via FRCP 45 subpoenas for records issued in connection with *In re* FTCA Flint Water Cases and previously made available to all counsel of record, provided that the expert witness identifies the previously produced documents by Bates number.

    iii.    Copies of depositions or deposition exhibits that were taken in connection with *In re* FTCA Flint Water Cases.

    iv.    Copies of materials that are publicly available (*e.g.*, published materials one might find in a library), unless it would be less burdensome for the expert witness to produce the document(s) than it would be for the receiving party to obtain, and the receiving party requests a copy of the document(s) after receiving the expert report.

    v.    Copies of materials previously produced by an expert or examining physician to a medical professional designated by the receiving party.

    vi.    Any materials protected by Federal Rule of Civil Procedure 26(b)(4).

(3) FRCP 26(b)(3)(A) and (B) and 26(b)(4)(B) and (C) protect communications between a party's attorney and any witness required to provide an expert report under FRCP 26(a)(2)(B) from discovery, and FRCP 26(b)(4)(B) specifically protects drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. There are three specific exceptions to this rule set forth in 26(b)(4)(C)(i)-(iii) to the extent that communications:

    (i)    relate to compensation for the expert's study or testimony;

      (ii)    identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or

      (iii)   identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

(4) For any expert witness disclosed by the parties pursuant to FRCP 26(a)(2)(B), counsel for the disclosing party will produce any communications between counsel and the expert that fall into any of the three exceptions listed in FRCP 26(b)(4)(C)(i)-(iii) no later than 14 days before the commencement of the deposition.. Communications that do not fall within any these three exceptions need not be produced or identified in a privilege log.

(5) For any expert witness disclosed by the parties pursuant to FRCP 26(a)(2)(C), the party sponsoring such witness shall disclose (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify. If not already subject to an existing FRCP 45 subpoena for any records related to bellwether plaintiffs, the parties may issue a subpoena for records to obtain relevant documents from any expert witness disclosed pursuant to FRCP 26(a)(2)(C) within 30 days of receipt of the disclosure for the witness. If already subject to an existing FRCP 45 subpoena, the parties may follow up with the witness to seek any additional records that may have become available since the subpoena initially was served.

(6)     FRCP 26(b)(3)(A) and (B) protect draft disclosures required under FRCP 26(a)(2). But Rule 26 does not protect communications between a party's attorney and witnesses who are disclosed pursuant to FRCP 26(a)(2)(C) and do not provide a written report from discovery. For any expert witness disclosed by the parties pursuant to FRCP 26(a)(2)(C), each party will produce any communications between counsel for the sponsoring party and the expert witness within 14 days of the expert disclosure.

(7)     Deadlines to disclose expert testimony and to complete depositions of expert witnesses disclosed pursuant to FRCP 26(a)(2) are set forth in the *Order Modifying and Extending CMO 4 Deadlines,* (ECF 259, December 4, 2023), p.2. The final three deadlines in this schedule are modified below, but these scheduling adjustments do not modify or extend any other deadlines in the Court's December 4, 2023 order.:

   a. Disclosure of expert testimony by plaintiffs, pursuant to FRCP 26(a)(2), by February 23, 2024;
   b. Disclosure of expert testimony by the United States, pursuant to FRCP 26(a)(2), by April 5, 2024;
   c. Disclosure of rebuttal expert testimony by plaintiffs, pursuant to FRCP 26(a)(2)(D)(ii) by May 6, 2024;
   d. Depositions of experts disclosed by plaintiffs by June 26, 2024;
   e. Depositions of experts disclosed by the United States by July 31, 2024.

(8)  The default time limit of FRCP 30(d) of 7 hours for each expert deposition will apply. If upon receipt of an expert report or disclosure, a party concludes that additional hours of examination time may be needed, for example due to the number of bellwether plaintiffs' information that may be at issue for a particular expert, parties will attempt to agree upon potential additional hours for the deposition no less than 30 days prior to the date of the deposition.

(9)  Pursuant to the *Second Stipulated Addendum to Case Management Order No. 4*, ECF 186 (07/15/2022), unless otherwise agreed by the parties and the witness being deposed, or by Court order, depositions of experts disclosed pursuant to FRCP 26(a)(2) shall be conducted remotely, in accordance with the procedures set forth in the *Deposition Protocol Order* provisions of Judge Levy's September 8, 2022, Fifth Amended Case Management Order (Civ. No. 16-10444, ECF No. 1255). Also, if an expert is being deposed remotely, counsel for a party may be present in the office where the expert is testifying.

(10)  The party who notices the deposition shall reimburse the expert for the time reasonably and actually devoted by the expert or their employees to making the advance production; the time reasonably and actually devoted by the expert in traveling to and from the site of the deposition; the time spent by the expert at the deposition; the expense reasonably and actually incurred by the expert in producing

other documents in response to any other request for production of documents; and the reasonable travel expenses (transportation, meals, lodging, miscellaneous) actually incurred by the expert in traveling to and from the site of the deposition and during their attendance at the deposition.

(11) As a general rule, if a party discloses expert opinions pursuant to FRCP 26(a)(2)(C) and all of these opinions were addressed specifically in a prior deposition, then the witness may not be deposed a second time. However, if a party discloses opinions pursuant to FRCP 26(a)(2)(C) that were not addressed in a prior deposition or go beyond what was covered in the prior deposition, then an additional deposition of the witness may be taken.

(12) Participation in depositions of expert witnesses disclosed for the Bellwether Discovery Group plaintiffs shall be limited to the parties of the *In re* FTCA Flint Water Cases. But transcripts of expert depositions may be shared with others, as

appropriate under the Court's confidentiality order.

**SO ORDERED.**

                                                   s/ Linda V. Parker
                                                   LINDA V. PARKER
                                                   U.S. DISTRICT JUDGE

Dated: February 12, 2024

Dated: February 6, 2024

                    Respectfully submitted,

*/s/ Michael L. Williams*
Michael L. Williams (DC Bar #471618)
Jason T. Cohen (ME Bar #004465)
Dan C. Eagles (DC Bar #1035048)
Eric Rey (DC Bar #988615)
Heidy L. Gonzales (FL Bar #1025003)
Timothy B. Walthall (MA Bar #515460)
Trial Attorneys
United States Department of Justice
Civil Division, Torts Branch
Environmental Tort Litigation
1100 L Street, NW
Washington, DC 20005
E-mail: michael.l.williams@usdoj.gov
Phone: 202-307-3839
Fax: 202-616-4473

*Counsel for United States*

*/s/ Cary S. McGehee (w/ permission to USA)*
Cary S. McGehee (P42318)
Beth M. Rivers P33614
Pitt McGehee Palmer Bonanni & Rivers PC
117 W. Fourth Street, Ste. 200
Royal Oak, MI 48067
Tel: (248) 398-9800
cmcgehee@pittlawpc.com

*/s/ Patrick Lanciotti (w/ permission to USA)*
Hunter Shkolnik
Patrick Lanciotti
Paul J. Napoli
Napoli Shkolnik PLLC

360 Lexington Avenue, 11th Floor  
New York, NY, 10017  
Tel: (212) 397-1000  
planciotti@napolilaw.com  
pnapoli@napolilaw.com

10