UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* FTCA Flint Water Cases

This Order Relates to:
ALL CASES

_____/

Case No. 17-cv-11218
(Consolidated)

Linda V. Parker
United States District Judge

## OPINION AND ORDER GRANTING THE UNITED STATES' MOTION TO EXTEND EXPERT DEPOSITION DEADLINES

On May 31, 2024, the United States filed a motion seeking to extend the deadline for it to complete expert witness depositions.  (ECF No. 277.)  The deadline was July 3, 2024.  (*See* ECF No. 268.)  The United States seeks to move the deadline to August 5, 2024.  (*See* ECF No. 277.)  Plaintiffs oppose the United States' request, arguing that they disclosed their expert witnesses' testimony in accordance with Federal Rule of Civil Procedure 26 in late February 2024, yet the United States took no action for months to depose those experts.  (ECF No. 280.)  Plaintiffs further contend that, since filing its motion, the United States has set dates for eight expert depositions before the July 3 deadline, thereby demonstrating that an extension is unnecessary.  Plaintiffs claim generally that an extension unjustly prejudices them and that the United States fails to meet the burden for its request.

The parties do agree on the standard governing the United States' request.  (*See* ECF No. 288 at PageID. 6809-10; ECF No. 280 at PageID. 6819.)  That is the "good

cause" standard under Federal Rule of Civil Procedure 16(b)(4).  "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements."  *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation marks and citations omitted).  Possible prejudice to the opposing party also is relevant.  *Id*. (citation omitted).

First, diligence.  The United States maintains that it has acted diligently after Plaintiffs served fifteen Rule 26(a)(2)(B) expert reports and disclosed fourteen Rule 26(a)(2)(C) expert witnesses on February 23, 2024.  The United States began by gathering any discovery related to Plaintiffs' experts that had already occurred in the related matters pending before the Honorable Judith Levy.  The United States then concluded, and informed Plaintiffs, that, while it likely would depose Plaintiffs' experts, it needed to review Plaintiffs' rebuttal reports and consult with its own experts before making a final decision.  On May 13, Plaintiffs disclosed their rebuttal expert reports, as well as an additional expert witness.

The United States ultimately concluded that it needs to depose seventeen of Plaintiffs' experts.  The challenge of getting those depositions completed by the July 3 deadline, the United States says, is exacerbated by "unforeseen and difficult personnel issues" impacting three of the six attorneys who have entered their appearances on behalf of the United States in this matter.  One attorney had "major surgery" on May 1, another began paternity leave starting May 24, and another left "the office"—

2

presumably meaning his job with the Department of Justice—on June 14.  While the parties successfully scheduled twelve of the seventeen depositions on agreeable dates—nine of which are before the July 3 deadline—the United States maintains that an extension is needed to complete the remaining five.

Plaintiffs question whether the personnel issues impacting defense counsel's ability to meet the July 3 deadline were in fact "unforeseen" as surgery and paternity leave are events, they maintain,  "likely scheduled months ago[.]"  The Court, however, must presume that counsel for the United States is acting with integrity and honesty as officers of the court when claiming that those issues were unexpected.  And the United States offers a reasoned explanation for why it did not schedule expert depositions for several months after Plaintiff's expert disclosures.  For one, it would be inefficient and a waste of resources to depose experts who were previously deposed.

Second, prejudice.  Plaintiffs fail to explicitly identify how they will suffer prejudice if the United States is afforded an additional thirty days to depose Plaintiffs' experts.  As the United States points out, Plaintiffs already agreed to schedule some depositions in July.  Further, the United States indicates that the requested extension will not impact any other dates in the current scheduling order beyond the deadline for Plaintiffs to depose its experts.  Plaintiffs have not disagreed with this assertion.

For these reasons, the Court finds good cause to grant the United States' request to extend the deadlines for completing expert depositions   The United States' motion to

3

extend deadlines, therefore, is **GRANTED**.  The deadline for the United States to complete depositions of experts disclosed by Plaintiffs is now August 5, 2024.  The deadline for Plaintiffs to complete depositions of experts disclosed by the United States is now September 9, 2024.[1]

      **SO ORDERED**.

                    s/ Linda V. Parker
                    LINDA  V. PARKER
                    U.S. DISTRICT JUDGE

Dated: July 9, 2024

---

[1] Currently there is a schedule for briefing *Daubert* motions, which includes a September 16, 2024 deadline for filing such motions.  (*See* ECF No. 259 at PageID. 4979.)  If extending the expert deposition deadlines impedes either party's ability to meet that September 16 deadline, the parties should meet and discuss whether they can agree to a new deadline.  If an agreement cannot be reached, they should contact the Court through its Deputy Clerk before filing a motion to extend the motion deadline.