# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| *In re FTCA Water Cases* | Civil No. 4:17-cv-11218 (Consolidated) |
| This Motion Relates to: | Linda V. Parker<br>United States District Judge |
| THE FIRST BELLWETHER<br>PROCEEDINGS | Curtis Ivy, Jr.<br>United States Magistrate Judge |

**PLAINTIFFS' RESPONSE TO DEFENDANT UNITED STATES OF AMERICA'S MOTION TO EXCLUDE TESTIMONY OF ZAK ROSTAR, ANTHONY LEGINS, JAMAL SAAD, AND JOHN MEYERS**

## TABLE OF CONTENTS

Index of Authorities ..................................................................................................ii

ISSUES PRESENTED............................................................................................iii

INTRODUCTION .....................................................................................................1

BACKGROUND .......................................................................................................2

ARGUMENT .............................................................................................................3

    I.    Plaintiffs' Experts are Not Required to Produce Expert Reports, Pursuant to Rule 26(a)(2)(C). ..................................................................3

    II.    Assuming Rule 26(a)(2)(B) Applies, Exclusion of Plaintiffs' Experts is Inappropriate as the Government is Not Prejudiced by Any Element of Surprise. ..............................................................................................7

    III.    Zak Rostar Should Be Permitted to Testify to His Observations and Conclusions Drawn Therefrom, Based on His Experience and Professional Licensure...............................................................................11

CONCLUSION .......................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Avendt v. Covidien Inc.,* 314 F.R.D. 547, 557–58 (E.D. Mich. 2016) ........................ 4
*Daubert v. Merrell Dow Pharmaceuticals, Inc.* ....................................................... 11
*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) ....................................... 10
*RJ Control Consultants, Inc., v. Multiject, LLC*, 100 F4th 659, 668
   (6th Cir. 2024) ................................................................................................ 9, 10
*Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776 (6th Cir. 2003) ............. 9
*Ulbrick v. U.P.R. Prod., Inc.*, No. 08-13764, No. 08-13764, 2011
   WL 500034 (E.D. Mich. 2011) ........................................................................ 2, 8

**Other Authorities**

Fed. R. Civ. P. 26(a)(2)(B) .......................................................................................... 1
Fed. R. Civ. P. 37(a)(3)(A) .......................................................................................... 8
Fed. R. Evid. 702 ...................................................................................................... 11
Rule 26(a)(2)(B) ................................................................................................ passim
Rule 26(a)(2)(C) ................................................................................................ i, 2, 3

# ISSUES PRESENTED

1. Whether Plaintiffs' experts were properly identified as experts pursuant to Rule 26(a)(2)(C) and were, thus, not required to provide expert reports.

   Plaintiffs' Answer: Yes.

2. Assuming Rule 26(a)(2)(B) applied to Plaintiffs' experts, whether the non-production of expert reports was harmless, given that detailed disclosures were provided as to what these experts would testify to, Defendant had months in which to move to compel reports, and Defendant opted to depose these witnesses.

   Plaintiffs' Answer: Yes.

3. Whether Zak Rostar should be permitted to testify to his observations and any conclusions he drew from those observations that he may be qualified to make consistent with his training, licensure, and experience.

   Plaintiffs' Answer: Yes.

## INTRODUCTION

Defendant has brought a motion seeking the total exclusion of four experts, whose testimony Defendant thoroughly vetted in extensive depositions, on the basis that, despite obtaining the information necessary to prepare for trial through deposition, these experts did not submit the information required by Fed. R. Civ. P. 26(a)(2)(B) in expert report form *before* submitting to their depositions.

Defendant's motion need not detain this Court for long, for the remedy sought—total exclusion of the four experts' testimony—is simply not an available remedy under Sixth Circuit precedent. As the very cases cited in Defendant's motion make clear, if the Defendant wished for production of expert reports, the remedy available to it was to promptly move to compel such production, upon receiving notice of the intent to call these experts as Rule 26 witnesses. Instead, Defendant chose to proceed with the noticed depositions, at which time the experts answered all questions put to them and provided all requested information supporting their testimony that was sought from them. Under Sixth Circuit precedent, any failure to satisfy Rule 26(a)(2)(B) in this case was harmless, and it would be an abuse of discretion for this Court to exclude the testimony of these experts based on a Rule 26(a)(2)(B) objection.

## BACKGROUND

On February 23, 2024, Plaintiffs identified fourteen (14) witnesses that they intended to call pursuant to Rule 26(a)(2)(C). (ECF No. 300-2). Among these were Zak Rostar, Anthony Legins, and Jamal Saad. *Id*. at 19-21. On March 5, 2024, Defendant's Counsel suggested the parties discuss "the propriety" of these witnesses Rule 26(a)(2)(C) designations. (ECF No. 300-5).

On March 13, 2024, Plaintiffs' counsel offered to "provide the appraisals and any resumes that they have and make them available for deposition without the need for a subpoena." (ECF No. 300-6).

Similarly, when Plaintiffs designated Dr. John Meyers as a rebuttal witness on May 13, 2024, (ECF No. 300-4) at 26-29, Defendant argued that Dr. Myers, should have to provide an expert report under Rule 26(a)(2)(B), (ECF No. 300-7), Plaintiffs' counsel disagreed and advised Defendant that Dr Meyers was a rebuttal expert to address Defendant's expert's reliance on Dr Meyers' neuropsychological testing process and format.

Upon notice that Plaintiffs did not intend to provide expert reports for these witnesses, Defendant was entitled to bring a motion seeking an order requiring that Plaintiffs submit the requested expert reports or else risk these experts being precluded from testifying. *See, e.g.*, *Ulbrick v. U.P.R. Prod., Inc.*, No. 08-13764, No. 08-13764, 2011 WL 500034, at *5 (E.D. Mich. 2011) (cited in Govt. Mem. at 10).

Rather than pursue a timely motion addressing its Rule 26(a)(2)(B) concern, Defendant instead took Plaintiffs' counsel up on their offer to schedule depositions without the need for a subpoena, and to prepare for the depositions using supplemental information supplied by Plaintiffs' counsel in advance of the depositions. The depositions were extensive, did not leave any unresolved questions, and Defendant did not follow up any of the depositions with requests for additional information from the experts. These depositions concluded on September 5, 2024. Indeed, until the recent Motion, Plaintiffs believed the matter was resolved. Based on Defendant's ability to fully depose Plaintiffs' experts and its failure to avail itself of proper procedural remedies, namely, a motion to compel, there is simply no basis to grant the relief requested in the Defendant's belated motion.

## ARGUMENT

### I. Plaintiffs' Experts are Not Required to Produce Expert Reports, Pursuant to Rule 26(a)(2)(C).

Each of Plaintiffs' experts identified in the Government's motion – Zak Rostar, Anthony Legins, Jamal Saad, and Dr. John Meyers, Psy.D., ABN – were timely disclosed in the Spring of 2024 as Rule 26(a)(2)(C) experts. (ECF No. 300-2 & No. 300-4). Rule 26(a)(2)(C) experts are not required to provide expert reports, unlike experts identified pursuant to Rule 26(a)(2)(B). The determination of whether an expert must file a disclosure under (C) or a report under (B) depends upon "the breadth of their testimony," requiring a "full expert report" if the witness "intends to

3

testify beyond his observations." *Avendt v. Covidien Inc.,* 314 F.R.D. 547, 557–58 (E.D. Mich. 2016) (internal citations omitted). Each of the identified expert witnesses were proffered to testify to their observations, consistent with their respective expertise:

**Zak Rostar**, a licensed, professional plumber, was proffered "to testify regarding the extensive water damage caused to the home at 926 Maxine Street, discovered in April-May 2023 and the cause thereof." (ECF No. 300-4). On August 20, 2024, Mr. Rostar provided this testimony during the course of his deposition and specifically testified that his testimony was complete:

> Q: Well, were you as asked to provide opinions?
>
> A: I don't feel like opinions are helpful, so just to answer questions based on my knowledge with this particular home. (Exhibit 1, pp. 72-73).
>
> - - -
>
> Q: . . . Do you have any other testimony or opinions that are not included in Exhibit 3 [expert disclosures] for identification which you expect to testify to?
>
> A: No. (*Id.*, p. 76).
>
> - - -
>
> Q: . . . do you intend to continue work on your opinions in this case?
>
> A: No. (*Id.* p. 223).

4

**Anthony Legins**, a licensed residential builder, was proffered to "testify regarding the methodology used in the performance and the value reached" on a "broker price opinion" (BPO) he performed on 1610 W. Pasadena Rd. Flint, MI 48504. (ECF No. 300-4). On August 30, 2024, Mr. Legins provided this testimony during the course of his deposition and specifically articulated that his testimony was complete:

> Q: . . . So what you're going to do is talk about the methodology used for rendering a BPO, right?
>
> A: That's right, yes.
>
> Q: You will testify as to the value reached in that BPO, right?
>
> A: Oh, yes, definitely.
>
> Q: And do you have any other testimony or opinions that are not included in Exhibit 3 [expert disclosures] for identification?
>
> A: No, sir. (Exhibit 2, p. 72)
>
> - - -
>
> Q: And so you didn't provide a separate report for this case, correct?
>
> A: No, sir, the BPO was the report. (*Id*., pp. 72-73).[1]

---

[1] Defendant suggests it was severely prejudiced in carrying out the deposition "because it did not know the full scope, topics, or substance of his expected testimony." Govt. Mem. at 20. Yet, there is no hint of any such difficulty in the more than 30 pages of deposition testimony in which Mr. Legins explained, step by step,

5

**Jamal Saad**, a certified residential appraiser, was proffered to "testify regarding the methodology used in the performance of" appraisals of five specific residential properties "and the values reached." (ECF No. 300-4). On July 30, 2024, Mr. Saad provided this testimony during the course of his deposition and specifically articulated that his testimony would not change:

> Q: . . . you will testify regarding the methodology used in performance of each of their real estate appraisals, right?
>
> A: That's correct.
>
> Q: And the values reached, right?
>
> A: Yes. (Exhibit 3, p. 50).
>
> - - -
>
> Q: . . . Do you intend to update or change your appraisal report at this point in time?
>
> A: No, you cannot do that. That's a USPAP violation. You can't go and change an appraisal that you completed already. (*Id.*, p. 54).²

---

all the sources he relied on in rendering his opinion, and how he analyzed the data he reviewed. (See Exhibit 2).

² Defendant complains that Mr. Saad's appraisals were "conclusory," Govt. Mem. at 15, 21, and that he did not give prior "notice of the scope or methodology employed," *id.* at 22, but there is nothing in the deposition transcript to suggest that Defendant was left guessing at the specifics underlying Mr. Saad's appraisals. (See Exhibit 3). Moreover, Defendant has all the information necessary to challenge Mr. Saad's appraisals as 'conclusory' during cross- examination. There is no basis that the absence of a report in any manner hampers Defendant's ability to prepare for or address its concerns with the scope or weight of the testimony through cross-examination

**Dr. John Meyers, Psy.D., ABN**, a clinical neuropsychologist, was proffered as a rebuttal expert to testify in his capacity as "creator and owner of the Meyers Neuropsychological Battery (MNB) and software program and expert in the application of the MNB to a set of neuropsychological tests." (ECF No. 300-4). On September 5, 2024, Dr. Meyers provided this testimony during the course of his deposition and repeatedly declined to opine on subject matter "outside the MNB." (See Exhibit 4, pp. 79, 84, 92-93, 100-101).[3]

Because these witnesses were appropriately identified as Rule 26(a)(2)(C) witnesses, no expert reports were required.

## II. Assuming Rule 26(a)(2)(B) Applies, Exclusion of Plaintiffs' Experts is Inappropriate as the Government is Not Prejudiced by Any Element of Surprise.

Assuming, *in arguendo*, that Rule 26(a)(2)(B) applies, exclusion of these experts based on non-compliance with Rule 26(a)(2)(B) is not warranted.

First, Defendant had ample notice that Plaintiffs' counsel did not intend to provide reports and, thus, ample opportunity to file a motion to compel as contemplated by Rule 37(a)(3)(A) ("[i]f a party fails to make a disclosure required

---

[3] Defendnat asserts prejudice based on Plaintiffs' counsel "submitting the detailed scientific data potentially underlying Dr. Meyers' opinion after business hours the night before the deposition without explanation." (ECF No. 300, PageID.8658). Yet, Defendant raised no concern prior to this motion, opted to proceed with the deposition and did not subsequently assert any need or make a request to continue Dr. Meyers' deposition based on any lack of opportunity to fully prepare for the deposition due to alleged delayed receipt of information.

7

by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.") Fed. R. Civ. P. 37(a)(3)(A). The procedural appropriateness of moving to compel is detailed in *Ulbrick v. U.P.R. Prod., Inc.*, No. 08-13764, No. 08-13764, 2011 WL 500034 (E.D. Mich. 2011). In *Ulbrick*, following a Motion to Compel, the plaintiffs' expert was "specifically ordered" to provide the defendant with an expert report satisfying Rule 26(a)(2)(B) . The court "warned that his failure to comply . . . . could result in the preclusion" of the expert testimony. *Id.* at *5. Rather than seek a Motion to Compel and resolve this issue either by this Court determining that a report was not necessary as the witnesses were proper Rule 26(a)(2)(C) witnesses, or, alternatively, determining that expert reports were required (giving Plaintiffs the opportunity to file expert reports), Defendant opted to proceed with depositions of Plaintiffs' experts, reviewed supplemental information supplied prior to the depositions, and conducted an extensive deposition of each expert.[4] Now, nearly a year after these witnesses were disclosed without taking any action to compel reports, and nearly six months after taking the depositions and discovery closing, Defendant argues that the testimony of these witnesses should be struck in their entirely. Only *after* engaging in these discovery efforts, with Plaintiffs' expert

---

[4] As previously set forth, each witness provided all written materials they relied upon in reaching their opinions and fully testified as to how they arrived at their opinions. (See e.g., Exhibit 1, pp. 20-22, 28) (Mr. Rostar confirmed he had provided "[a]ll testimony, statements, or documents made or written by you on which your opinion is based."); (Exhibit 2, pp. 72-73) (Mr. Legins testified the "BPO was the report.").

8

testimony already fully vetted for trial, has the Defendant belatedly brought a motion to exclude their testimony, in total.

This effort should be rejected, just as the Sixth Circuit rejected a similar effort in *Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776 (6th Cir. 2003). Relying on Rule 37(c)(1)'s mandate that discovery violations should not be sanctioned if they are "harmless," the Sixth Circuit pointed to the fact that the party opposing admission of the expert testimony had substantial knowledge of the anticipated testimony, had "never made a motion to compel disclosure," and instead had "waited for five months to voice an objection." *Id*. at 782-83. Further, the court noted the wide range of sanctions available for violations, other than total exclusion, and praised the "sensible compromise" reached by the district judge, in declining to order exclusion. *Id*. at 783-84. The *Roberts* case makes clear that, on the similar facts of this case, the total exclusion of Plaintiffs' experts' testimony is incommensurate with the harmless non-prejudicial absence of expert reports for these four witnesses.

Indeed, exclusion of expert evidence is not warranted when a party can show that non-production was "justified or harmless." *RJ Control Consultants, Inc., v. Multiject, LLC*, 100 F4th 659, 668 (6th Cir. 2024) (internal citations omitted). In determining whether non-production or non-disclosure was "justified or harmless," courts focus on whether the other party was prejudiced by surprise:

9

> "(1) the *surprise* to the party against whom the evidence would be offered; (2) the ability of that party to cure the *surprise*; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence."

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (emphasis added).

Where, as here, no surprise exists so as to prejudice the defendant, exclusion of expert testimony is inappropriate. For example, in *Howe v. City of Akron*, 801 F.2d 718 (6th Cir. 2015) the district court excluded in its entirety certain data relied on by the plaintiffs in an employment discrimination case, relevant to the calculation of back pay, on the grounds that it was not timely disclosed to the defendant. *Id*. at 747. The Sixth Circuit held that the wholesale exclusion was an abuse of discretion, *id*. at 748-50, in large part because of the lack of surprise: the defendant had deposed the relevant witnesses and thus had a full opportunity to explore all the relevant information, and the methodology involved. *Id*. at 748.[5] Defendant has had the same opportunity here.

Accordingly, should this Court find that Plaintiffs' experts fall within the parameters of Rule 26(a)(2)(B), the non-production of expert reports was harmless, within the meaning of Rule 37(c)(1), as Defendant had ample notice of Plaintiffs'

---

[5] By contrast, in *RJ Control Consultants, Inc., v. Multiject, LLC*, 100 F4th 659, 668 (6th Cir. 2024), the plaintiff did not identify the substance and basis of their expert's opinion, nor was their expert deposed, and so, their expert was barred from providing testimony.

10

experts, months in which to file a motion to compel, and full opportunity to depose these experts.

### III. Zak Rostar Should Be Permitted to Testify to His Observations and Conclusions Drawn Therefrom, Based on His Experience and Professional Licensure.

Defendant lastly asserts that Mr. Rostar should be precluded from providing expert testimony "about the chemical impact of inadequately treated river water contacting galvanized pipes" pursuant to Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc*. (ECF No. 300, PageID.8663). However, Mr. Rostar was not proffered to provide such testimony. Plaintiffs identified Mr. Rostar as an expert for the limited purpose of testifying as to his observations of the pipes and water damage at 926 Maxine Street and the conclusions he drew from those observations, based on his experience, and specialized knowledge, as a licensed plumber.[6] (See Exhibit 1, pp. 149-157). He is not testifying as a chemist or some other subject-matter expert, as Defendant appears to suggest, or otherwise speculating. Accordingly, Mr. Rostar should be permitted to testify as an expert in his subject

---

[6] It is hubris for Defendant to assert that Mr. Rostar does not possess specialized knowledge, skill, experience, training or education to qualify him to opine on the potential causes of the pipe corrosion he observed at 926 Maxine Street. Mr. Rostar's 2020 licensure and years of plumbing experience surely provide a basis for him to provide testimony to this Court as to what he observed and potential causes. Particularly, as this Court will not be swayed by overly sweeping declarations or unsupported conclusions.

11

matter and about the observations and related conclusions as to the pipes in 926 Maxine Street.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Exclude Testimony of Zak Rostar, Anthony Legins, Jamal Saad, and John Meyers should be denied.

                    Respectfully submitted,

                  By: /s/ Channing Robinson-Holmes
                     Channing Robinson-Holmes (P81698)
                     Cary S. McGehee (P42318)
                     Beth M. Rivers (P33614)
                     Pitt McGehee Palmer Bonanni & Rivers PC
                     117 W. Fourth Street, Suite 200
                     Royal Oak, MI 48067
                     (248) 398-9800
                     crobinson@pittlawpc.com
                     cmcgehee@pittlawpc.com
                     brivers@pittlawpc.com

                     Deborah A. LaBelle (P31595)
                     LAW OFFICES OF DEBORAH A. LABELLE
                     221 N. Main Street, Suite 300
                     Ann Arbor, MI 48104
                     (734) 996-5620
                     deblabelle@aol.com

                     Paul Napoli
                     Napoli Shkolnik PLLC
                     360 Lexington Ave., 11th floor
                     New York, NY 10017
                     (844) 230-7676
                     PNapoli@NSPRlaw.com

                     Counsel for Plaintiffs

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was filed with the U.S. District Court through the ECF filing system and that all parties to the above cause was served via the ECF filing system on January 30, 2025

      Signature: <u>/s/ Carrie Bechill</u>
                117 W. Fourth Street, Suite 200
                Royal Oak, MI 48067
                (248) 398-9800
                cbechill@pittlawpc.com