UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *In re FTCA Flint Water Cases* | Civil No. 4:17-cv-11218 (Consolidated) |
| This Motion Relates to: | Linda V. Parker United States District Judge |
| THE FIRST BELLWETHER PROCEEDINGS | Curtis Ivy, Jr. United States Magistrate Judge |

---

## DEFENDANT UNITED STATES OF AMERICA'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL

---

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ..................................................................................... iii

**INTRODUCTION** ............................................................................................... 1

**STANDARD OF REVIEW** ................................................................................ 2

**BACKGROUND** .................................................................................................. 4

**ARGUMENT** ....................................................................................................... 7

    I.   The United States complied with the Rule 26(a) disclosures, rendering sanctions unwarranted. ........................................................................................ 8

    II.   Plaintiffs' overbroad demands include irrelevant information that bears no relation to this case or potential bias. ............................................................... 10

**CONCLUSION** ................................................................................................... 19

# TABLE OF AUTHORITIES

## Cases

*Behler v. Hanlon,* 199 F.R.D 553 (D. Md. 2001) ...........................................passim

*Burger v. Allstate Ins. Co.,* No. 07-11870, 2009 U.S. Dist. LEXIS 47929 (E.D. Mich. June 8, 2009). .......................................................................................... 17

*EEOC v. Ford Motor Credit Co.,* 26 F.3d 44 (6th Cir. 1994)………..………....…16

*Estate of Jackson v. Billingslea,* No. 18-10400, 2019 U.S. Dist. LEXIS 109393 (E.D. Mich. 2019)……………………………………………………………17

*Great Lakes Anesthesia, PLLC v. State Farm Mut. Auto. Ins. Co.,* 2011 WL 4507417 (E.D. Mich. 2011).............................................3, 15, 16

*Langbord v. United States Dep't of the Treasury,* 2008 WL 4748174 (E.D. Pa. Oct. 22, 2008)……………………………………………………………..16

*LaRouche v. Nat'l Broad. Co.,* 780 F.2d 1134 (4th Cir. 1986) ............................... 4

*Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.,* 967 F.2d 980 (4th Cir. 1992) ..................................................................................... 2

*Primm v. Isaacs,* 127 S.W.3d 630 (Ky. 2004) ....................................................3, 12

*Profitt v. Highlands Hosp. Corp.,* 2021 WL 5435171 (E.D. Ky. November 19, 2021) ................................................................................................................3, 4

*Robinson v. Mills,* 592 F.3d 730 (6th Cir. 2010) .................................................... 4

*Serrano v. Cintas Corp.,* 699 F.3d 884 (6th Cir. 2013) ................................. 10, 13

*Smith v. Ethicon, Inc.,* 2020 WL 6044548 (D. Or. Oct. 13, 2020) ........................ 2

*State ex rel. Creighton v. Jackson,* 879 S.W.2d 639 (Mo. App. 1994)................... 3

*State v. Superbilt Mfg. Co.,* 281 P.2d 707 (Or. 1955)…………..………………11

*Surles v. Greyhound Lines, Inc.,* 474 F.3d 288 (6th Cir. 2007)........................4, 13

*United States v. Abel,* 469 U.S. 45 (1984) ................................................................. 4

*Wacker v. Gehl Co.,* 157 F.R.D. 58 (W.D. Mo. 1994)……………………….....11

*Walters v. Taylor & Hall Transp.,* LLC, No. 17-CV-191-SMY-RJD, 2018 WL 1565616 (S.D. Ill. Mar. 30, 2018) …………………………………………………..17

*Wrobleski v. de Lara*, 353 Md. 509 (1999)............................................................. 8

## Rules

Fed. R. Civ. P. 26...............................................................................passim

Fed. R. Civ. P. 37......................................................................................4, 5, 10

Fed. R. Evid. 401.......................................................................................11

## INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 26, 34, and 37, the United States opposes "Plaintiffs' Motion to Compel Production of Documents and Testimony of Defendant's Expert, Dr. Julie Goodman, Related to Her Compensation for Expert Witness Services in This Case and Request for Sanctions" [ECF No. 322, PageID.10839, filed Dec. 19, 2024]. Plaintiffs seek information regarding Dr. Goodman's: (1) salary and compensation for the years she was retained by the United States in this case [*i.e.*, from 2020 to the present]; (2) base salary and bonuses; (3) yearly revenue goals; and (4) additional compensation received based on a percentage of billings generated in this case, as well as a third continuation day of Dr. Goodman's deposition to ask unspecified follow-up questions. *See* Plf's Mtn. at 3-4, ECF No. 322, PageID.10841-2. On February 14, 2025, the United States offered Plaintiffs **all** the information demanded in their Motion to Compel, but Plaintiffs refused, insisting that the offer was insufficient and demanding that the United States provide "documents" in addition to the information and pay for a third deposition day of Dr. Goodman. *See* Feb. 14, 2025, 9:27AM email from Jewel Lightfoot, Exh. 1, at 1; Feb. 16, 2025, 4:04PM email from Cary S. McGehee, Exh. 2. The United States opposes this motion due to the unnecessary inconvenience it would place on Dr. Goodman, as well as its expansive scope and dubious relevance which exceeds

1

Dr. Goodman's involvement in this case by including income from other clients over the past four years. *See* Goodman Depo. (Oct. 9, 2024), Exh.4, at 64-65. Under the Federal Rules of Civil Procedure, the United States must disclose the compensation paid for Dr. Goodman's study and testimony *in this case*. *See* Fed. R. Civ. P. 26(a)(2)(B)(iv). The United States complied by providing Gradient Corporation's ("Gradient") service invoices prior to Dr. Goodman's deposition. *See* Exh. 4, 109:1-8. Plaintiffs' demands greatly exceed the United States' already fulfilled Rule 26 disclosure requirements, are unrelated to Plaintiffs' cause of action, and have no legal basis.

## STANDARD OF REVIEW

The scope of discovery Rule 26 permits is intended to provide parties with information reasonably necessary to afford a fair opportunity to develop their cases. *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.,* 967 F.2d 980, 983 (4th Cir. 1992). However, discovery is not unlimited. A court must restrict "the frequency or extent of discovery… if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient." Fed. R. Civ. P. 26(b)(2)(C)(i). The party seeking to compel discovery has the burden of establishing the information's relevance. *Smith v. Ethicon, Inc.,* 2020 WL 6044548, *4 (D. Or. Oct. 13, 2020).

A party seeking an expert witnesses' financial information must show that the information sought is relevant or intended to lead to admissible evidence. *See Great Lakes Anesthesia, PLLC v. State Farm Mut. Auto. Ins. Co.,* 2011 WL 4507417, \*\*5-6, 8 (E.D. Mich. 2011) (denying the disclosure of additional documents from an expert, concluding the opposing party sought records outside the temporal limitation of Rule 26). Unnecessarily expansive requests for financial disclosures pose a "real possibility of creating confusion, distraction and even prejudice" without aiding the jury in assessing the expert's credibility. *See Behler v. Hanlon,* 199 F.R.D 553, 561 (D. Md. 2001) (routine disclosure of an expert's gross compensation from all sources, including those unrelated to litigation, would provide little relevant information). Rule 26 permits a court to limit the scope of discovery of an expert's financial information when the request exceeds what is ordinarily necessary to demonstrate bias. *See Profitt v. Highlands Hosp. Corp.,* 2021 WL 5435171, \*5 (E.D. Ky. November 19, 2021) (requesting "seven years' worth of [an expert's] tax information [and] gross income from all work [is] superfluous"). An expert's privacy regarding "personal finances, professional associations, and patients/clients should be respected" and only invaded as necessary to ensure honesty and accountability. *Primm v. Isaacs,* 127 S.W.3d 630, 638 (Ky.

2004) (quoting *State ex rel. Creighton v. Jackson,* 879 S.W.2d 639, 643 (Mo. App. 1994)).

Prior to filing a motion to compel, the parties must meet and confer to attempt to resolve the dispute without the Court's intervention. Fed. R. Civ. P. 37(a)(1). Courts have broad discretion to grant or deny motions to compel discovery. *See* Fed. R. Civ. P. 37(a)(3)(B); *LaRouche v. Nat'l Broad. Co.,* 780 F.2d 1134, 1139 (4th Cir. 1986). While courts should not deny access to information necessary to establish a claim, parties are not permitted to go fishing. *See Surles v. Greyhound Lines, Inc.,* 474 F.3d 288, 305 (6th Cir. 2007). Witness "bias" refers to a witness-party relationship that leads the witness to slant their testimony. *See Robinson v. Mills,* 592 F.3d 730, 737 (6th Cir. 2010) (quoting *United States v. Abel,* 469 U.S. 45, 52 (1984)). Conclusory allegations of bias do not suffice to authorize comprehensive discovery not ordinarily authorized under Rule 26. *See Profitt,* 2021 WL 5435171, at *5.

## BACKGROUND

The United States retained Dr. Goodman to "evaluate whether lead in water in Flint, MI contributed to increased blood lead levels and the adverse health effects generally in the Plaintiffs." Goodman Depo. (Sept.18, 2024), Exh. 3, at 6-7:24-26, 1-2. On April 12, 2024, the United States provided Plaintiffs with Dr. Goodman's

4

expert report. *See* Fed. R. Civ. P. 26(a)(2)(B). On August 26, 2024, Plaintiffs submitted a notice of deposition requesting "[a]ll documents, including communications between a party's attorney and the witness, that relate to compensation for the expert's study or testimony." Plaintiffs' Notice of Taking Deposition of Julie E. Goodman and Request to Produce, Exh. 5, at 2. Consistent with Plaintiffs' notice of deposition and the requirements of the Stipulated Expert Discovery Protocol (ECF No. 265), the United States provided Plaintiffs with all communications related to compensation for Dr. Goodman's study and testimony in this case fourteen days prior to her September 18, 2024, deposition. On September 15, 2024, Plaintiffs submitted a notice to continue Dr. Goodman's deposition on October 9, 2024, and repeated their request for the documents that the United States had already provided. *See* Plaintiffs' Notice of Taking Continued Deposition of Julie E. Goodman and Request to Produce, Exh. 6, at 2.

During the October 9, 2024, continued deposition, Plaintiffs confirmed their receipt of invoices reflecting Dr. Goodman's compensation for her report and testimony in this case. *See* Exh. 4, at 109-10:21-25, 1-8. At this deposition, Plaintiffs' counsel requested that Dr. Goodman disclose her salary from Gradient as well as her self-assigned revenue goals. *See Id.* at 10:24-25. Dr. Goodman, on her own accord, conferred with Gradient President Manu Sharma, who apparently

informed her that this information was "company confidential" and could not be disclosed outside the company. *See Id.* at 12, 64:2, 11-13. Counsel for the United States confirmed that Plaintiffs had already received all information required by Rule 26(a); and, despite instructions from the Court that it "will be available to conduct a telephone conference on short notice to resolve discovery disputes expeditiously and without the need for motions" (J. Parker Practice Guidelines, Civil Cases, Discovery, at § D), Plaintiffs declined to contact the Court to resolve their dispute with Dr. Goodman during the deposition. *See Id.* at 64-65, 107-09.

On December 19, 2024, despite not having notified the Court of a discovery dispute, Plaintiffs filed the instant Motion to Compel. *See* ECF No. 322; J. Parker Practice Guidelines, Civil Cases, Discovery at § D ("**No discovery motion may be filed before the Court is contacted.**") (emphasis in original). However, the scope of information contained in Plaintiffs' Motion to Compel exceeded (and even contradicted) the scope of the information requested during Dr. Goodman's deposition. During the deposition, Plaintiffs did not inquire about Dr. Goodman's sources of income from other clients, other terms of her compensation, her specific revenue goals, or additional compensation as a percentage of billings. Further, Plaintiffs affirmatively denied any interest in Dr. Goodman's bonuses, which they are now demanding. Plaintiffs provided no explanation or justification for these

expanded and shifting requests, nor have they submitted any actual interrogatories or requests for production to obtain this additional information or documentation.

On February 13, 2025, the parties conducted a meet-and-confer in which the United States offered "(1) Dr. Goodman's salary/compensation for the years she was retained by the USA in this case, (2) her base salary and bonuses, (3) her yearly revenue goals, and (4) additional compensation received by Dr. Goodman based on a percentage of billings she generated in this case" in the form of either an affidavit, addendum to the already provided Rule 26 disclosures, as a response to requests for production, or as a response to an interrogatory request. *See* Exh. 1, at 1. However, Plaintiffs rejected the United States' offer to provide them with the information demanded in their Motion to Compel as insufficient. Additionally, Plaintiffs now demand the United States produce unspecified documents relating to the offered information, and insist that the United States pay for a speculative and unnecessary third deposition of Dr. Goodman. *See* Exh. 2, at 1.

## ARGUMENT

In addition to seeking Dr. Goodman's compensation for expert services in this case (which was already provided), Plaintiffs now demand: "(1) Dr. Goodman's salary/compensation for the [four] years she was retained by the USA in this case, (2) her base salary and bonuses, [and] (3) her yearly revenue goals." ECF. No. 322

7

at 3-4. This information is irrelevant to Plaintiffs' claims and exceeds Rule 26(a)'s permissible scope of discovery. Moreover, despite the United States' offer to provide this sought information, Plaintiffs flatly rejected the offer, demanding the United States produce unenumerated documents and fund a third deposition of Dr. Goodman to elicit information exceeding the scope of both their first two depositions and their subsequent Motion to Compel.

I. **The United States complied with the Rule 26(a) disclosures and offered to provide information to satisfy Plaintiffs' additional request, rendering sanctions unwarranted.**

Under Rule 26(a), a party must provide "a statement of the compensation to be paid [to an expert witness] for the study and testimony *in the case*." Fed. R. Civ. P. 26(a)(1)(B)(iv) (emphasis added). This disclosure applies to compensation for the work performed in forming the opinions to be expressed as well as study and testimony provided *in relation to the action*. *See Wrobleski v. de Lara,* 353 Md. 509, 526 (1999) (trial courts must tightly control discovery to limit it to its purpose rather than rummaging through an expert's personal and financial records under the guise of seeking impeachment evidence). Therefore, Rule 26 mandates the United States disclose the compensation provided in exchange for Dr. Goodman's testimony and evaluation. This requirement does not extend to the entire salary, benefits, and compensation package Gradient paid Dr. Goodman for all her clients over the past

four years. Rule 26 only requires disclosure of the compensation provided *by the United States* in exchange for work relating to *its* defense. At Dr. Goodman's deposition, the United States informed Plaintiffs' counsel that it had complied with the Rule 26(a) disclosure requirements. When Plaintiffs pressed Dr. Goodman for additional information that she believed to be confidential, counsel for the United States reiterated that "Dr. Goodman has already turned over what's required under the rule." Exh. 4, at 109:15-18.

Additionally, at the deposition, Plaintiffs' counsel only inquired as to Dr. Goodman's salary, without asking her for the rest of the information now demanded in their Motion to Compel. *Id.* at 65:16-25. Plaintiffs did not inquire about the sources of Dr. Goodman's income from other clients, nor was she asked to provide the terms of her compensation, specific revenue goals, or additional compensation as a percentage of her billings. Plaintiffs also affirmatively disavowed requesting information regarding Dr. Goodman's bonuses. *Id.* at 65:21-25. Additionally, Plaintiffs did not send additional interrogatories or requests to produce documents before filing this Motion to Compel—perhaps because any such request would be well out-of-time.

Plaintiffs requested this Court issue sanctions under Rule 37, which states "if a party fails to make a disclosure required by Rule 26(a), any other party may move

to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). However, the narrow grounds under which Plaintiffs may compel disclosure and request sanctions under Rule 37 are inapplicable in these circumstances. The United States and Dr. Goodman have complied with Rule 26(a)'s disclosure requirements by providing Plaintiff with the compensation connected to Dr. Goodman's services in *this case* and have additionally offered to provide Plaintiffs with the additional information requested in the instant Motion to Compel. Plaintiffs' demand to receive additional documentation and reopen Dr. Goodman's deposition for a third time exceeds Rule 26(a)'s requirements and does not warrant Rule 37 sanctions.

## II.    Plaintiffs' demands are overbroad and seek irrelevant information that bears no relation to this case or potential bias.

The Federal Rules of Civil Procedure allow for broad, but not unlimited, discovery. Parties may obtain discovery regarding non-privileged information that is *relevant* to their claims or defenses. However, courts may protect witnesses from annoyance, embarrassment, oppression, or undue burden or expense. *See* Fed. R. Civ. P. 26(b)(1), (c)(1); *see Serrano v. Cintas Corp.,* 699 F.3d 884, 901 (6th Cir. 2013) (discovery's limits grow more formidable as the showing of need decreases). The Federal Rules of Evidence define relevant evidence as "evidence having any tendency to make the existence of any fact that *is of consequence to the*

*determination of the action* more probable or less probable than it would be without the evidence." Fed. R. Evid. 401 (emphasis added); *see generally State v. Superbilt Mfg. Co.,* 281 P.2d 707 (Or. 1955) (concluding that an expert witness' compensation from prior, unrelated, cases are irrelevant). Despite Plaintiffs' representations, they do not, in fact, restrict the scope of their demands to Dr. Goodman's compensation for expert services *in this case* nor to the scope of information in this Motion to Compel. *See Wacker v. Gehl Co.,* 157 F.R.D. 58, 59 (W.D. Mo. 1994) (absent evidence of a "special relationship" between expert and counsel or a party, reviewing tax returns is a fishing expedition permitting indiscriminate discovery that could dissuade experts without providing useful information). Instead, Plaintiffs are demanding this Court subject Dr. Goodman to an unnecessary third deposition and require the United States to engage in an unrestricted, open-ended production of documents.

Dr. Goodman was introduced to the United States through Gradient – a third-party company that retains scientific experts to perform in-court and legislative testimony as well as peer-reviewed research. *See Market Sectors*, GRADIENT, https://gradientcorp.com/about/ (last visited January 19, 2025) (outlining Gradient's peer-reviewed publications, research, regular comments, participation in legislative hearings, and in-court testimony). As Plaintiffs concede, the total scope of Dr.

Goodman's employment for Gradient extends well beyond her retention in this case, or even to providing litigation-related testimony. *See* ECF No. 322 at 3.

Dr. Goodman's salary is independent of her expert witness services. Over the past four years, Dr. Goodman has worked for many other clients and there is no "one-to-one" relationship between her project billings and salary. Exh. 4, at 111-12:20-24, 1-8. In 2023 and 2024, Dr. Goodman's work on this case only amounted to less than 5% of her total workload. *See Id.* at 123-24:17-25, 1. Thus, information and documentation regarding her total salary exceeds the scope of both Rule 26(a) and *this* case. *See Behler,* 199 F.R.D. at 561-62 (disclosing the sources of an expert's gross compensation unrelated to litigation activities is overkill, will not provide relevant information, and will create confusion, distraction, and prejudice; rendering it impermissible unless less intrusive methods are insufficient).

While Plaintiffs' assert relevance based on alleged evidence of bias and undue influence (ECF. No 322 at 5), the scope of the information and documentation Plaintiffs seek clearly exceeds this purpose. Instead, Plaintiffs' requests encompass *all* compensation in *all* cases retained by *any* party in *any* matter in *any* jurisdiction, as well as *any* scholarly publication or review over the last four years. *See Primm,* 127 S.W.3d at 637 (the amount and percentage of the expert's income attributable to litigation-related activities is readily available

12

through means other than intrusive and improper examination of tax forms and billing invoices); *Serrano,* 699 F.3d at 902 (requiring courts to balance parties' rights to discovery with the burdens on the disclosing party to prevent "fishing expeditions"). Just as in *Behler v. Hanlon*, the FTCA Plaintiffs' requests for document disclosure and a third deposition after the United States has offered to provide Plaintiffs with the information they seek is an unnecessarily expansive demand offering no assistance in assessing Dr. Goodman's credibility. *See Behler,* 199 F.R.D. at 561. Simply put, Plaintiffs' motion is an impermissible fishing expedition. *See Surles,* 474 F.3d at 305.

As purported evidence of bias, Plaintiffs attached a February 8, 2016, article from the Center for Public Integrity. This article is unrelated to this case, constitutes plainly impermissible hearsay, and appears to from a dubious internet source. As the sole submitted support for Plaintiffs' "proof" of bias, this article is plainly insufficient to justify Plaintiffs' requested intrusion into Dr. Goodman's personal finances.

If Plaintiffs intended their line of questioning to demonstrate that Dr. Goodman is predominately or exclusively compensated by the Federal Government, as they seemingly suggest, they already know the answer to this question. In Dr. Goodman's deposition, when asked what percentage of her work

over the last five years was on behalf of the United States, Dr. Goodman said it amounted to less than 25%. *See* Exh. 4, at 123:14-16. Dr. Goodman further asserted that she has only spent 5% of her time on this case. *See Id.* at 123-24; 23-25;1. Similarly, Plaintiffs' now appear to want to know "if Dr. Goodman's yearly revenue goals are satisfied through the work that she performs for the USA in this case." ECF No. 322 at 14-15. However, Plaintiffs could have obtained this information through less sweeping and intrusive means, such as asking this question during Dr. Goodman's deposition. They did not. The mere fact that a broad category of information may fall within the scope of legitimate discovery does not entitle parties to unfettered discovery by any conceivable method. *See Behler,* 199 F.R.D. at 561 ("[w]hile there may be cases in which an expert's gross income, and the specific amounts thereof earned[,]… may be discoverable, this should not be ordered routinely, without a showing … why less intrusive financial information would not suffice").

Under Plaintiffs' logic, any questions regarding Dr. Goodman's finances, familial income, or lifestyle could be subject to sweeping, open-ended scrutiny by Plaintiffs' attorneys as a potential source of bias. ECF. No. 322 at 5. Plaintiffs rely heavily on *Great Lakes Anesthesia,* in which the court allowed the expansive financial disclosure of a witness hired by State Farm to perform 99 individual

medical examinations during a three-year period. There, the court permitted this intrusive discovery because "a continuing relationship between the witness and a party in which a witness receives payment for generating an opinion that may be favorable to the interests of the party seeking the opinion is a source of bias[.]" *See Great Lakes Anesthesia, PLLC,* 2011 WL 4507417, at *9. Thus, *Great Lakes Anesthesia* is an example of the "special relationship" exception described in *Wacker. See Wacker,* 157 F.R.D. at 59; *see also Behler,* 199 F.R.D. at 557 (finding that an expert witness with a "20 year history of earning significant income testifying primarily as a witness for defendants[] and an ongoing economic relationship with certain insurance companies, [] fits within recognized examples of bias[,]... making such facts relevant… and plac[es] [them] withing the scope of discovery authorized by [R]ule 26(b)(1)").

However, this case presents different circumstances, as Dr. Goodman has no such continuing relationship with the United States. As Dr. Goodman noted in her deposition, this case was one of many different projects assigned by Gradient and there was no direct relationship between project billings and her salary. *See* Exh. 4, 111:20-24. Similarly, Dr. Goodman stated that, over the last four years, her work for the United States was less than 25% of her total portfolio, while the percentage of her time devoted to this case in 2023 and 2024 was less than 5%. *See Id.* 123-24:

24-25, 1. Dr. Goodman's isolated relationship with the United States through a third-party employer regarding a case that amounts to less than 5% of her workload is markedly different from the "special relationship" justifying the admittedly "overbroad" subpoena used in *Great Lakes Anesthesia*. *See Great Lakes Anesthesia, PLLC,* 2011 WL 4507417, at *11. In this case, requiring Dr. Goodman to sit for a third deposition under the guise of following up on information already offered by the United States in satisfaction of extraneous discovery requests produces a heavy burden upon Plaintiffs to justify their demand which is not offset by the marginal value of the information sought. *See Langbord v. United States Dep't of the Treasury,* 2008 WL 4748174, *6 (E.D. Pa. Oct. 22, 2008) (a significant burden on an expert witness' private professional dealings unrelated to his role or the litigation weighs heavily against discovery requests); *Great Lakes Anesthesia, PLLC,* 2011 WL 4507417, at *15 ("a court must balance the potential value of the information to the party seeking it against the cost, effort, and expense to be incurred by the person or party producing it"); *EEOC v. Ford Motor Credit Co.,* 26 F.3d 44, 47 (6th Cir. 1994) (to determine undue burden, courts weigh "the likely relevance of the requested material… against the burden… of producing the material"). Additionally, due to the United States' offer to provide the information sought, Plaintiffs' demand for a third deposition day runs contrary to Rule 26(b)'s

requirement that discovery not be unreasonably cumulative, duplicative, or obtainable from a more convenient source.

Plaintiffs' requests are also overbroad, intrusive, and exceed the permissible scope of discovery under Rule 26(a). Plaintiffs cite *Estate of Jackson v. Billingslea* and *Burger v. Allstate Ins. Co.,* as authorities within the Eastern District of Michigan supporting expansive financial discovery. *See* ECF No. 322 at 2. However, the scope of discovery in those cases is more restricted than Plaintiffs' request. *Estate of Jackson* only concerned an expert witness' IRS Form 1099, rather than the entire compensation package, and was only opposed based on discomfort. *See Estate of Jackson v. Billingslea,* No. 18-10400, 2019 U.S. Dist. LEXIS 109393, at ** 6-7 (E.D. Mich. 2019); *see also Walters v. Taylor & Hall Transp.,* LLC, No. 17-CV-191-SMY-RJD, 2018 WL 1565616 (S.D. Ill. Mar. 30, 2018) (disclosing the proportion of income derived from litigation activities is sufficient to examine bias; the burden is on the moving party to show why a more intrusive disclosure is necessary). Similarly, *Burger v. Allstate Ins. Co.,* does not support Plaintiffs' overly intrusive and burdensome request. The *Burger* court only authorized disclosing compensation from related insurance cases and a rough percentage of income received from a single source, which it justified as bearing directly on witness bias. *See Burger v. Allstate Ins. Co.,* No. 07-11870, 2009 U.S. Dist. LEXIS 47929, at *8

(E.D. Mich. June 8, 2009). In addition, the *Burger* court restricted the information to that which "[c]ompiling [is not] inordinately difficult for the witnesses and it does not disclose any private financial information that is not directly related to the issue of bias." *Id.* at 6. Plaintiffs here, however, are making an inappropriate demand for an additional deposition concerning Dr. Goodman's total compensation for the past four years, her yearly revenue goals, and additional compensation received based on a percentage of billings generated in this case in addition to her salary and supporting documents. *See* ECF No. 322, at 3-4. Additionally, contrary to the Court's ruling in *Burger*, where most of the information sought was relevant to establish bias, the FTCA Plaintiffs' demands extend beyond information concerning Dr. Goodman's potential bias in this case. As this Court must balance the legitimate needs of Plaintiffs with the reasonable interests of Dr. Goodman and Gradient, the scope of Plaintiffs' demands creates an undue burden. *See Burger,* No. 07-11870, 2009 U.S. Dist. LEXIS 47929, at *7.

Therefore, Plaintiffs' requested deposition is unnecessary, and Plaintiffs have demonstrated neither the relevance of the information sought nor their entitlement to it. However, if this Court is inclined to subject Dr. Goodman to yet another deposition, the United States requests that it be at Plaintiffs' expense, as

well as limited to one hour and restricted to the subject matter of the information requested in Plaintiffs' Motion to Compel.

## CONCLUSION

For these reasons, this Court should deny the Plaintiffs' Motion to Compel production of documents and additional testimony related to Dr. Goodman's compensation and deny Plaintiffs' request for sanctions.

DATED:  February 21, 2025                  Respectfully submitted,

*/s/ Jewel M. Lightfoot IV*
Jewel M. Lightfoot IV (TX Bar # 24138965)
Jason T. Cohen
Heidy L. Gonzalez
Timothy B. Walthall
Michelle T. Domingue II
United States Department of Justice
Environmental Torts Litigation Section
1100 L Street, NW; Washington, DC 20005
E-mail: jewel.m.lightfoot@usdoj.gov
Phone: 202-616-4355
Fax: 202-616-4473
*Counsel for the United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2025, a copy of the foregoing document was filed via the Court's ECF system and served on counsel of record through the ECF system.

/s/ Jewel M. Lightfoot IV
Jewel M. Lightfoot IV