UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *In re* FTCA Flint Water Cases | Civil No. 4:17-cv-11218 (Consolidated) |
| This Motion Relates to: | Linda V. Parker<br>United States District Judge |
| THE FIRST BELLWETHER PROCEEDINGS | Curtis Ivy, Jr.<br>United States Magistrate Judge |

---

**United States of America's Motion for Certification of
Interlocutory Appeal Under 28 U.S.C. § 1292(b)**

---

Defendant, the United States of America, moves to certify for interlocutory appeal this Court's January 28, 2025, Opinion and Order, pursuant to 28 U.S.C. § 1292(b), because it involves controlling questions of law as to which there are substantial grounds for difference of opinion, and an immediate appeal from the Opinion and Order may materially advance the ultimate termination of the litigation.

For the reasons discussed in the accompanying Memorandum in Support, should the Court deny the United States' pending Motion to Dismiss for Lack of Subject-Matter Jurisdiction Pursuant to the Federal Tort Claims Act's Analogous Private Liability Requirement and Misrepresentation Exception, ECF. No. 291, the United States requests that this Court certify the order denying that motion as well as the January 28, 2025, Opinion and Order Denying the United States of America's

Motion to Dismiss for Lack of Subject-Matter Jurisdiction Pursuant to the Federal Tort Claims Act's Discretionary Function Exception, ECF No. 326, for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b).

Pursuant to Local Rule 7.1(a), counsel for Defendant contacted counsel for Plaintiffs in *In re FTCA Flint Water Cases* on June 16, 2025, and the parties met via video conference on June 25, 2025, Plaintiffs' counsel's first available date. Plaintiffs' counsel indicated that they oppose the Motion.

<div style="margin-left: 40%;">

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
JONATHAN D. GUYNN
Deputy Assistant Attorney General
J. PATRICK GLYNN
Director
ALBERT LAI
Assistant Director

*/s/ Lauren Gerber*
Lauren Gerber (DC Bar #1672287)
Jason T. Cohen (CA Bar #214438)
Eric Rey (DC Bar #988615)
Michelle Domingue II (DC Bar #90018744)
*Trial Attorneys*
U.S. Department of Justice, Civil Division
Environmental Tort Litigation
1100 L Street NW
Washington, DC 20005
e-mail: Lauren.Gerber@usdoj.gov
phone: (202) 616-8329

*Attorneys for Defendant*
*United States of America*

</div>

2

**CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2025, the foregoing Defendant the United States of America's Motion for Certification of this Court's January 28, 2025, Opinion and Order for Interlocutory Appeal, pursuant to 28 U.S.C. § 1292(b), and accompanying Memorandum in Support, were filed *via* the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon all counsel of record.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* FTCA Flint Water Cases

Civil No. 4:17-cv-11218
(Consolidated)

This Motion Relates to:

Linda V. Parker
United States District Judge

THE FIRST BELLWETHER
PROCEEDINGS

Curtis Ivy, Jr.
United States Magistrate Judge

---

**United States of America's Memorandum in Support of its
Motion for Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(b)**

---

## ISSUE PRESENTED

Whether this Court should certify its January 28, 2025, Opinion and Order on the discretionary function exception, ECF No. 326, (along with any subsequent denial of the United States' pending Motion to Dismiss, ECF No. 291) for interlocutory appeal because the ruling "involves a controlling question of law as to which there is substantial ground for difference of opinion and [] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

## TABLE OF CONTENTS

ISSUE PRESENTED ............................................................................. ii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................. iv

INTRODUCTION .................................................................................1

RELEVANT PROCEDURAL BACKGROUND ....................................................2

ARGUMENT .......................................................................................3

    I.   The scope of the United States' waiver of sovereign immunity under the
    FTCA is a controlling question of law. ................................................4

    II. There are substantial grounds for difference of opinion. ................................6

    III. An immediate appeal may materially advance the termination of the
    litigation. ...............................................................................11

    IV. The United States' request for certification for interlocutory appeal is
    timely. ..................................................................................14

CONCLUSION ..................................................................................15

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

**Cases**

*Berkovitz v. United States,* 486 U.S. 531 (1988)

*Boler v. Earley*, 865 F.3d 391 (6th Cir. 2017)

*Casas v. Victoria's Secret Stores, LLC*, No. 14-6412, 2015 WL 13446989 (C.D. Cal. Apr. 9, 2015)

*Chadd v. United States,* 794 F.3d 1104 (9th Cir. 2015)

*Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1946)

*Collins v. United States*, 783 F.2d 1225 (5th Cir. 1986)

*Concerned Pastors for Soc. Action v. Khouri*, 844 F.3d 546 (6th Cir. 2016)

*Daigle v. Shell Oil Co*., 972 F.2d 1527 (10th Cir. 1992)

*Davenport v. LAN*, 854 F.3d 905 (6th Cir. 2017)

*Eagan v. CSX Transp., Inc.*, 294 F. Supp. 2d 911 (E.D. Mich. 2003)

*Ex parte McCardle*, 7 Wall. 506 (1868)

*GATX/Airlog Co. v. United States*, 286 F.3d 1168 (9th Cir. 2002)

*Guertin v. Michigan*, 912 F.3d 907 (6th Cir. 2019)

*Hajdusek v. United States*, 895 F.3d 146 (1st Cir. 2018)

*In re Cement Antitrust Litig*., 673 F.2d 1020 (9th Cir. 1982)

*In re Flint Water Cases*, 482 F. Supp. 3d 601 (E.D. Mich. 2020)

*In re Trump*, 874 F.3d 948 (6th Cir. 2017)

*Kohl v. United States*, 699 F.3d 935 (6th Cir. 2012)

*Lam v. United States*, 979 F.3d 665 (9th Cir. 2020)

*Mason v. LAN*, 842 F.3d 383 (6th Cir. 2016)

*Mays v. Flint*, 871 F.3d 437 (6th Cir. 2017)

*McSurely v. McClellan*, 697 F.2d 309 (D.C. Cir. 1982)

*Mitchell v. Forsyth*, 472 U.S. 511 (1985)

*Nappier v. Snyder*, 728 F. App'x 571 (6th Cir. 2018)

*Nixon v. Fitzgerald*, 457 U.S. 731 (1982)

*PacifiCorp v. Hurless*, No. 04-CV-131, 2005 WL 8155510 (D. Wyo. Jan. 4, 2005)

*Pio v. Gen. Motors Co.*, No. 2:14-CV-11191, 2014 WL 6935861 (E.D. Mich. Dec. 8, 2014)

*Prescott v. United States*, 973 F.2d 696 (9th Cir. 1992)

*Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993)

*Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681 (9th Cir. 2001)

*Seaside Farm, Inc. v. United States*, 842 F.3d 853 (4th Cir. 2016)

*Sigman v. United States*, 217 F.3d 785 (9th Cir. 2000)

*S.R.P. ex rel. Abunabba v. United States*, 676 F.3d 329 (3d Cir. 2012)

*Steel Co. v. Citizens for Better Env't*, 523 U.S. 83 (1998)

*Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535 (7th Cir. 2012)

*T.P. by & through S.P. v. Walt Disney Parks & Resorts U.S., Inc.*, 445 F. Supp. 3d 665 (C.D. Cal. 2020)

*United States v. Gaubert*, 499 U.S. 315 (1991)

*Waid v. Busch*, 740 F. App'x 94 (6th Cir. 2018)

*Wang v. Gen. Motors, LLC,* No. 18-10347, 2019 WL 1950185 (E.D. Mich. May 2, 2019)

**Statutes**

28 U.S.C. § 1292

## INTRODUCTION

The United States seeks certification for interlocutory appeal on three jurisdictional issues, pursuant to 28 U.S.C. § 1292(b). The United States has filed two post-discovery motions to dismiss for lack of subject-matter jurisdiction for three independent reasons: (1) the discretionary function exception ("DFE") to the Federal Tort Claims Act ("FTCA")'s waiver of sovereign immunity, (2) the misrepresentation exception of the FTCA, and (3) lack of analogous private liability. The United States seeks to appeal this Court's January 28, 2025, decision denying the United States' post-discovery motion to dismiss based on the DFE, along with any subsequent denial of the United States' pending post-discovery motion to dismiss based on the misrepresentation exception and lack of analogous private liability. The United States' request for certification for interlocutory appeal is warranted because the Court's ruling on these jurisdictional matters (1) involves controlling questions of law, (2) there are substantial grounds for difference of opinion, and (3) immediate appeal from the orders may materially advance the ultimate termination of the litigation. The United States' request is timely under the applicable reasonableness standard because related jurisdictional issues remain pending before the Court.

1

## RELEVANT PROCEDURAL BACKGROUND

On April 18, 2019, following an abbreviated period of limited threshold discovery, *see* ECF No. 23, this Court denied the United States' first motion to dismiss for lack of subject-matter jurisdiction under the FTCA. Op. and Order, ECF No. 76. The United States subsequently moved for certification of interlocutory appeal. Mot., ECF No. 79. On September 27, 2019, this Court denied the United States' motion, observing that discovery could reveal additional facts relevant to whether the DFE applies to Plaintiffs' claims. Op. and Order, ECF No. 87. The parties then engaged in discovery for four years.

Following extensive discovery, which included over 130 fact depositions and 20 expert depositions, the United States brought a second motion to dismiss for lack of subject-matter jurisdiction based on the FTCA's DFE, Mot., ECF No. 262 ("Post-Discovery DFE Motion"), and a motion to dismiss for lack of subject-matter jurisdiction pursuant to the FTCA's analogous private liability requirement and misrepresentation exception, Mot., ECF No. 291 ("Pending Motion to Dismiss"). On January 28, 2025, the Court denied the United States' Post-Discovery DFE Motion. Op. and Order, ECF No. 326. The Court has not yet ruled on the United States' Pending Motion to Dismiss.

At a status conference on March 12, 2025, the Court inquired as to the propriety and deadline for filing an interlocutory appeal of the Court's denial of the

United States' Post-Discovery DFE Motion, after which both parties submitted emails to the Court further explaining their positions. *See* Exhibit A. On May 12, 2025, the Court held a status conference, and the United States expressed its position that obtaining a ruling from the Sixth Circuit Court of Appeals on all three of the United States' jurisdictional defenses would likely aid settlement discussions. In light of the Court's inquiry on March 12, 2025, counsel for the United States sought—consistent with U.S. Department of Justice procedure—approval from the Solicitor General of the United States to move for interlocutory appeal. Such approval was granted on June 12, 2025. The parties met and conferred on June 25, 2025, the first date Plaintiffs' counsel was available. This motion follows.

## ARGUMENT

"A district court has the discretion to grant permission to a party to appeal a non-final order if: (1) the challenged directive 'involves a controlling question of law'; (2) a 'substantial ground for difference of opinion' exists regarding the correctness of the decision; and, (3) an immediate appeal 'may materially advance the ultimate termination of the litigation[.]'" *Pio v. Gen. Motors Co.*, No. 2:14-CV-11191, 2014 WL 6935861, at *3 (E.D. Mich. Dec. 8, 2014) (Parker, J.) (quoting 28 U.S.C. § 1292(b)). The Court should certify its January 28, 2025, Opinion and Order, ECF No. 326, (along with any subsequent denial of the United States' Pending

3

Motion to Dismiss, ECF No. 291) for interlocutory appeal because all three of the Section 1292(b) requirements are met.[1] The United States' request is also timely.

I.   The scope of the United States' waiver of sovereign immunity under the FTCA is a controlling question of law.

The United States seeks interlocutory appellate review of three jurisdictional issues that each involve controlling questions of law because the United States asserts it has not waived sovereign immunity for Plaintiffs' tort claims based on the FTCA's exceptions to subject-matter jurisdiction.

Interlocutory appeal under Section 1292(b) "is particularly appropriate" where a district court order denies the United States' "claims of immunity." *McSurely v. McClellan*, 697 F.2d 309, 316 n.12 (D.C. Cir. 1982). The value of immunity "is for the most part lost as litigation proceeds past motion practice such that the denial order will be effectively unreviewable on appeal from a final judgment." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 139 (1993); *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 861 (4th Cir. 2016) ("The value of any

---

[1] Because no order has yet been issued on the United States' Pending Motion to Dismiss, ECF No. 291, this motion analyzes the three requirements of Section 1292(b) only with respect to the DFE, for which the Court has issued an order, ECF No. 326. The United States is willing to submit supplemental briefing applying Section 1292(b) to analogous private liability and the misrepresentation exception should the Court deny the United States' motion on these issues. Alternatively, the Court may certify its future order on analogous private liability and the misrepresentation exception for interlocutory appeal *sua sponte. E.g.*, *T.P. by & through S.P. v. Walt Disney Parks & Resorts U.S., Inc.*, 445 F. Supp. 3d 665, 668 (C.D. Cal. 2020).

4

kind of immunity, applied here [in this FTCA case] as a jurisdictional bar, declines as litigation proceeds."). Consequently, pretrial decisions regarding immunity, which often are reviewed on interlocutory appeal under the collateral order doctrine, are considered eligible for interlocutory appeal, *i.e.*, they "fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Puerto Rico Aqueduct & Sewer Auth.,* 506 U.S. at 143 (1993) (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1946)) (11th Amendment immunity); *see also Nixon v. Fitzgerald*, 457 U.S. 731, 742 (1982) (absolute immunity); *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985) (qualified immunity).

A challenge to a court's subject-matter jurisdiction is among the decisions most "obviously suited for interlocutory appeal." 16 CHARLES ALAN WRIGHT, ARTHUR D. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3931 (3d ed. 2018) (collecting cases). For example, the Sixth Circuit resolved multiple immunity issues related to the Flint Water Crisis raised by state and local entities and actors in *Guertin v. Michigan* on collateral order review. 912 F.3d 907, 916 (6th Cir. 2019), *reh'g denied*, 924 F.3d 309 (6th Cir. 2019). Additionally, numerous other courts have certified for interlocutory appeal rulings that denied the United States' motion to dismiss for lack of subject-matter

jurisdiction due to the FTCA's DFE. *See, e.g., Berkovitz v. United States*, 486 U.S. 531, 534 (1988) (deciding on interlocutory appeal whether the FTCA's discretionary function exception deprived the district court of subject-matter jurisdiction); *Daigle v. Shell Oil Co.*, 972 F.2d 1527, 1531 (10th Cir. 1992); *Prescott v. United States*, 973 F.2d 696, 698 (9th Cir. 1992); *Collins v. United States*, 783 F.2d 1225, 1227 (5th Cir. 1986); *Sigman v. United States*, 217 F.3d 785, 790 (9th Cir. 2000) (both sides sought interlocutory appeal of partial denial of motion to dismiss under the discretionary function exception).

II.   <u>There are substantial grounds for difference of opinion.</u>

The DFE requires a two-prong analysis, and here, both prongs involve substantial grounds for difference of opinion. Substantial grounds for difference of opinion exists here because "fair-minded jurists might reach contradictory conclusions." *In re Trump*, 874 F.3d 948, 952 (6th Cir. 2017) (quoting *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2001)); *see also, Reese*, 643 F.3d at 688 (determining whether "'this appeal involves an issue over which reasonable judges might differ' and such 'uncertainty provides a credible basis for a difference of opinion' on the issue") (quoting *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1028 (9th Cir. 1982)).

The first prong of the DFE analysis requires the court to determine "whether the challenged act or omission violated a mandatory regulation or policy that allowed

6

no judgment or choice." *Kohl v. United States*, 699 F.3d 935, 940 (6th Cir. 2012) (citing *United States v. Gaubert*, 499 U.S. 315, 322–23 (1991)). There are substantial grounds for difference of opinion as to this first prong, as even this Court has reached two different conclusions regarding Section 1414 of the Safe Drinking Water Act ("SDWA"). In this Court's 2019 Opinion and Order denying the United States' initial motion to dismiss, the Court found Section 1414 of the SDWA conferred discretion to the EPA. Op. and Order PageID.2643–2644, ECF No. 76. However, in the Court's January 28, 2025, Opinion and Order denying the United States' Post-Discovery DFE Motion, the Court explained that it was persuaded by Judge Levy's subsequent analysis and held that Section 1414 did not confer discretion to the EPA. Op. and Order PageID.10931, ECF No. 326. That two courts have now reached the same conclusion is not dispositive, as the Sixth Circuit has clearly stated, "[a] substantial ground for difference of opinion exists where reasonable jurists *might* disagree on an issue's resolution, not merely where they have *already* disagreed." *In re Trump*, 874 F.3d at 952 (quoting *Reese*, 643 F.3d at 688) (emphasis added).

Moreover, the Court reversed course on whether EPA was required to take action under Section 1414 despite three key points to the contrary: First, the EPA Administrator (and those to whom she delegated Section 1414 authority) did not find that Flint's lack of corrosion control violated the SDWA (the predicate for a Section 1414 order), which is the statutory precondition for EPA's Section 1414 authority.

7

*See, e.g.*, Post-Discovery DFE Mot. PageID.5044–5045, ECF No. 262. Reasonable jurists may disagree with the Court's legal conclusion that Section 1414 can be triggered by findings made by EPA employees other than the EPA Administrator or her delegee, especially since Section 1414's plain language requires the Administrator to have made such a finding. *Id.* Second, other courts have found that statutory language comparable to that in Section 1414—specifically, when an Administrator "make[s] a determination"—is discretionary. *See, e.g.*, *id.* at PageID.5044–5045 (collecting cases). Consequently, reasonable jurists may disagree with the Court's conclusion that the predicate condition for a Section 1414 order existed. Third, more generally, the EPA Administrator's decision whether to make a SDWA violation finding is an enforcement decision that other courts have found are immune from FTCA liability under the DFE. *See, e.g.*, *id.* at PageID.5045–5047 (collecting cases).

The second prong of the DFE analysis "requires a court to evaluate whether the conduct is of the kind that the discretionary function exception was designed to shield from liability." *Kohl v. United States*, 699 F.3d 935, 940 (6th Cir. 2012) (citations omitted). Here, the Court reasoned that "the Flint Water Crisis may present a scenario where decisions by government actors, even if discretionary, may pass a threshold of objective reasonableness such that no reasonable observer would see them as susceptible to policy analysis." Op. and Order PageID.10933–10934, ECF

No. 326 (quoting *Hajdusek v. United States*, 895 F.3d 146, 152 (1st Cir. 2018)). However, as Judge Levy has acknowledged, "the Sixth Circuit has not yet decided a case" that applies the "beyond objective reasonableness" exception that the Court applies here. *In re Flint Water Cases*, 482 F. Supp. 3d 601, 637–38 (E.D. Mich. 2020) (Levy, J.). Rather, the Court relies on out-of-circuit opinions, which mention the exception only in the hypothetical and did not in fact apply it, because in both cases the government's decisions were found susceptible to policy analysis. *See Hajdusek v. United States*, 895 F.3d 146, 152–53 (1st Cir. 2018); *S.R.P. ex rel. Abunabba v. United States*, 676 F.3d 329, 340 n.6 (3d Cir. 2012); *In re Flint Water Cases*, 482 F. Supp. 3d at 637–38 (Levy, J.). For all these reasons, reasonable jurists may disagree with the Court's application of such an exception to the second prong of the DFE analysis.

Additionally, there are substantial grounds for difference of opinion regarding the Court's ruling that "with respect to Section 1414, the discretion conferred on the EPA is not the kind that can be said to be grounded in the policy of the regulatory regime" because "the EPA's decisions in response to the Flint Water Crisis involved professional and scientific judgments, not multiple and competing policy considerations." Op. and Order PageID.10936, ECF No. 326 (citations omitted). The Supreme Court previously rejected a similar argument that "the mere application of technical skills" cannot be subject to discretionary function. *Gaubert*, 499 U.S. at

331. Other courts have recognized that simply because an agency's response involved professional and scientific judgments does not preclude the application of the DFE. *See e.g.*, *Lam v. United States*, 979 F.3d 665, 687 (9th Cir. 2020) (concurring opinion); *GATX/Airlog Co. v. United States*, 286 F.3d 1168, 1178 (9th Cir. 2002) ("Simply because technical data is at issue does not mean that the decisions are stripped of their policy implications."). Instead, "where there is even *one* policy reason why officials may decide not to take a particular course of action to address a safety concern, the exception applies," regardless of whether it involves scientific and professional judgment. *Chadd v. United States*, 794 F.3d 1104, 1112 (9th Cir. 2015) (emphasis in original). Here, the United States has demonstrated at least one other policy consideration. *See* Post-Discovery DFE Mot. PageID.5031–5038, ECF No. 262. Examples of EPA's other policy considerations include that (1) EPA's approach was the most expeditious way to proceed without risking delay, and (2) a more confrontational approach of issuing an order could slow down progress or cement the status quo if the City of Flint or the Michigan Department of Environmental Quality ("MDEQ") challenged the order in court. *Id.* at 26.

There are also substantial grounds for difference of opinion regarding the Court's ruling that once the EPA decided to respond to citizen complaints, the EPA "did not have the discretion to provide dangerously misleading or inaccurate information which downplayed the urgency of the situation in Flint and may have

induced detrimental reliance on the EPA" because "there are some decisions that 'may pass a threshold of objective unreasonableness such that no reasonable observer would see them as susceptible to policy analysis.'" Op. and Order PageID.10937, ECF No. 326 (quoting *Hajdusek*, 895 F.3d at 152). The Sixth Circuit has not yet decided a case that applies the "beyond objective reasonableness" exception that the Court applies here. *See id*. Additionally, courts could reach different conclusions as to whether EPA was required to conduct its own investigation or fact-check what MDEQ told them in response to citizen complaints, or whether EPA had the discretion to make the policy judgment to rely on these entities closer to the events on the ground, including because of EPA Region 5's limited resources, personnel, and time to manage over 42,000 public water systems. *See* Post-Discovery DFE Mot. PageID.5041–5042, ECF 262. For these reasons, reasonable jurists may disagree with the Court's reasoning about EPA's response to citizen complaints.

III.     An immediate appeal may materially advance the termination of the litigation.

An appeal of the Court's January 28, 2025, Opinion and Order "may materially advance the termination of the litigation" for two reasons. 28 U.S.C. § 1292(b).

First, this litigation would end if the Sixth Circuit were to rule in favor of the United States on any of the three jurisdictional questions. *See In re Trump*, 874 F.3d at 952; *Wang v. Gen. Motors*, LLC, No. 18-10347, 2019 WL 1950185, at *2 (E.D.

Mich. May 2, 2019) (Parker, J.) (concluding that an interlocutory appeal is appropriate where an appellate ruling would substantially narrow the scope of litigation); *Pio*, 2014 WL 6935861, at *3 (Parker, J.) ("The moving party satisfies the third requirement where the resolution of a controlling legal question would avoid trial, as well as when it would otherwise substantially shorten the litigation.").

Before the parties and the Court embark on a protracted and expensive trial on the merits of these claims and alleged damages, it would be prudent and efficient to first resolve definitively this Court's subject-matter jurisdiction. *See Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)); *see also PacifiCorp v. Hurless*, No. 04-CV-131, 2005 WL 8155510, at *2 n.3 (D. Wyo. Jan. 4, 2005) ("Certification of the jurisdictional issues substantially advances the policies behind divesting the district courts' power to proceed to trial. It would be a waste of judicial resources to proceed to trial, obtain a verdict, and then, after potentially years of litigation, find that the entire action was conducted without jurisdiction.").

Second, the United States has consistently maintained that obtaining a ruling from the Sixth Circuit on all three of the United States' jurisdictional defenses would likely facilitate settlement discussions among the parties. Where settlement

12

negotiations are impacted by the resolution of a key legal issue, an interlocutory appeal is appropriate. *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012) (determining that the "may materially advance" clause of Section 1292(b) is satisfied where settlement may be delayed and litigation protracted absent an interlocutory appeal); *see also Casas v. Victoria's Secret Stores, LLC*, No. 14-6412, 2015 WL 13446989, *3 (C.D. Cal. Apr. 9, 2015) (finding Section 1292(b) certification is appropriate "with neither side willing to seriously entertain the other's position absent some resolution").

The Sixth Circuit is in a unique position to consider the issues raised in this proposed interlocutory appeal, having heard numerous appeals related to governmental immunity involving the Flint Water Crisis, including (1) denying state, local, and other officials' claim of qualified immunity from Section 1983 claims of violations of plaintiffs' right to bodily integrity, *Guertin v. Michigan*, 912 F.3d 907, 928 (6th Cir. 2019); and (2) granting the State of Michigan's claims—but denying the City of Flint's claims—of 11th Amendment immunity from plaintiffs' Section 1983 claims, *Boler v. Earley*, 865 F.3d 391, 413 (6th Cir. 2017).[2] The EPA is not in

---

[2] *See also, e.g.*, *Waid v. Busch*, 740 F. App'x 94 (6th Cir. 2018) (appellate review of district court's order remanding the case to state court); *Nappier v. Snyder*, 728 F. App'x 571 (6th Cir. 2018) (same); *Mays v. Flint*, 871 F.3d 437 (6th Cir. 2017) (same); *Davenport v. LAN*, 854 F.3d 905 (6th Cir. 2017) (same); *Mason v. LAN*, 842 F.3d 383 (6th Cir. 2016) (same); *Concerned Pastors for Soc. Action v. Khouri*, 844 F.3d 546 (6th Cir. 2016) (upholding preliminary injunction requiring defendants to provide drinking water to city residents).

a position where appeal is authorized as a matter of right comparable to the parties whose cases have reached the Sixth Circuit, and does not yet have the benefit of a Sixth Circuit ruling on a controlling jurisdictional issue of sovereign immunity for all claims against it.

IV.    The United States' request for certification for interlocutory appeal is timely.

Section 1292(b) does not impose a deadline by which a party must seek an interlocutory appeal. The statute only provides that an appeal must be taken ten days after the district court certifies an order as appropriate for interlocutory appeal; it does not place a deadline for when the request for interlocutory appeal must be made. 28 U.S.C. § 1292(b). Some courts, however, apply a standard of reasonableness when considering the timeliness of such a request. *See, e.g.*, *Eagan v. CSX Transp., Inc.*, 294 F. Supp. 2d 911, 914 (E.D. Mich. 2003). Under this standard, courts consider whether the timing prejudices the opposing party and whether there is a reason for any delay in seeking interlocutory appeal. *Id.*

The timing of the United States' Motion for Interlocutory Appeal is reasonable. While the Court denied the United States's Post-Discovery DFE Motion, its ruling did not resolve the additional challenges to the Court's subject-matter jurisdiction over this litigation. Appellate review of all the jurisdictional issues will efficiently establish whether the litigation may proceed. The United States seeks certification for interlocutory appeal following two status conferences in which the

14

Court inquired as to whether the United States would seek to appeal the Court's decision and what would help advance settlement discussions. The United States consistently advocated for a ruling from the Sixth Circuit on all three of the United States' jurisdictional defenses to aid settlement discussions. Moreover, Plaintiffs are not prejudiced by the timing of this motion because the United States seeks to simultaneously appeal the Court's January 28, 2025, order *and* the Court's pending order on the FTCA's analogous private liability requirement and misrepresentation exception (if the Court rules against the United States). Rather than prejudicing Plaintiffs, appellate review will establish whether any claims remain for litigation or potential settlement. If the Sixth Circuit determines that this Court lacks subject-matter jurisdiction, Plaintiffs will be spared additional wasted resources pursuing the matter through trial.

## CONCLUSION

For the reasons set forth above, the United States requests certification of the Court's January 28, 2025, Opinion and Order for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), because it involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of the litigation.

Dated:      June 25, 2025                Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
JONATHAN D. GUYNN
Deputy Assistant Attorney General
J. PATRICK GLYNN
Director
ALBERT LAI
Assistant Director


*/s/ Lauren Gerber*
Lauren Gerber (DC Bar #1672287)
Jason T. Cohen (CA Bar #214438)
Eric Rey (DC Bar #988615)
Michelle Domingue II (DC Bar # 90018744)
*Trial Attorneys*
U.S. Department of Justice, Civil Division
Environmental Tort Litigation
1100 L Street NW
Washington, DC 20005
e-mail: Lauren.Gerber@usdoj.gov
phone: (202) 616-8329

*Attorneys for Defendant*
*United States of America*

16