## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

*In re* FTCA Flint Water Cases,

_____/

This Motion Relates to:

ALL CASES

Civil No. 4:17-cv-11218

Linda V. Parker
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

## <u>PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL</u>

# TABLE OF CONTENTS

INDEX OF AUTHORITIES.......................................................................................... iii

ISSUE PRESENTED................................................................................................vi

INTRODUCTION ....................................................................................................1

ARGUMENT

I.      Interlocutory Appeals are only Warranted in Exceptional
        Circumstances ........................................................................................... 5

II.     Defendant's Motion Fails to Meet the Threshold Requirement of
        Timeliness.................................................................................................6

III.    This Court's Ruling is Based on Disputed Questions of Fact, and there
        is no Question of Law about which there is Substantial Ground for
        Difference of Opinion that Exists for Interlocutory Review........................11

IV.     An Interlocutory Appeal will not Advance the Termination of the
        Litigation................................................................................................18

CONCLUSION ......................................................................................................21

## INDEX OF AUTHORITIES

**Cases**

*Abbey v. U.S.*, 89 Fed. Cl. 425 (U.S. Ct. Cl. 2009)................................................7, 8

*ABO Staffing Services, Inc. v. United Health Care Ins. Co.*, 2025 WL 870127
   (E.D. Mich., March 20, 2025, J. Parker)............................................................2, 11

*Ahrenholz v. Board of Trustees of University of Illinois*, 219 F.3d 674 (7th Cir.
   2000) ................................................................................................................6, 11

*Arabian Motors Grp. W.L.L. v. Ford Motor Co.*, 2017 WL 2222552 (E.D. Mich.
   May 22, 2017)........................................................................................................5

*Berkovitz v. Unted States*, 486 U.S. 541 (1988)......................................................19

*Bose v. De La Salud Bar*, 2018 WL 8922839 (W.D. Tenn. 2018) ............................7

*Burgess v. United States*, 2019 WL 4734686 (E.D. Mich. 2019) ...............1, 2, 3, 11

*Burgess v. United States*, 375 F.Supp.3d 796 (2019)............................................1, 9

*C.M. v. United States*, 2020 WL 5232560 (D. Ariz., July 6, 2020) ........................15

*Eagan v. CSX Transp., Inc.*, 294 F.Supp.2d 911 (E.D. Mich. 2003)........................7

*Gaubert v. U.S..,* 499 U.S. 315 (1991) ....................................................................16

*Getz v. Boeing Co.*, 2009 WL 3765506 (N.D. Cal., June 16, 2009) ................. 10, 19

*Guertin v. Michigan,* 924 F.3d 309 (6th Cir. 2011)..................................................14

*In re Cement Antitrust Litig.,* 673 F.2d 1020 (9th Cir. 1982) ...................................5

*In re City of Memphis*, 293 F.3d 345 (6th Cir. 2002)................................................6

*In re Flint Water Cases*, 482 F.Supp.3d 601 (2020) .................................................1

*In re Flint Water Cases*, 627 F. Supp. 3d 734 (E.D. Mich. 2022) ........................1, 3

*In re FTCA Water Cases*, 2025 WL 322227 (ED Mich 2025) .............................. i, 16

*In re Miedzianowski*, 735 F.3d 383 (6th Cir. 2013) ...................................17

*In Re Trump* 874 F.3d 948 (6th Cir. 2017) .................................................14

*Johnson v. Jones*, 515 U.S. 304 (1995)....................................................13

*Kennard v. United Parcel Service, Inc.*, 531 F. Supp. 1139 (E.D. Mich. 1982) ......10

*Local 836 of United Auto. Aerospace & Agr. Implement Workers of Am. (UAW) v. Echlin, Inc.*, 670 F. Supp. 697 (E.D. Mich. 1986) ....................................................9

*McFarlin v. Conseco Services, LLC*, 381 F.3d 1251 (11th Cir. 2004).................9, 15

*Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100 (2009).....................................6

*Monk v. United States*, 2025 WL 473590 (D. Conn., Feb. 12, 2025) .....................11

*Nice v. L-3 Communications Vertex Aerospace LLC*, 885 F.3d 1308 (11th Cir. 2018) ......................................................................................................13

*Parks v. Warren Correctional Institution*, 51 Fed. Appx. 137 (6th Cir. 2002) .........17

*Pio v. General Motors Co*, 2014 WL 6945861 (E.D. Mich. Dec. 8, 2014, J. Parker) ..................................................................................................17

*Rodriguez v. City of Cleveland*, 2009 WL 1661942 (N.D. Ohio, June 10, 2009) ...13

*Serrano v. Cintas Corp.*, 2010 WL 940164 (E.D. Mich., March 12, 2010) ............10

*Shurance v. Planning Control Int'l*, 839 F2d 1347 (9th Cir. 1988)............................19

*Sigma Financial Corp. v. American Intern. Specialty Lines Ins. Co.*, 200 F.Supp.2d 710 (E.D. Mich. 2002) .........................................................................8

*Sloan v. Borgwarner, Inc.*, 2014 WL 12724217 (E.D. Mich. 2014) .........................7

*Stockwell v. Hamilton*, 2016 WL 3438109 (E.D. Mich., June 23, 2016, J. Parker) 17

*Taglieri v. Monasky*, 907 F.3d 404, 408 (6th Cir. 2018) .........................................14

*Turner v. Scott*, 119 F.3d 425 (6th Cir. 1997)........................................................13

*United States ex rel. Heller v. Guardian Pharmacy of Atlanta, LLC*, 2024 WL
   102211 (N. Ga., Jan. 9, 2024) ................................................................................12

*Vitols v. Citizens Banking Co.,* 984 F.2d 168 (6th Cir. 1993) ...................................5

*Wallace Sales & Consulting, LLC v. Tuopu North America, Limited*, 2016 WL
   6875889 (E.D. Mich., Nov. 22, 2016) ..................................................................11

*Wang v. General Motors,* 2019 WL 1950185 (E.D. Mich. 2019)...........................18

*Yates v. City of Cleveland*, 941 F.2d 444 (6th Cir. 1991) .........................................10

**Statutes**

28 U.S.C. § 1291 .........................................................................................................5

28 U.S.C. § 1292(b) ........................................................................................... passim

**Other Authorities**

House and Senate Judiciary Conference Report, 1958 U.S.C.C.A.N. 5259 .............9

**Rules**

Rule 12(b)(1).............................................................................................................12

## ISSUE PRESENTED

Whether Defendant meets the statutory requirements for their extraordinary request to certify this court's January 28, 2025 decision for interlocutory appeal, when: the motion is untimely and seeks a piecemeal appeal of one of many dispositive matters pending before this Court; the motion fails to identify a "controlling issue of law" about which there is a "substantial ground for difference of opinion," as this Court's decision applied contested facts to well-settled legal principles; and an interlocutory appeal at this stage of the proceedings, where the parties are ready for trial, will not materially advance this litigation, but rather result in additional delay, costs and expense for Plaintiffs.

## INTRODUCTION

On January 28, 2025, this Court issued its opinion again denying Defendant's Motion to Dismiss Plaintiffs' case based on immunity.[1] Defendant filed the instant Motion for Certification of Interlocutory Appeal, six months later on June 25, 2025.

Defendant's renewed Motion for Certification suffers from all the same failures to satisfy the requirements of 28 U.S.C. § 1292(b) that doomed its prior Motion for Certification of Interlocutory Appeal. Defendant, again, fails to meet the first statutory requirement for interlocutory appeal, namely, to demonstrate that they seek to appeal a controlling question of pure law for which there is substantial ground for a difference of opinion. Additionally, Defendant's motion filed six months after the Court's ruling fails to meet the threshold requirements of timeliness.[2]

As this Court previously held, rejecting Defendant's motion to certify for

---

[1] This Court originally denied Defendant's Motion to Dismiss based on alleged immunity under the Federal Torts Claims Act (FTCA) and alleged failure to plead state law liability on April 18, 2019. *Burgess v. United States*, 375 F.Supp.3d 796 (2019). In the companion case, Judge Levy denied Defendant's Motion to Dismiss on the same grounds on August 26, 2020. *In re Flint Water Cases*, 482 F.Supp.3d 601 (2020). That case is still pending before Judge Levy and is scheduled for trial in January 2026.

[2] Defendant's first Motion for Certification of Interlocutory Appeal was denied on September 27, 2019. *Burgess v. United States*, 2019 WL 4734686 (E.D. Mich. 2019). Similarly, certification was denied in the companion case on September 7, 2022. *In re Flint Water Cases*, 627 F. Supp. 3d 734 (E.D. Mich. 2022).

interlocutory appeal its ruling on the discretionary function exception: "The Court's holdings with respect to the government's motion to dismiss was too fact-intensive an inquiry for interlocutory review. It required the court to dig deeply into a substantial factual record." *Burgess v. United States*, 2019 WL 4734686, \*1 (E.D. Mich. 2019). This remains true as to the renewed motion and requires denial of this second motion to certify.

As this Court recognized in *ABO Staffing Services, Inc. v. United Health Care Ins. Co.*, 2025 WL 870127 (E.D. Mich., March 20, 2025, J. Parker) ("[C]ourts must heed the Sixth Circuit's warning that such review should be granted sparingly and only in exceptional cases" and only if it involves a pure question of law that "the court can resolve without having to delve beyond the surface of the record to determine the facts" as opposed to "whether the district court properly applied settled law to the facts or evidence of a particular case." Given the extensive factual presentation by the parties and detailed analysis of the facts by the Court in its opinion, certification for interlocutory appeal would be inappropriate here.

Moreover, Defendant does not identify the controlling issue of pure law at issue in this case. And, in fact, there is none as the law governing the application of the discretionary function exception (DFE) is well settled. Nor does Defendant meet the requirements of demonstrating substantial ground for difference of opinion, but simply argues that different courts could possibly reach a different conclusion.

2

Tellingly, the Defendant's brief appears to be a belated motion for reconsideration as Defendant simply reargues its motion to dismiss suggesting that another judge might apply the facts to the settled law differently. That is not a legitimate justification for an interlocutory appeal. *In re Flint Water Cases*, 627 F. Supp. 3d 734 , 740 (E.D. Mich. 2022) (The possibility of disagreement with an aspect of the Court's ruling is not sufficient. The challenged holding must also be "controlling." 28 U.S.C. Sec. 1292(b).).

With regard to the requirement that an interlocutory appeal would materially advance the ultimate termination of this litigation, Defendant's current motion is even more infirm. This Court previously recognized the prejudice to the Plaintiffs that would be wrought by an interlocutory appeal by recognizing that immediate appeal would not expedite this case which, "has been substantially delayed to address the issues raised in the United States' motion to dismiss," and determining that, "[a]llowing an interlocutory appeal would only further delay its progression." *Burgess v. United States*, 2019 WL 4734686, *1 (E.D. Mich. Sept. 27, 2019). That is even more true now as all discovery is completed and the parties are ready for trial.

Moreover, granting certification of this Court's January 28, 2025 ruling would encourage a strongly disfavored "piecemeal" approach to resolution. Defendant chose to uncouple their dispositive motions, filing one on the renewed discretionary

3

function exception; a separate one on their renewed challenge to state law liability; and still another asserting a statute of limitations defense and failure to state a claim argument. The latter two are still pending.[3]

This case is now ready for trial, all pretrial discovery and motions having been completed, and a bench trial can be completed before an interlocutory appeal could be resolved. An interlocutory appeal at this time, of only the decision on the discretionary function exception , where the parties have completed all discovery and pre-trial matters, and await only trial, would not materially advance the case. Nor would a future certification of all of the pending motions, which are all highly fact dependent, resolve issues that can only be resolved through trial.

Finally, there is no longer any hope for resolution of this case through settlement, regardless of an appellate ruling on this Court's January 28, 2025 decision. Defendant's posture in this case has changed drastically and now it disputes that any harm occurred to Plaintiffs during the Flint Water Crisis. Only a Bellwether trial will give the parties a baseline for possible resolution through settlement negotiations.

---

[3] Although Defendant seems to seek certification on those orders which have not yet been issued, that is both illogical and inconsistent with § 1292(b) as the availability of an interlocutory appeal cannot be considered until of the basis of the Court's decision is known.

4

## ARGUMENT

## I. Interlocutory Appeals are only Warranted in Exceptional Circumstances.

Typically, an appeal only lies from "final decisions of the district courts." 28 U.S.C. §1291. Congress enacted a narrow exception to the final judgment rule which requires that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that [1] such order involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order."

28 U.S.C. §1292(b)

"[T]he party seeking permission for an interlocutory appeal under *28 U.S.C. Sec. 1292(b)* bears the burden of showing that each of the statutory requirements are satisfied…and a district court may not certify an order for review under Section 1292(b) until it 'expressly find[s] that all three' of the 'requirements are met.'" *Arabian Motors Grp. W.L.L. v. Ford Motor Co.*, 2017 WL 2222552, *2 (E.D. Mich. May 22, 2017) (citing *Vitols v. Citizens Banking Co.,* 984 F.2d 168, 170 (6th Cir. 1993) (the party seeking interlocutory review bears the burden of showing that each of the listed requirements are satisfied). *See* also *In re Cement Antitrust Litig.,* 673 F.2d 1020, 1026 (9th Cir. 1982) (even if the movant satisfies all three prongs, the Circuit Court "may, but need not," exercise its discretion to allow an appeal); and

*Ahrenholz v. Board of Trustees of University of Illinois*, 219 F.3d 674, 676 (7ᵗʰ Cir. 2000) ("unless all these criteria are satisfied, the district court may not and should not certify its order to us for an immediate appeal under Sec. 1292(b).").

Importantly, courts including the Sixth Circuit, have held that § 1292(b) certification is to be "sparingly applied." *In re City of Memphis*, 293 F.3d 345, 350 (6ᵗʰ Cir. 2002) ("Review under § 1292(b) is granted *sparingly and only in exceptional cases*.") (emphasis added); *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 106-09 (2009) ("The justification for immediate appeal must therefore be sufficiently strong to overcome the usual benefits of deferring appeal until litigation concludes…*post judgment appeals generally suffice to protect the rights of litigants*…and "piecemeal prejudgment appeals" undermine efficient judicial administration) (emphasis added).

In this matter, at this time, Defendant does not meet its burden to demonstrate the existence of "exceptional circumstances" which would warrant a departure from the final judgment rule. *In re City of Memphis,* supra.

## II.    Defendant's Motion Fails to Meet the Threshold Requirement of Timeliness.

Before the Court can even consider whether the Defendant satisfies § 1292(b)'s criteria for granting the extraordinary request to certify this Court's January 28, 2025 decision for interlocutory appeal, Defendant must first meet the

6

threshold requirement of timeliness. *Abbey v. U.S.*, 89 Fed. Cl. 425, 429-30 (U.S. Ct. Cl. 2009).

Defendant does not deny the existence of the threshold requirement, but argues that this Court should apply a standard of reasonableness when considering the question of timeliness, relying upon *Eagan v. CSX Transp., Inc.*, 294 F.Supp.2d 911 (E.D. Mich. 2003). Defendant, however, then misconstrues the reasonableness standard. The *Eagan* Court held that while a 16-day delay in filing a motion for certification is reasonable, **when the opposing party did not claim any prejudice**, a two-month delay would not be reasonable under the same circumstances. *Eagan*, 294 F.Supp.2d at 914. While a specific time period is not specified in the rules or statute, "courts across the nation routinely find that a delay of two months or more in filing a motion to certify an order for interlocutory appeal is unreasonable." *Bose v. De La Salud Bar*, 2018 WL 8922839 (W.D. Tenn. 2018).

In *Sloan v. Borgwarner, Inc.*, 2014 WL 12724217 (E.D. Mich. 2014) the court rejected a motion filed nearly two months after the court's ruling as untimely, noting that "timely requests for certification are calculated in days, not months." Defendant's delay of six months, while the parties continued to litigate this matter, is well beyond a reasonable time frame and Plaintiffs here do assert prejudice.

Even where good cause is shown for delay, courts have consistently held that the window for delayed filings, is three months, beyond which the motions are

deemed untimely. *Abbey v. U.S.*, 89 Fed. Cl. 425, 430-31 (U.S. Ct. Cl. 2009) (citing cases and summarizing the state of the law regarding timeliness of interlocutory appeals). Here, Defendant waited over six months to file the instant motion and has not demonstrated good cause for the lengthy delay. [4]

Defendant argues that it delayed filing the Motion for Certification to avoid a piecemeal interlocutory review. This simply does not make sense as they are now seeking an extremely delayed piecemeal review, with two other dispositive motions still pending. *Sigma Financial Corp. v. American Intern. Specialty Lines Ins. Co.*, 200 F.Supp.2d 710 (E.D. Mich. 2002) (such piecemeal appeals are strongly disfavored and "granted sparingly only in exceptional cases."). Defendant's statement that it may file future motions for certification, depending on this Court's rulings on their pending renewed motion to dismiss based on an absence of analogous state law liability and/or their motion to dismiss nine Plaintiffs for statute of limitations and/or failure to state a claim arguments, does not provide good cause for a six-month delay in seeking certification of the denial of their discretionary function exception motion. Rather, Defendant's suggestion of further potential

---

[4] Nearly three months after this Court's decision, during a March 12, 2025 status conference, this Court inquired as to whether Defendant had any intent to seek certification for interlocutory appeal. Counsel responded "It's not our intent at the time, Your Honor." (ECF No. 337, PageID 12724, Hearing Tr., p. 12 at 4-5, 03/12/2025). Defendant then delayed another three months before filing the instant motion, which they argue they filed because this Court implicitly invited it over three months earlier.

motions for certification illustrates the very definition of a piecemeal approach to appeals that is highly discouraged, as it results in delay and increases the expense of the litigation. *McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1257 (11th Cir. 2004);[5] House and Senate Judiciary Conference Report on §1292(b), 1958 U.S.C.C.A.N. 5259 ("[T]oo great freedom in taking appeals from orders of the district court prior to the final judgment, 'piecemeal appeals' as they are called, may make for delay and increase the expense of the litigation.").

The Defendant's motion is also untimely because of the posture of this case. Discovery, including expert discovery, is complete and all pretrial briefing and motions are complete. The only matter left is the bench trial. Certification for an interlocutory appeal "has been deemed inappropriate when the parties have completed discovery, are ready for trial, and where the case could be tried before the interlocutory appeal process could take place." *Local 836 of United Auto. Aerospace & Agr. Implement Workers of Am. (UAW) v. Echlin, Inc.*, 670 F. Supp. 697, 708 (E.D. Mich. 1986) (citing *Kennard v. United Parcel Service, Inc.*, 531 F. Supp. 1139

---

[5] Defendant chose this piecemeal approach by deciding to sever its renewed jurisdictional motions to file one based on DFE and another challenging the availability of an analogous state law action, where previously they had combined these arguments in one motion resulting in this Court's ruling denying both defenses on April 18, 2019. (*Burgess v. United States*, 375 F.Supp.3d 796 (2019)). Defendant also chose to seek extensions for filing dispositive motions and then waited until the last possible day to file a statute of limitations argument and allegations of failure to state a claim on October 16, 2024. (ECF No. 297, USA Motion for Summary Judgment).

(E.D. Mich. 1982)).

For this reason generally interlocutory appeals are only appropriate early in proceedings where the bulk of litigation and costs could be avoided. *Serrano v. Cintas Corp.*, 2010 WL 940164 (E.D. Mich., March 12, 2010) (denying certification where case was 4 years old, stating: "Rather than advance the litigation, "the record demonstrates that an interlocutory appeal will do just the opposite: It will unnecessarily delay the resolution of a matter that has been 10 years in the making.""); *Getz v. Boeing Co.*, 2009 WL 3765506 (N.D. Cal., June 16, 2009) (if, in contrast, an interlocutory appeal would delay resolution of the litigation it should not be certified.")

Plaintiffs have waited 11 years for their day in court and have expended a great deal of time and costs in preparing for a bench trial in this case which has been pending for eight years. Bellwether children have become adults during the pendency, memories are fading and meaningful evidence will be lost. It would be unconscionable to ask Plaintiffs to wait, still longer, for trial while Defendant seeks piecemeal review of matters, which, as set forth below, are rulings that are deeply intertwined with conflicting and disputed factual assertions and would not advance but rather delay the resolution of this matter. *Yates v. City of Cleveland*, 941 F.2d 444, 449 (6th Cir. 1991) ("A sequence of pre-trial appeals not only delays the resolution but increases the plaintiffs' costs, so that some will abandon their cases

10

even though they may be entitled to prevail…it is also important to curtail the outlay and delay of litigation, so that victims of official misconduct may receive the vindication that is their due."); *Monk v. United States*, 2025 WL 473590, *11 (D. Conn., Feb. 12, 2025) (denying certification on the FTCA private analogue issue and noting that interlocutory appeal would substantially delay the trial and prejudice the plaintiffs); *Wallace Sales & Consulting, LLC v. Tuopu North America, Limited*, 2016 WL 6875889 (E.D. Mich., Nov. 22, 2016).

**III.    This Court's Ruling is Based on Disputed Questions of Fact, and there is no Question of Law about which there is Substantial Ground for Difference of Opinion that Exists for Interlocutory Review.**

This Court held, in denying Defendant's prior Motion for Certification of Interlocutory Appeal of this Court's immunity and state analogue ruling, that certification is only proper if a ruling involves a "controlling question of law" which is a "pure question of law that a court of appeals could decide quickly without having to study the record." *Burgess v. United States*, 2019 WL 4734686, *1 (E.. Mich., Sept. 27, 2019). In previously denying Defendant's motion to certify, this Court recognized that its ruling on Defendant's prior "Motion to dismiss was too fact-intense an inquiry for interlocutory review." *Id*. *See* also, *ABO Staffing Service, Inc. v. United Health Care Ins. Co.*, 2025 WL 870127 (E.D. Mich, March 20, 2025, J. Parker) citing *Ahrenholz v. Board of Trustees of University of Illinois*, 219 F.3d 674, 677 (7th Cir. 2000) (district courts should "remember that "questions of law" means

11

an abstract legal issue rather than an issue of whether summary judgment should be granted;" as the latter "requires hunting through the record" to assess whether there is any disputed "material fact lurking there.").

In fact, Defendant characterized its Motion to Dismiss, resulting in this Court's January 28, 2025 opinion, as a factual Rule 12(b)(1) motion. Moreover, Defendant entitled its central argument as follows:

> The Court Should Conclude, Especially Based on the Additional Factual Record, That Plaintiffs Cannot Overcome the "Strong Presumption" That the Challenged Conduct Was "Susceptible to Policy Analysis."

ECF No. 262, PageID 5003; 5023-24.

In its motion to dismiss, Defendant incorporated 10 pages of factual assertions from this Court's prior rulings and presented 12 pages of additional factual allegations, together with excerpts from sixteen depositions and over twenty exhibits to support their argument that additional discovery and facts warranted granting their Motion to Dismiss based on the DFE to the FTCA. ECF No. 262, PageID 5005-07. It is the denial of this fact intensive motion and ruling that the Defendant now argues should be presented on interlocutory review to the Sixth Circuit.

Opinions such as this Court's January 28, 2025 opinion, which Defendant admits involves the application of disputed facts to the law, has been uniformly held to be an inappropriate ruling for interlocutory review. *United States ex rel. Heller v. Guardian Pharmacy of Atlanta, LLC*, 2024 WL 102211, *4 (N. Ga., Jan. 9, 2024)

("questions presenting mixed questions of law and fact are patently inappropriate for interlocutory appeal," citing *Nice v. L-3 Communications Vertex Aerospace LLC*, 885 F.3d 1308, 1313 (11th Cir. 2018)).

Simply because this case involves an immunity question does not mean that there exists a controlling question of pure law to be presented for appellate review. Defendant cannot immediately appeal a district court decision denying judgment on immunity grounds if the determination is fact-related. *Rodriguez v. City of Cleveland*, 2009 WL 1661942, *2 (N.D. Ohio, June 10, 2009) (immunity appeals "should be limited to cases presenting neat abstract issues of law."); *Turner v. Scott*, 119 F.3d 425, 428 (6th Cir. 1997) (denial of immunity "on purely legal grounds is immediately appealable" in contrast a denial "that turns on evidentiary issues is not." (internal cites omitted)); *Johnson v. Jones*, 515 U.S. 304, 317 (1995) (immunity appeals are limited to cases presenting "abstract issues of law.").

Nor does Defendant identify in its motion the pure question of law which it is asking the Sixth Circuit to decide. Rather, Defendant broadly asserts that it seeks, "interlocutory review of three jurisdictional questions that each involve controlling questions of law" and abstractly refer to immunity cases that, unlike this case, may in fact have involved controlling questions of law.

Defendant also references *Guertin*, to bolster its argument for review in this case. However, the Sixth Circuit recognized, in denying *en banc* review of the

*Guertin* case, why appellate review would not advance the litigation. *Guertin v.*

*Michigan,* 924 F.3d 309 (6th Cir. 2011).

Judge Gibbons, in concurring in the denial of *en banc* review noted:

> [A]t this stage in the proceedings, it is better to find out what
> facts will eventually be before the District Court, rather than to
> prematurely attempt to determine what law would apply to those
> hypothetical facts …. The Plaintiffs with whom every opinion
> expresses sympathy, are entitled to the full benefit of the rule's
> broad standard. That means that so long as they have pled
> plausible allegations that would constitute a constitutional
> violation they are entitled to discovery.
>
> * * *
>
> We must "let district courts do what district courts do best—
> make factual findings—and steel ourselves to respect what they
> find." *Taglieri v. Monasky*, 907 F.3d 404, 408 (6th Cir. 2018) (en
> banc).

*Id.* at 310.

Defendant also relies on *In Re Trump* 874 F.3d 948 (6th Cir. 2017). There the

question the Court certified was whether plaintiffs' complaint was sufficient to

establish a cause of action by alleging a novel legal theory against the president—

inciting a riot in one of his events by using language that resulted in his supporters

assaulting protestors. The district court certified the question based on the

"exceptional nature of the case" and its novel legal theory against a sitting president

which also involved first amendment questions of first impression. None of these

justifications exist here where this Court applied the well-settled law to the facts and

Defendant simply disagrees with the result.

14

Here, Defendant fails to identify a controlling issue of law that governs a ruling on a claim of discretionary function exception as a shield to liability and extensive factual disputes await a trial and ruling by this Court. Interlocutory appeal would be inappropriate. *See C.M. v. United States*, 2020 WL 5232560 (D. Ariz., July 6, 2020) (in which the court held that the United States failed to demonstrate a controlling issue of law that was substantially in dispute with regard to the discretionary function exception, and instead found the court merely applied the law to the facts of the case, making it inappropriate for interlocutory review).

Courts have consistently held that interlocutory review should be reserved for situations where "the Court of Appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." *McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1259 (11th Cir. 2024). This case, in which both this Court's ruling on Defendant's violation of a mandatory obligation, set forth in § 1414 of the Safe Drinking Water Act, and its ruling with regard to the Defendant's assertion of the DFE based on disputed facts and Defendant's ever changing policy argument, is clearly not appropriate for Sixth Circuit review which would require extensive delving into the record in which the facts are heavily contested.

In ruling on the Defendant's Motion to Dismiss, this Court applied the uncontested Supreme Court standard for determining if the DFE applied in FTCA

cases. *See Gaubert v. U.S..,* 499 U.S. 315, 324- 25 (1991). This Court then proceeded to analyze the expanded factual record in the context of this well settled law. The ultimate ruling of this Court which Defendant now seeks to have certified for interlocutory appeal, is strongly fact-driven. Indeed, Defendant's Motion is devoid of any articulation of the pure law questions that could be viewed as both controlling and subject to substantial grounds for difference of opinion.

This Court ruled that the discretionary function exception did not apply to Plaintiffs' claims arising under § 1414, both because the Court found, based on the additional facts and evidence submitted, that EPA failed to carry out mandatory statutory actions. This Court went on to hold that the discretion conferred on EPA is not the "kind that can be said to be grounded in the policy of the regulatory regime" as it involved professional and scientific judgments not multiple competing policy considerations." *In re FTCA Water Cases*, 2025 WL 322227, *5 (ED Mich 2025). Finally, this Court ruled the DFE inapplicable to Plaintiffs' claims arising out of the EPA's response to citizens' complaint. *Id*. In reaching its decision, this Court noted the "fact intensive nature of the discretionary function exception inquiry" and that the government premised its renewed challenge on an extensive analysis of the facts which was based on an expanded record.[6] *Id*. at *1.

---

[6] Indeed, Plaintiffs' Response Brief also relied heavily on the expanded factual record to support their argument that this Court should find a mandatory duty under Sec. 1414. ECF No. 274.

Defendant also does not present the type of conflicting authority that would warrant appellate review of this Court's ruling. Rather, Defendant asserts that "courts could reach different conclusions" as to whether the EPA had the discretion to make certain policy judgments and "reasonable jurists **may** disagree" with the Court's reasoning. ECF No. 349, Page ID 13170. This is not even close to meeting the standard of demonstrating either a novel issue of first impression, a difference of opinion in a controlling circuit or that the circuits are split on the issue. As this Court has recognized, "Sixth Circuit law establishes that substantial grounds for difference of opinion exist only when there is conflicting authority on an issue." *Pio v. General Motors Co*, 2014 WL 6945861 (E.D. Mich. Dec. 8, 2014, J. Parker); *Stockwell v. Hamilton*, 2016 WL 3438109 (E.D. Mich., June 23, 2016, J. Parker) citing *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013).

Where the parties diverge on the DFE issue is not the legal standard, but rather which evidence in the record should be applied to that legal standard. This is a question for the ultimate trier of fact and therefore not appropriate for interlocutory appeal. *Parks v. Warren Correctional Institution*, 51 Fed. Appx. 137, 141 (6th Cir. 2002) (finding where the appeal only raises issues of factual disputes concerning the district court's decision, interlocutory appeal is not appropriate).

## IV.   An Interlocutory Appeal will not Advance the Termination of the Litigation.

Defendant has not met the threshold timeliness requirement nor have they met the statutory requirements for interlocutory appeal. They have not identified a controlling issue of law, nor have they shown substantial grounds for a differenced of opinion. Finally, Defendant also has not established the third requirement – that a premature appeal would materially advance this litigation.

An interlocutory appeal would only delay not advance this litigation. Defendant argues that an interlocutory appeal is appropriate because, if the Sixth Circuit reverses this Court's decision, the litigation would end. That premise is true each and every time a trial court denies a motion to dismiss or for summary judgment and does not satisfy the statutory requirement for interlocutory review.

An interlocutory appeal is not appropriate every time a motion is denied. Instead, appeal of a non-final order is the exception to be granted sparingly and only when a substantial ground for difference of opinion exists regarding the correctness of the decision. A substantial ground for difference of opinion exists only when an issue is difficult and of first impression, a difference of opinion exists within this circuit concerning the issue or the circuits are split on the issue. *Wang v. General Motors,* 2019 WL 1950185, * 1 (E.D. Mich. 2019). Here, the discretionary function exception is not an issue of first impression and there is no split within this circuit or with other circuits as to the applicable law. Nor does the decision involve a novel

18

issue for which there is little legal precedent. To the contrary, there is a wealth of case law interpreting the well-settled discretionary function exception test. Thus, an interlocutory appeal would simply cause delay and waste judicial time and resources at this juncture when discovery is complete and the parties are ready for trial.

Moreover, the interlocutory appeal is also only proper when it occurs early in the litigation so that certification of a pure legal issue "would avoid protracted and expensive litigation. If, in contrast, an interlocutory appeal would delay resolution of the litigation, it should not be certified." *Getz v. Boeing Co.*, 2009 WL 3765506, *2 (June 16, 2009), citing *Shurance v. Planning Control Int'l*, 839 F2d 1347, 1348 (9th Cir. 1988).

A cautionary tale is *Berkovitz v. Unted States*, 486 U.S. 541 (1988) where the court's decision to permit an interlocutory appeal merely resulted in a lengthy delay in resolving the case.  In *Berkovitz,* the district court denied the motion to dismiss the plaintiff's FTCA claim in which the defendant raised the discretionary function defense. The decision was based solely on the pleadings. The court certified the issue for interlocutory appeal. After the Court of Appeals reversed the district court's decision, the case was then appealed to the Supreme Court which reversed the Court of Appeals, reinstating the original ruling from the district court.  Thus, it took an additional two years, from the date of the trial court's denial of the motion to dismiss until the Supreme Court finally upheld the district court's original ruling before

19

discovery could even commence. This is precisely why at this stage of the proceeding Defendant's delayed motion should not be granted. This case is ready for trial now and could be tried and resolved long before an interlocutory appeal is decided.

In its motion, Defendant presumes incorrectly that obtaining a ruling from the Sixth Circuit on its jurisdictional defenses would "likely facilitate settlement discussions among the parties." Plaintiffs have clearly advised Defendant that settlement discussions in this case are **not** a possibility for Plaintiffs before trial. While Plaintiffs participated in costly settlement discussions earlier in this matter, any further expense or time devoted to this track is futile absent a Bellwether trial providing a basis for discussion of damages. This is especially the case since Defendant has now taken the position that even if their jurisdictional defense fails, the Plaintiffs have not suffered any significant harm as a result of the Flint Water Crisis. Defendant now claims that the levels of lead were at too low a level (if present in the water at all), to cause any physical damage to children or any Flint resident. Further, Defendant no longer prescribes to the EPA's statement that "there is no safe level of lead."

Instead, Defendant now posits that any alleged physical, psychological or emotional harm or property damage alleged by Plaintiffs from the "so-called Flint Water Crisis" if it exists at all (which Defendant denies) was as a result of "mass

hysteria" and "fake news." Based on these factual defenses, settlement discussions would be useless until a trier of fact determines the Plaintiffs' damages.

Allowing Defendant to further delay the Flint residents from having their day in court would simply compound the tragedy of the Flint Water Crisis, cause protracted and costly delay and hinder Plaintiffs' opportunity for a trial and decision on the merits in this case.

## CONCLUSION

This request for extraordinary relief is sparingly granted only in extremely limited circumstances in which the court can resolve a pure issue of law without delving beneath the surface to determine the facts. Here, this Court rendered its decision by applying well-settled legal principles to a complex, extensive and disputed factual record. Defendant's request for certification is based only on a disagreement with this Court's analysis of the applicable law to the facts and claims set forth by the parties. Thus, an interlocutory appeal would be inappropriate and the motion should be denied.

For all reasons given and authorities cited above, Defendant's motion for certification of the Court's January 28, 2025 opinion for interlocutory review should be denied as Defendant has not met the threshold requirement of timeliness nor satisfied the requirements of 28 U.S.C § 1292(b).

Respectfully submitted,
By: *s/ Deborah LaBelle*
Deborah A. LaBelle (P31595)
LAW OFFICES OF DEBORAH A. LABELLE
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
DATED:      July 9, 2025          (734) 996-5620 deblabelle@aol.com

Cary S. McGehee (P42318)
Beth M. Rivers (P33614)
PITT McGEHEE PALMER & RIVERS, PC
117 W. Fourth Street, Suite 200
Royal Oak, MI 48067
(248) 398-9800
cmcgehee@pittlawpc.com
brivers@pittlawpc.com

Julie H. Hurwitz (P34720)
GOODMAN HURWITZ & JAMES, PC
1394 E. Jefferson Avenue
Detroit, MI 48207
(313) 567-6170
jhurwitz@goodmanhurwitz.com

*Attorneys for Plaintiffs*

By: */s/ Paul J. Napoli*
Paul J. Napoli
NAPOLI SHKOLNIK PLLC
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
(787) 493-5088
pnapoli@nsprlaw.com

*Co-Lead Counsel for the FTCA Plaintiffs*

22

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that the foregoing instrument was filed with the U.S. District Court through the ECF filing system and that all parties to the above cause was served via the ECF filing system on July 9, 2025.

*/s/Betsy L. Lewis* _____
221 N Main St., Ste 300
Ann Arbor, MI 48104
734-996-5620
betsyllewis@gmail.com

23