UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *In re* FTCA Flint Water Cases | Civil No. 4:17-cv-11218 (Consolidated) |
| This Motion Relates to: | Linda V. Parker<br>United States District Judge |
| THE FIRST BELLWETHER PROCEEDINGS | Curtis Ivy, Jr.<br>United States Magistrate Judge |

**United States of America's Reply Memorandum in Support of its
Motion for Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(b)**

The United States has met the requirements for certification of interlocutory appeal under 28 U.S.C. § 1292(b). Plaintiffs' arguments that the United States' Motion for Certification of Interlocutory Appeal ("Motion") is too "fact-intensive" and will not advance the termination of the litigation are not correct. The United States does not seek interlocutory appeal to challenge the Order's factual findings or its determination as to the sufficiency of the evidence. Rather, the United States identified discrete legal issues as to which substantial ground for differences of opinion exists, including those for which the Court itself has reached differing opinions. *E.g.*, Order, ECF No. 326 at 8, PageID.10931. This is the type of extraordinary case for which Congress enacted 28 U.S.C. § 1292(b).

## ARGUMENT

### I. The United States Seeks Review of Controlling Questions of Law, Not Fact-Based Inquiries.

The Court's January 28, 2025, Opinion and Order, ECF No. 326, involves controlling questions of law because the Court determined that the FTCA waived the United States' sovereign immunity from Plaintiffs' tort claims based on its interpretations of the Safe Drinking Water Act ("SDWA") and the FTCA's discretionary function exception. The Order turned on questions of law because, although the parties may dispute the legal significance of certain facts, they did not dispute the substance of the underlying facts. *See Hills v. Kentucky*, 457 F.3d 583, 588 (6th Cir. 2006) ("There is no dispute about the underlying facts, but rather a

question of whether, in light of those undisputed facts, [plaintiff] has demonstrated that [defendant] violated a clearly established constitutional right . . . . This is a 'neat abstract issue of law' that can properly be resolved on interlocutory appeal."). In this case, the United States is not asking that the Sixth Circuit resolve a factual dispute as to whether the Administrator or her designee found that Flint's lack of corrosion violated SDWA (they undisputably made no such finding and Plaintiffs do not contend they did), but rather, whether the acts of lower-level EPA employees satisfy Section 1414's statutory language of "Whenever the Administrator finds." *See* Mot. at 7-8, ECF No. 349, PageID.13166-67; *see also* ECF No. 262 at 37-38, PageID.5044-45.

Plaintiffs' argument that the question of sovereign immunity is not a controlling question of law is erroneous. A question of law is "controlling" if it "could materially affect the outcome of the case." *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017). Whether the United States retained its sovereign immunity from Plaintiffs' claims easily meets that standard because the answer could terminate this action. *E.g.*, *In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992) ("[T]he resolution of an issue need not necessarily terminate an action or have precedential value for a number of pending cases to be 'controlling.'") (cleaned up).

Moreover, the Sixth Circuit has already considered immunity issues related to the Flint Water Crisis raised by state and local entities and actors in *Guertin v.*

2

*Michigan* on collateral order review. 912 F.3d 907, 916 (6th Cir. 2019), *reh'g denied*, 924 F.3d 309 (6th Cir. 2019). Plaintiffs' reliance on a concurring opinion denying *en banc* review of *Guertin* misses the mark, as Judge Gibbons concluded there that the plaintiffs were entitled to discovery, not necessarily a trial. *See* Opp. at 14, ECF No. 350, PageID.13206. The Sixth Circuit did not rule that the immunity questions were improper for interlocutory appeal; rather, a Sixth Circuit panel issued an opinion on the merits. *Guertin*, 912 F.3d at 907.

Finally, Plaintiffs' criticism that the United States did not identify the legal issues for which it seeks appellate review is unfounded. *Compare* Pls. Opp. at 13, ECF No. 350, PageID.13205, *with* Mot. at 7-11, ECF No. 349, PageID.13166-70 (identifying the legal issues on which there are substantial grounds for difference of opinion).

For these reasons, the United States' controlling questions of law are appropriate, and not too fact-intensive, for Sixth Circuit interlocutory review.

II.   **Interlocutory Appeals Only Requires That Fair-Minded Jurists Might Reach Contradictory Conclusions.**

Plaintiffs overstate the standard for interlocutory appeal and cite no law to support their argument that "[t]his is not even close to meeting the standard of demonstrating either a novel issue of first impression, a difference of opinion in a controlling circuit or that the circuits are split on the issue." *See* Opp. at 17, ECF No. 350, PageID.13209. The correct legal standard articulated by the Sixth Circuit

is whether "fair-minded jurists might reach contradictory conclusions." *In re Trump*, 874 F.3d at 952; *see also id.* ("A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed.") (citation omitted).

The United States has met its burden for at least four reasons: (1) this Court reached two different conclusions as to whether Section 1414 of the SDWA conferred discretion to the EPA; (2) other courts have found that statutory language comparable to that in Section 1414 is discretionary, *see, e.g.*, Post-Discovery DFE Mot. at 37-40 (collecting cases), ECF No. 262, PageID.5044-47; (3) the Sixth Circuit has never decided a case that applies the "beyond objective reasonableness" exception that the Court applied in its discussion of the second prong of the DFE analysis; and (4) other courts have recognized that simply because an agency's response involved professional and scientific judgments does not preclude the application of the DFE, *see* Mot. at 10 (collecting cases), ECF No. 349, PageID.13169.

### III. An Interlocutory Appeal Would Advance the Termination of the Litigation Because the Issues are Dispositive.

Plaintiffs argue that "the interlocutory appeal is also only proper when it occurs early in the litigation so that certification of a pure legal issue would avoid protracted and expensive litigation." Opp. at 19 (citation omitted), ECF No. 350, PageID.13211. The obvious fallacy of Plaintiffs' argument is that they opposed the

4

United States' motion for interlocutory appeal four years ago when the United States first raised this issue. Had Plaintiffs agreed to an interlocutory appeal at that juncture—which Plaintiffs now argue was the only proper time for such an appeal—the case could have ended by now. Plaintiffs cannot have it both ways.

Plaintiffs misconstrue and mislabel the briefing of jurisdictional issues and the United States' attempt to seek appellate review as a 'piecemeal' approach chosen by the government. *See* Opp. at 8-9, ECF No. 350, PageID.13200-01. In February 2022, the parties stipulated to, and the Court ordered, filing of the motion relating to the discretionary function exception at the close of fact discovery and motions relating to subject matter jurisdiction after completion of expert discovery. *See* ECF No. 172, PageID.3510 (notably, Plaintiffs reserved their right to request that the Court defer consideration of the DFE motion if they felt expert testimony would be required to respond, *see* PageID.3514, but they did not do so). Such a briefing approach is justified by the differing standards of review governing the motions. *See* Post-Discovery DFE Mot. at 17-18, ECF No. 262, PageID.5024-25; and Post-Discovery Analogous Private Liability and Misrepresentation Exception Mot. at 10-11, ECF No. 291, PageID.6920-21. While Plaintiffs' 'piecemeal' argument does not undermine the appropriateness of certification of the discretionary function exception ruling on its own, the Court has the authority to certify the other jurisdictional issues as well if it fails to dismiss the case. A single request for

5

appellate interlocutory review is an efficient manner to obtain rulings on these dispositive questions of law. Under the Court's motions scheduling, the timing of the United States' Motion is reasonable.

## IV. The Flint Water Crisis Remains a Tragic Situation Which the United States Did Not Cause and Had No Direct Authority to Manage.

Plaintiffs' Opposition grossly misstates the United States' position by stating that "even if the[] jurisdictional defense fails, the Plaintiffs have not suffered any significant harm as a result of the Flint Water Crisis" or that "the levels of lead were at too low a level (if present in the water at all), to cause any physical damage to children or any Flint resident." *See* Opp. at 20, ECF No. 350, PageID.13212. Plaintiffs use quotation marks to suggest that the United States has argued that the Flint Water Crisis was a result of "mass hysteria" and "fake news" and allege that the United States denies that the Flint Water Crisis existed at all. *See id.* at 21. The source of these quotations is unknown, as Plaintiffs provided no citations, but they are not attributable to the United States' Motion or any other papers submitted by the United States to this Court.

Plaintiffs' inclusion of such inflammatory statements and implying that they are attributable to the United States is unjustifiable. They have no bearing on whether the United States has met the requirements of 28 U.S.C. § 1292(b), and serve as little more than unsubstantiated and improper disinformation.

6

## CONCLUSION

For the reasons set forth above, the United States requests certification of the Court's January 28, 2025, opinion and order for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), because it involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of the litigation.

Dated:    July 16, 2025    Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
JONATHAN D. GUYNN
Deputy Assistant Attorney General
J. PATRICK GLYNN
Director
ALBERT LAI
Assistant Director


/s/
Lauren Gerber (DC Bar #1672287)
Jason T. Cohen (CA Bar #214438)
Eric Rey (DC Bar #988615)
Michelle Domingue II (DC Bar # 90018744)
*Trial Attorneys*
U.S. Department of Justice, Civil Division
Environmental Tort Litigation
1100 L Street NW
Washington, DC 20005
e-mail: Lauren.Gerber@usdoj.gov
phone: (202) 616-8329

*Attorneys for Defendant*
*United States of America*

7

## CERTIFICATE OF SERVICE

I, Jason T. Cohen, hereby certify that on July 16, 2025, the foregoing United States' Reply Memorandum in Support of its Motion for Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(b) was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon all counsel of record.

*/s/ Jason T. Cohen*
JASON T. COHEN