UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* FTCA Flint Water Cases,

_____/

Case No. 17-cv-11218
(Consolidated)

This Order Relates to:

*All Cases*

Honorable Linda V. Parker

_____/

# OPINION AND ORDER DENYING UNITED STATES OF AMERICA'S MOTION TO STAY (ECF NO. 358)

This matter, which has been pending for more than eight and a half years, is before the Court on the United States of America's motion to stay in light of the lapse in appropriations, which precipitated a federal government shutdown starting on October 1, 2025. (ECF No. 358.) Plaintiffs oppose the motion. (ECF No. 359.)

In support of its motion, the United States of America (hereafter "Government") cites 31 U.S.C. § 1341, which provides in relevant part that "[a]n officer or employee of the United States Government . . . may not accept voluntary services . . . or employ personal services exceeding that authorized by law except for emergencies involving the safety of human life or the protection of property." The Sixth Circuit has noted that government attorneys whose work is not authorized on an "emergency" basis are generally not allowed to work during a

lapse in appropriations. *See United States v. Trevino*, 7 F.4th 414, 421 n.6 (6th Cir. 2021) (citing 31 U.S.C. § 3142) ("The prosecution cannot continue without expenditures. The Anti-Deficiency Act prohibits any government official from carrying out the prosecution on an unpaid, volunteer basis."). However, other Circuit Courts have denied stays based on a lapse in appropriations, reasoning that labor by government counsel "authorized by law" is permitted, such as when a federal court denies a motion to stay and orders government counsel to proceed with the prosecution or defense of the lawsuit. *See, e.g., People for the Ethical Treatment of Animals v. USDA*, 912 F.3d 641 (D.C. Cir. 2019); *Air Transp. Ass'n of Am., Inc. v. FAA*, 912 F.3d 642 (D.C. Cir. 2019).

The United States Department of Justice's "contingency plan" for the shutdown recognizes this provision. The plan instructs litigators, generally, to seek a stay "until funding is available." The plan further provides that "[i]f a court denies such a request and orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue." *Id*.

This Court, like all federal courts, has an obligation to carry out its Article III constitutional functions (i.e., resolving cases in which there is a constitutional or statutory grant of jurisdiction). In most circumstances, the Court cannot carry out its constitutional duties with only one side's participation. For the reasons

discussed above, the Court sees no reason why the lapse in appropriations should preclude the Government's participation in this matter.

Accordingly,

**IT IS ORDERED** that the Government's motion to stay (ECF No. 358) is **DENIED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: October 20, 2025