UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* FTCA Flint Water Cases,

Case No. 17-cv-11218
_____/          (Consolidated)

This Order Relates to:

*All Cases*                                    Honorable Linda V. Parker


_____/


## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART UNITED STATES OF AMERICA'S MOTION FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b) (ECF NO. 349)

In this lawsuit, filed under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, Plaintiffs seek to hold the United States of America (hereafter "Government") liable for the alleged negligence of Government officials and employees in connection with what is now infamously known as the Flint Water Crisis.  On January 28, 2025, this Court issued an opinion and order denying, for a second time, the Government's motion to dismiss for lack of subject-matter jurisdiction pursuant to the FTCA's discretionary function exception.  (ECF No. 326; *see also* ECF No. 76.)  On September 22, 2025, the Court denied the Government's motion to dismiss for lack of subject matter jurisdiction pursuant to the FTCA's analogous private liability requirement and misrepresentation exception.  (ECF No. 357.)  While the latter motion was pending, the Government

moved for leave to file an interlocutory appeal of the Court's January 28 decision and preemptively sought leave to appeal a decision on the latter motion, if it was denied.[1] (ECF No. 349.)

28 U.S.C. § 1292(b) authorizes a district court to certify an order for interlocutory appeal if three conditions are satisfied: "[1] the order involves a controlling question of law to which there is [2] substantial ground for difference of opinion and [3] an immediate appeal may materially advance the termination of the litigation." *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017) (quoting 28 U.S.C. § 1292(b)) (ellipsis and emphasis removed). The party seeking certification bears the burden of showing that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

---

[1] Even if the Government's request for interlocutory appeal was untimely, and even if a separate motion should have been filed after the Court issued its September 22, 2025 decision, a district court may certify an order sua sponte. *See T.P. ex rel. S.P. v. Walt Disney Parks & Resorts U.S., Inc.*, 445 F. Supp. 3d 665, 668 (C.D. Cal. 2020) (citing Fed. R. App. P. 5(a)); *BOKF, N.A. v. Caesars Ent. Corp.*, 144 F. Supp. 3d 459, 476 n.88 (S.D.N.Y. 2015) (citing appellate court decisions accepting interlocutory appeal certified by the district court sua sponte); *Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 140 (E.D.N.Y. 2015) (citation omitted); *Garrelts v. SmithKline Beecham Corp.*, 943 F. Supp. 1023, 1070 n. 28 (N.D. Iowa 1996); *see also Coal. for Health Concern v. LWD, Inc.*, 60 F.3d 1188, 1190 (6th Cir. 1995) (noting that the district court had certified its decision for interlocutory appeal sua sponte).

The Government has met its burden with respect to the Court's decisions addressing the FTCA's discretionary function exemption and analogous private liability requirement. The Sixth Circuit Court of Appeals' immediate review of these issues is appropriate under 28 U.S.C. § 1292(b). However, the Court does not find the second requirement satisfied with respect to the question of whether the misrepresentation exception applies here.

Whether the record supports a claim for liability under the Good Samaritan doctrine and thereby satisfies the analogous private-liability requirement involves a controlling question of law. As does the question of whether EPA's response to the Flint Water Crisis reflected discretionary decisions or a failure to follow clear mandatory regulations or policies. As to the latter issue, even if "there was room for judgment or choice," *Kohl v. United States*, 699 F.3d 935, 940 (6th Cir. 2012), there is the issue of "whether the conduct is 'of the kind that the discretionary function exception was designed to shield[,]'" *Rosebush v. United States*, 119 F.3d 438, 441 (6th Cir. 1997) (quoting *United States v. Gaubert*, 499 U.S. 315, 322-23 (1991)).

The posture of the case has changed dramatically since the Court denied the Government's request to seek interlocutory appeal of its first motion to dismiss for lack of subject matter jurisdiction. (*See* ECF No. 87.) Extensive discovery has

3

been completed.  This Court's more recent decisions resolved controlling questions of law based on a developed record and undisputed facts.

"[R]easonable jurists might disagree" on the resolution of these issues.  *In re Trump*, 874 F.3d at 952 (quotation marks and citation omitted).  The questions are "difficult" and "novel," and ones for "which there is little precedent" in an analogous context.  *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013).  These questions are controlling because they could materially affect the outcome of the case.  *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002) (citations omitted).

Further, an interlocutory appeal may materially advance the ultimate termination of the litigation.  If the Sixth Circuit affirms this Court's decisions, this may advance the ultimate termination of the litigation by encouraging the Government to engage in meaningful mediation discussions.  On the other hand, if the Sixth Circuit reaches a different conclusion than this Court with respect to any of the issues identified above, the litigation proceeds no further here.

Either outcome will significantly shorten the time, expense, and effort expended between the filing of the lawsuit and its termination.  Undoubtedly, the latter scenario will disappoint Plaintiffs and their counsel.  However, a reversal likely would be far more upsetting after expending even more time and expense, and the continued emotional toll of awaiting relief for the harm suffered during the

Flint Water Crisis.  Any verdict in favor of Plaintiffs would be rendered meaningless, revoking any long-awaited amends.

The Court therefore finds interlocutory review warranted.  The Government did not request a stay in its motion, and the Court will not issue one.  As § 1292 provides, application for interlocutory review "shall not stay proceedings in the district court" absent a contrary order.  28 U.S.C. § 1292(b).  This Court declines to enter a contrary order because the relevant considerations do not favor a stay.  *See SEIU Local 1 v. Husted*, 698 F.3d 341, 343 (6th Cir. 2012) (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).

For the reasons this Court has provided on two occasions—at the motion to dismiss and summary judgment stage—it does not find the Government likely to prevail on the merits of the appeal.  The Government will not be irreparably harmed absent a stay.  Plaintiffs, on the other hand, will suffer irreparable harm as memories continue to fade and at least one plaintiff already has passed as these proceedings have progressed through the years.  The public's interest in justice and the timely resolution of claims weigh in favor of allowing the litigation to move forward.  Moreover, the Court has cleared its calendar for a Bellwether trial in this matter on October 6, 2026.

Accordingly,

**IT IS ORDERED** that the Government's motion for leave to appeal (ECF No. 349) is **GRANTED IN PART AND DENIED IN PART** in that interlocutory appeal pursuant to 28 U.S.C. § 1292 is warranted only as to this Court's January 28, 2025 ruling regarding the FTCA's discretionary function exception (ECF No. 326) and its September 22, 2025 ruling concerning the FTCA's private-liability requirement (ECF No. 357).  The Court is denying the Government's request to also certify the question of whether the misrepresentation exception applies here.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 31, 2026

6