UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* FTCA Flint Water Cases,

Case No. 17-cv-11218
(Consolidated)
Honorable Linda V. Parker

________________________________/

**OPINION AND ORDER**

In this lawsuit, brought under the Federal Tort Claims Act ("FTCA"), Plaintiffs allege that the United States Environmental Protection Agency ("Government") responded negligently to the "Flint Water Crisis." The matter is presently before the Court on Plaintiffs' Motion for Substitution of Expert for Good Cause Pursuant to Federal Rule of Civil Procedure 16(b), to which the Government responded. (ECF Nos. 371, 374.) It also is before the Court on the Government's Motion for Leave to Take the Deposition of Dr. John Meyers, which is fully briefed. (ECF Nos. 377, 379, 380.) At a status conference on the record on August 5, 2026, the Court asked counsel for the parties questions relative to these motions and is now prepared to issue its ruling.

**Substitution of Expert**

In their motion, Plaintiffs seek to substitute pediatric neuropsychology expert Nancy Parsons, Ph.D., who examined minor Bellwether Plaintiff J.M., with Mira Jourdan, Ph.D. The substitution is necessary because Dr. Parsons has been

diagnosed with Alzheimer's disease and is no longer working. The Government does not oppose the substitution but wants to preclude Dr. Jourdan from conducting her own independent medical examination of J.M. and offering opinions that exceed the scope of or differ from those offered by Dr. Parsons.

A "good cause" standard applies here. There is no dispute that Plaintiffs have shown good cause. Thus, the Court grants Plaintiffs' request to substitute Dr. Jourdan for Dr. Parsons. However, the Court recognizes the prejudice to the Government if Dr. Jourdan is allowed to conduct a new IME of J.M. and provide an opinion exceeding the scope and conclusions of Dr. Parson's opinion. Thus, Dr. Jourdan shall not be permitted to conduct a new IME and her testimony shall be limited in scope to the subject matter and opinions in Dr. Parson's report. *See Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 784 (6th Cir. 2003) (finding this to be a "sensible compromise" which allowed the party to replace its expert without unfairly surprising the opposing party with unexpected new opinions).

**Deposing Dr. Meyers**

In Spring 2024, Plaintiffs identified John E. Meyers, Psy.D., as a rebuttal expert under Federal Rule of Civil Procedure 26(a)(2)(C). (ECF No. 300-4.) Rule 26(a)(2)(C) witnesses need not provide a written report. *See* Fed. R. Civ. P. 26(a)(2)(C). The Government thereafter moved to exclude Dr. Meyers' testimony,

contending that he, in fact, should have been designated as witness under Rule 26(a)(2)(B) and, therefore, should have furnished a written report. *See* Fed. R. Civ. P. 26(a)(2)(B). The Court issued a decision on the motion on December 1, 2025. (ECF No. 364.)

In that decision, the Court agreed with the Government that Dr. Meyers should have provided a written report. The Court indicated:

> If the Government still demands a report from [Dr. Meyers] . . ., it shall inform Plaintiffs' counsel and Plaintiffs shall produce a report within thirty days of the request. If the Government finds it necessary to re-depose [Dr. Meyers] after obtaining [his] Rule 26(a)(2)(B) report, it shall confer with Plaintiffs' counsel, explaining why the deposition is needed. If Plaintiffs do not agree, the Government may seek leave of the Court to depose the witness[], explaining why further questioning is needed.

(*Id.* at 13497.) The Government, in fact, did demand a report on December 3, 2025, the report was produced on January 8, 2026, and the Government requested to depose Dr. Meyers in an email to Plaintiffs' counsel on May 7, 2026.

Plaintiffs maintain that a deposition is unnecessary because Dr. Meyers' report contains nothing different than what was set forth in their Rule 26(a)(2)(C) initial disclosures. The Government claims they are not the same. The Government therefore filed a motion asking the Court to order Dr. Meyers' deposition. (ECF No. 377.)

Under Federal Rule of Civil Procedure 30(a)(2)(A)(ii), a party may not depose a witness already deposed without leave of court. Courts are granted

considerable discretion to decide whether it would be fair and equitable under all relevant circumstances to permit a second deposition. *See MLO Properties, LLC v. City of Cleveland*, No. 1:19cv1226, 2020 WL 6818753, at *6 (N.D. Ohio June 19, 2020) (citations omitted). Some courts require a showing of good cause to re-depose a witness. *See, e.g., Presidio Components, Inc. v. Am. Tech. Ceramics Corp*., No. 08cv335, 2009 WL 861733, at *4 (S.D. Cal. Mar. 25, 2009); *Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 690 (D. Kan. 1996).

Other courts do not find a good cause standard embedded in the rule. *See, e.g., Blackwell v. City & Cnty. of San Francisco*, No. C-07-4629, 2010 WL 2608330, at *1 (N.D. Cal. June 25, 2010). Some courts deny a motion for a second deposition based on the factors set forth in Federal Rule of Civil Procedure 26(b)(2). *See, e.g., MLO Properties*, 2020 WL 6818753, at *6 (quotation marks and citation omitted); *see also Graves v. Shelby Cnty. Bd. of Educ.*, No. 2015 WL 13116991, at *2-3 (W.D. Tenn. Sept. 11, 2015). Rule 26 requires a court to limit discovery when:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. 26(b)(2)(C). The district court in *MLO Properties* asked, in part, does "the burden of a second deposition outweigh its potential benefit." 2020 WL 6818753, at *6.

Whichever standard or factors this Court considers, it declines the Government's request to depose Dr. Meyers again. Contrary to the Government's assertion, there are no material distinctions between the initial disclosures and the report. Therefore, the Government already had a full and fair opportunity to explore Dr. Meyers' opinions during his previous deposition.

Take the examples noted by the Government during the status conference on August 5, 2026. The Government pointed the Court to Section II.d.i of Dr. Meyers' report, which states:

> Dr. Huffman made several errors regarding the features of MNB and incorrect claims regarding the MNB as it relates to her review, response, and opinion related to Dr. Geoffrey Kanter's Neuropsychological Report and Evaluation of Plaintiff SJ, including but not limited to:
>
> i. Failure to utilize the most recent and updated data sets of the MNB. Not understanding that MNB is updated monthly, and that, as a result, as additional data sets are added and updated, the individual numbers generated by the MNB may change when the user's software is updated.

(ECF No. 377-6 at PageID.13867.) Here is what the initial disclosures said regarding Dr. Meyers' anticipated testimony:

> Dr. Huffman made several errors regarding the features of MNB and incorrect claims regarding the MNB as it relates to reviewing and

responding to Dr. Geoffrey Kanter's Neuropsychological Report and Evaluation of Plaintiff SJ, including but not limited to:

a. Not understanding that MNB is updated monthly, and that, as a result, as additional data sets are added and updated, the individual numbers generated by the MNB may change when the user's software is updated.

(ECF No. 377-3 at PageID.13857.) The Government is correct that the first uses the word "failure" when the second does not. However, the same opinion was stressed—that is, Dr. Huffman did not appreciate the significance of the fact that the MNB is updated monthly and these updates impact results.

The Government also points to Dr. Meyers' statement in the report that Dr. Geoffrey Kanter "had proper training and understanding of the MNB and his utilization of the data supports his opinions with regard to Plaintiff SJ." (*See* ECF No. 377-6 at PageID.13869.) While the initial disclosures perhaps did not contain a statement regarding Dr. Meyers' opinions as to Dr. Kanter's training and understanding of the MNB, those views are implicit in Dr. Meyers' opinion that Dr. Kanter's evaluation, as opposed to Dr. Huffman's, is more accurate. The Government certainly had the opportunity to explore Dr. Kanter's training and understanding of the MNB, as he is an expert who prepared a report and was deposed. (*See, e.g.*, ECF No. 319-16.)

In short, the Court is denying the Government's motion to depose Dr. Meyers a second time.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion to substitute expert (ECF No. 371) is **GRANTED** on the condition that Dr. Jourdan will not be permitted to conduct a new IME and her testimony shall be limited in scope to the subject matter and opinions in Dr. Parson's report.

**IT IS FURTHER ORDERED** that the Government's motion to depose Dr. Meyers (ECF No. 377) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 4, 2026